JS 44 (Rev. 04/21)        **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Tri State Organization Inc.
Joseph Lentine

**DEFENDANTS**
Konza LLC, Richard Boydston, Hamilton County Land Reutilization Corp, City of Cincinnati, Jan Michele Kearney,

**(b)** County of Residence of First Listed Plaintiff   Hamilton
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Hamilton
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
James L. Nieberding, Esq.
810 Sycamore St , Cinti, OH 45202
513-241-2226

Attorneys *(If Known)*
Emily Smart Woerner Cincinnati City Solicitor
Cynthia Fischer Hamilton County Land Reutilization Corp

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*       and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |    Product Liability | |    28 USC 157 |    3729(a)) |
| ☐ 140 Negotiable Instrument |    Liability | ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |    Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
|    & Enforcement of Judgment |    Slander |    Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |    Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |    Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
|    Student Loans | ☐ 340 Marine |    Injury Product | |    New Drug Application | ☐ 470 Racketeer Influenced and |
|    (Excludes Veterans) | ☐ 345 Marine Product |    Liability | | ☐ 840 Trademark |    Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |    Liability | **PERSONAL PROPERTY** | | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** |    Act of 2016 |    (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract |    Product Liability | ☐ 380 Other Personal |    Act | **SOCIAL SECURITY** |    Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal |    Property Damage | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise |    Injury | ☐ 385 Property Damage |    Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - |    Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) |    Exchange |
| |    Medical Malpractice | | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |    Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate |    Income Security Act | ☐ 870 Taxes (U.S. Plaintiff |    Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ |    Sentence | |    or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability |    Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** |    26 USC 7609 |    Act/Review or Appeal of |
| |    Employment | **Other:** | ☐ 462 Naturalization Application | |    Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| |    Other | ☐ 550 Civil Rights |    Actions | |    State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983
Brief description of cause:
Civil rights violations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**   $384,000 + Punitive
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 11/22/23     SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TRI-STATE ORGANIZATION INC. | : | Case No. |
| 673 Delhi Ave | : | |
| Cincinnati, Ohio 45205 | : | |
| | : | |
| and | : | COMPLAINT |
| | : | (With Jury Demand Endorsed Hereon) |
| JOSEPH LENTINE | : | |
| 673 Delhi Ave | : | |
| Cincinnati, Ohio 45205 | : | |
| | : | |
| Plaintiffs | : | |
| vs. | : | |
| | : | |
| KONZA LLC | : | |
| c/o Richard Boydston, Member | : | |
| 312 Walnut St, Ste 2450 | : | |
| Cincinnati, Ohio 45202 | : | |
| | : | |
| and | : | |
| | : | |
| RICHARD BOYDSTON | : | |
| c/o Dentons Bingham Greenbaum LLP | : | |
| 312 Walnut St, Ste 2450 | : | |
| Cincinnati, Ohio 45202 | : | |
| | : | |
| and | : | |
| | : | |
| HAMILTON COUNTY LAND | : | |
| REUTILIZATION CORPORATION | : | |
| 3 East Fourth St, Ste 300 | : | |
| Cincinnati, Ohio 45202 | : | |
| | : | |
| and | : | |
| | : | |
| CITY OF CINCINNATI | : | |
| 801 Plum St | : | |
| Cincinnati, Ohio 45202 | : | |
| | : | |
| and | : | |

1

JAN MICHELE LEMON KEARNEY           :
c/o City of Cincinnati              :
810 Plum St                         :
Cincinnati, Ohio 45202              :
                                    :
and                                 :
VICTORIA PARKS                      :
c/o City of Cincinnati              :
810 Plum St                         :
Cincinnati, Ohio 45202              :
                                    :
and                                 :
SOCIETY of ST. VINCENT DePAUL       :
DISTRICT COUNCIL of CINCINNATI      :
1425 Bank St                        :
Cincinnati, Ohio 45214              :
                                    :
and                                 :
DION LOCKETT                        :
c/o Society of St. Vincent DePaul   :
1425 Bank St                        :
Cincinnati, Ohio 45214              :
                                    :
                    Defendants      :

JURISDICTION and VENUE

1.      Plaintiffs assert claims against Defendant Konza LLC, Defendant City of Cincinnati,

Defendant Jan Michele Lemon Kearney, Defendant Victoria Parks, and Defendant Hamilton

County Land Reutilization Corporation who, under color of statute, ordinance, regulation, custom,

or usage of the State of Ohio, have subjected Plaintiffs, being citizens of the United States, to

deprivation of rights, privileges or immunities, secured by the Contracts Clause of United State

Constitution, in violation of 42 U.S.C. §1983.

2.      In addition, Plaintiffs advance claims non-federal claims against Defendant Konza LLC,

Defendant Richard Boydston, Defendant City of Cincinnati, Defendant Jan Michele Lemon

Kearney, Defendant Victoria Parks, and Defendant Hamilton County Land Reutilization

2

Corporation, Defendant Society of St. Vincent De Paul, and Defendant Dion Crockett, which claims are linked to the claims based on federal law, and which are so related to the claims within the action, and within the original jurisdiction of the Court, that they form a part of the same case or controversy, whereby the Court may exercise Supplemental Jurisdiction over the state-law claims, pursuant to 28 U.S.C. §1367.

3.      As provided in 28 U.S.C. §1391(a)(2), Venue is proper in this district. All defendants reside in this district; and all acts or omissions giving rise to Plaintiffs' claims occurred within this district. STATEMENT OF FACTS.

4.      Plaintiff Tri-State Organization Inc., hereafter referred to as Plaintiff Tri-State, is a Connecticut corporation, duly licensed as foreign corporation in State of Ohio, and doing business in Hamilton County, State of Ohio.

5.      Plaintiff Joseph Lentine, hereafter referred to as Plaintiff Lentine, is a natural person, domiciled in Hamilton County, State of Ohio.

6.      Defendant Konza LLC, hereafter referred to as Defendant Konza, is an Ohio limited liability company, doing business in Hamilton County, State of Ohio.

7.      Defendant Richard Boydston, hereafter referred to as Defendant Boydston, is a natural person, and member of Defendant Konza LLC.

8.      Defendant Hamilton County Land Reutilization Corporation, hereafter referred to as Defendant HCLRC, is an Ohio corporation, organized under Ohio Revised Code  §1724, to act on behalf of, and cooperate with Hamilton County in the exercise of powers and performance of the duty of the county with respect to land reutilization under Ohio Revised Code §5721.

9.      Defendant City of Cincinnati is a political subdivision, situate in Hamilton County, State of Ohio, organized and existing under Ohio law.

3

10.    Defendant Jan Michele Lemon Kearney, hereafter referred to as Defendant Kearney,  is a natural person, employee and member of council of the City of Cincinnati.

11.    Defendant Victoria Parks, hereafter referred to as Defendant Parks, is a natural person, employee and member of council of the City of Cincinnati.

12.    Defendant Society of St. Vincent De Paul, District Council of Cincinnati, hereafter referred to as Defendant St. Vincent De Paul, is an Ohio corporation not-for-profit, having its principal place of business in Hamilton County, State of Ohio.

13.    Defendant Dion Lockett, hereafter referred to as Defendant Lockett, is a natural person, and employee of Society of St. Vincent De Paul, District Council of Cincinnati.

14.    Defendant City of Cincinnati commenced action in Hamilton County Common Pleas Court, Case No. A 19 05588, *City of Cincinnati, Plaintiff vs. John Klosterman et al Defendants,* hereafter referred to as *the Klosterman Litigation*, to foreclose judgment liens in favor of City of Cincinnati, for collection of fines and fees for abatement of public nuisance properties titled to Klosterman and related entities.

15.    Defendant City of Cincinnati sought enforcement of judgment liens against Fifty-Nine (59) properties situate in Cincinnati, Hamilton County, held in the names John Klosterman, Sedamsville Heritage Properties LLC, Boldface Properties LLC, Virginia Williamsburg LLC, Sedamsville Historical Society, Worldwide Mobile Latrine Inc., hereafter referred to as *the Receivership Properties*.

16.    On February 14, 2020, upon application of City of Cincinnati, Plaintiff in *the Klosterman Litigation*, Defendant Konza was appointed as Receiver, by Hamilton County Court of Common Pleas, pursuant to ORC §2735.01.  A copy of the February 14, 2020 Order of Appointment of Receiver is attached as Exhibit 1.

4

17.     Defendant Konza, in capacity as Receiver, took possession, custody and control of *the Receivership Properties*, with authority to manage, maintain, preserve, lease and rent the *Receivership Properties*, to employ such attorneys, managers, agents, and persons as its judgment deemed advisable or necessary for performance of the duties of the Receiver; and to retain contractors and other persons and entities to make repairs and maintain the *Receivership Properties*.

18.     Pursuant to exercise of the authority conferred in the February 14, 2020 Order of Appointment, Defendant Konza, by Defendant Boydston, its Manager, contracted with Plaintiff Tri-State to provide services to the Receiver for management of *the Receivership Properties*, including without limitation, to collect rents, to respond and remedy tenant complaints, to maintain, repair, restore and put units in shape to be rented, on time and materials basis.

19.     At the express direction of Defendant Konza / Receiver, Plaintiff Tri-State began providing services for management of the *Receivership Properties* on or about February 14, 2020.

20.     Plaintiff Tri-State continuously provided services at the express direction and for the benefit of Defendant Konza, until January 20, 2023.

21.     During the period February 2020 through January 2023, Plaintiff Tri-State submitted to Defendant Konza and Defendant Boydston, monthly reports of the operation and administration of the *Receivership Properties*, including summaries of rent collections, costs and expenses incurred for maintenance, repair and restoration of rental units, on a time and material basis.

22.     Defendant Konza, in turn, incorporated Plaintiff Tri-State reports into Reports of Receiver, which were submitted to the Common Pleas Court, in *The Klosterman Litigation*.

23.     For the period February 14, 2020 through January 2023, Defendant Konza administered the *Receivership Properties* at cumulative deficit, as rents collected by Plaintiff Tri-State were not

sufficient to cover costs and expenses incurred by it for maintenance, repair and restoration of *Receivership Properties*.

24.     On January 1, 2023, the cumulative operating deficit of the *Receivership Properties* was $148,181, representing costs and expenses incurred by Plaintiff Tri-State for operation of the *Receivership Properties*, on a time and material basis, plus additional sum of $21,135 as commission on rentals.

25.     Pursuant to exercise of the authority conferred in the February 14, 2020 Order of Appointment, Defendant Konza, by Defendant Boydston, its Manager, contracted with Plaintiff Lentine to provide services to the Receiver as construction manager, in connection with maintenance, repair and restoration of *the Receivership Properties*.

26.     At the express direction of Defendant Konza / Receiver, Plaintiff Lentine, began providing services for benefit of the *Receivership Properties* on or about February 14, 2020.

27.     Plaintiff Lentine continuously provided services at the direction of, and for the benefit of Defendant Konza, until January 20, 2023.

28.     On September 26, 2022, Defendant Konza, Receiver, submitted Motion to Approve Sale of the *Receivership Properties* to City of Cincinnati, Plaintiff in *the Klosterman Litigation*. Motion to Approve Sale was granted on October 19, 2022.

29.     On or about October 19, 2022, Defendant HCLRC was substituted as Party-Plaintiff in *the Klosterman Litigation*. A copy of the Order of Substitution is attached as Exhibit 2.

30.     On December 5, 2022, Defendant Konza, Receiver, submitted Motion For Approval of Fees and Expenses of Tri-State Organization Inc. and Order Directing Payment. A copy of the Receiver's Application is attached as Exhibit 3.

31.     Defendant Konza thereafter refused to pursue December 5, 2022 Motion For Approval of Fees and Expenses Due to Plaintiff Tri-State.  To the date of this complaint, no decision was entered on the Motion by Hamilton County Common Pleas Court.

32.     On or about January 11, 2023, Defendant City of Cincinnati, Defendant Kearney, Defendant Parks, Defendant HCLRC, Defendant St. Vincent De Paul, Defendant Crockett, in concert, contacted Defendant Konza, with intent and purpose to interfere and undermine Plaintiffs' contracts with Receiver, for operation and administration of the *Receivership Properties,* to induce Defendant Konza to terminate the Plaintiffs' contracts.

33.     As direct result of Defendants' intentional and wrongful interference with Plaintiffs' contracts with Receiver, on or about January 20, 2023, Defendant Konza terminated contracts with Plaintiff Tri-State and Plaintiff Lentine, and thereafter denied payment of sums due to Plaintiffs, for services, costs and expenses incurred in management of *the Receivership Properties*.

34.     On March 2, 2023, Plaintiff Lentine filed Motion and Demand For Payment, on behalf of Plaintiff Lentine and Plaintiff Tri-State, demanding payment of sums due and owing from Defendant Konza, as Receiver, for services, costs and expenses incurred in management of *the Receivership Properties*. A copy of the Motion is attached as Exhibit 4.

35.     On March 16, 2023, Hamilton County Common Pleas Magistrate issued Order Denying Plaintiffs Motion and Demand For Payment without conducting hearing. A copy of the Order is attached as Exhibit 5.

36.     On March 2, 2023, Plaintiff Lentine filed Motion For Leave To Bring Collateral Action Against Receiver (Defendant Konza), on behalf of Plaintiff Lentine and Plaintiff Tri State.  A copy of the March 2, 2023 Motion is attached as Exhibit 6.

37.     On March 16, 2023, Hamilton County Common Pleas Magistrate issued Order Denying Plaintiffs Motion For Leave to Bring Collateral Action Against Receiver without conducting hearing.  A copy of the Order is attached as Exhibit 7.

38.     On March 14, 2023, Plaintiff Lentine filed Motion to Intervene in the *Klosterman Litigation*, on behalf of Plaintiff Lentine and Plaintiff Tri-State. A copy of the Motion is attached as Exhibit 8.

39.     On March 23, 2023 Plaintiff Lentine filed second Motion to Intervene in the *Klosterman Litigation*, on behalf of Plaintiff Lentine and Plaintiff Tri-State.  A copy of Motion is attached as Exhibit 9.

40.     On May 1, 2023, Plaintiffs filed Application For Payment of Costs and Expenses of Tri-State Organizations Inc. and Lentine.  A copy of the Application is attached as Exhibit 10. No decision was entered by Hamilton County Court of Common Pleas.

41.     On May 1, 2023, Receiver Konza proceeded to closing final settlement of sale of the *Receivership Properties* to Substitute Plaintiff Hamilton County Land Reutilization Corp, for the sum of $1,474,017.

42.     Defendant Konza, Receiver and Defendant Boydston, as attorney for Receiver, received distribution of $499,717 from the proceeds of sale of the *Receivership Properties*.  No provision was made for payment of any part of balance due to Plaintiff Tri-State or Plaintiff Lentine, for services provided at the direction of the Receiver, in connection with administration and operation of the *Receivership Properties* for the period February 2020 through January 2023.

43.     On June 20, 2023,  Plaintiff Tri-State and Plaintiff Lentine filed Amended Motion To Intervene in the *Klosterman Litigation*.  A copy of the Amended Motion to  Intervene is attached as Exhibit 11.

8

44.     On July 27, 2023, Hamilton County Common Pleas Magistrate issued Order Denying Motion to Intervene.  A copy of the July 27, 2023 Order is attached as Exhibit 12.

45.     On September 8, 2023, Receiver / Defendant Konza filed Motion For Approval of Fees and Order Terminating Receivership.  A copy of the September 8, 2023 Motion is attached as Exhibit 13. The September 8, 2023 motion is silent as to distribution of any sums due and owing to Plaintiff Tri-State or Plaintiff Lentine.

46.     On September 22, 2023, Plaintiff Lentine and Plaintiff Tri-State filed Motion For Leave of Court to Assert Claims Against Receiver in the *Klosterman Litigation*.  A copy of the September 27, 2023 Motion is attached as Exhibit 14.  No decision has been entered on the Motion.

FIRST CLAIM:        42 U.S.C. §1983.

DEPRIVATION OF FEDERAL CIVIL RIGHTS OF PLAINTIFF TRI-STATE ORGANIZATION.
(Defendant Konza LLC)

47.     Plaintiff Tri-State incorporates the preceding allegations of the Complaint by reference, as if fully rewritten.

48.     Pursuant to ORC §2735 and Order of Appointment of Receiver, Defendant Konza is acting under color of statute, ordinance, regulation,  custom, or usage of the State of Ohio.

49.     Beginning February 2020 and continuing until January 20, 2023, in furtherance of the contract, Plaintiff Tri-State performed the described services in connection with management of the *Receivership Properties*, providing labor, materials, at the express direction of Defendant Konza LLC, for the benefit of the receivership estate.

50.     Defendant Konza terminated the contract with Plaintiff Tri-State on or about January 20, 2023.

9

51.     Defendant Konza has refused to make payment to Plaintiff Tri-State for services, labor and materials provided at the direction of, and for the benefit of the Defendant Konza, and work completed in furtherance of the contract, as required by ORC §2735.04.

52.     Defendant Konza has affirmatively and actively opposed Plaintiffs efforts to intervene in the *Klosterman Litigation*, and Plaintiffs efforts seeking leave to pursue claims by independent action.

53.     Defendant Konza exceeded the authority of the appointing court and O.R.C. §2735.01 et seq, for its failure to faithfully discharge its duties, and for intentional and malicious actions in administration of the receivership estate, including without limitation, refusal to compensate Plaintiff Tri-State for services provided to the Receiver for management of *the Receivership Properties*.

54.     Defendant Konza intentional conduct as Receiver, under color of law, evidences reckless indifference to the constitutional rights of Plaintiff Tri-State.

55.     Defendant Konza conduct has deprived Plaintiff Tri-State of rights, privileges secured by the Constitution or laws of the United States.

56.     As consequence of the actions of Defendant Konza, Plaintiff Tri-State is without state-law remedy, in theory or practice, to seek legal redress against Defendant Konza for deprivation of its rights under the Constitution.

57.     Defendant Konza repudiation of its obligations to Plaintiff Tri-State, has effect of extinguishing Defendant's duty to pay damages.

58.     As direct and proximate consequence of Defendant Konza conduct, Plaintiff Tri-State has sustained damages in excess of $174,000.

WHEREFORE, on this First Claim, Plaintiff Tri-State Organization Inc. respectfully prays for judgment against Defendant Konza, for award of compensatory damages in the amount of $174,000, plus such award of damages as established at trial, to compensate Plaintiff for its loss of profit and loss of business opportunities, for award of punitive damages of $500,000, for Defendant's willful and intentional actions, for award of prejudgment interest, for the costs of the action, for its reasonable attorney fees, and for such other relief as the Court may deem appropriate.

SECOND CLAIM:    42 U.S.C. §1983.

DEPRIVATION OF FEDERAL CIVIL RIGHTS OF PLAINTIFF JOSEPH LENTINE.
(Defendant Konza LLC)

59.    Plaintiff Joseph Lentine incorporates the preceding allegations of the Complaint by reference, as if fully rewritten.

60.    Pursuant to ORC §2735 and Order of Appointment of Receiver, Defendant Konza is acting under color of statute, ordinance, regulation, custom, or usage of the State of Ohio.

61.    Plaintiff Lentine and Defendant Konza, by and through its Member, Defendant Boydston entered into a contract agreement, whereby Plaintiff Lentine provided services to the Receiver as construction manager of *the Receivership Properties,* for which services Plaintiff reasonably expected compensation.

62.    Beginning February, 2020 and continuing until January 20, 2023, in furtherance of the contract, Plaintiff Lentine performed the described services in connection with management of the *Receivership Properties*, providing labor, materials, services at the express direction of Defendant Konza, for the benefit of the receivership estate.

63.    Defendant Konza terminated the contract with Plaintiff Lentine on or about January 20, 2023.

11

64.     Defendant Konza has refused to make payment to Plaintiff Lentine for services, labor and materials provided at the direction of, and for the benefit of the Defendant Konza, and work completed in furtherance of the contract, as required by ORC §2735.04.

65.     Defendant Konza has affirmatively and actively opposed Plaintiff Lentine's repeated efforts to intervene in the *Klosterman Litigation*, and repeated efforts requesting leave to pursue claims by independent action.

66.     Defendant Konza exceeded the authority of the appointing court and O.R.C. §2735.01 et seq, for its failure to faithfully discharge its duties, and for intentional and malicious actions in administration of the receivership estate, including without limitation, refusal to compensate Plaintiff Lentine for services provided to the Receiver for construction management of *the Receivership Properties*.

67.     Defendant Konza intentional conduct as Receiver, under color of law, evidences reckless indifference to the constitutional rights of Plaintiff Lentine.

68.     Defendant Konza conduct has deprived Plaintiff Lentine of rights, privileges secured by the Constitution or laws of the United States.

69.     As consequence of the actions of Defendant Konza, Plaintiff Lentine is without state-law remedy, in theory or practice, to seek legal redress against Defendant Konza for deprivation of its rights under the Constitution.

70.     Defendant Konza repudiation of its obligations to Plaintiff Lentine has effect of extinguishing Defendant's duty to pay damages.

71.     As direct and proximate consequence of Defendant Konza conduct, Plaintiff Lentine has sustained damages of $210,000.

12

WHEREFORE, on this Second Claim, Plaintiff Lentine respectfully prays for judgment against Defendant Konza, for award of compensatory damages in the amount of $210,000, plus such award of damages as established at trial, to compensate Plaintiff for its loss of profit and loss of business opportunities, for award of punitive damages of $750,000, for Defendant's willful and intentional actions, for award of prejudgment interest, for the costs of the action, for its reasonable attorney fees, and for such other relief as the Court may deem appropriate.

THIRD CLAIM:      42 U.S.C. §1983.

DEPRIVATION OF FEDERAL CIVIL RIGHTS OF PLAINTIFF TRI-STATE ORGANIZATION.
(Defendant HCLRC, Defendant City of Cincinnati and Defendant Kearney, Defendant Parks)

72.     Plaintiff Tri State incorporates the preceding allegations of the Complaint by reference, as if fully rewritten.

73.     Defendant HCLRC is an Ohio corporation, organized under Ohio Revised Code §1724, to act on behalf of and cooperate with Hamilton County acting under color of statute, ordinance, regulation, custom, or usage of the State of Ohio.

74.     Defendant City of Cincinnati is a political subdivision, situate in Hamilton County, State of Ohio, organized and existing under Ohio law.

75.     Defendant Kearney is a natural person, employee and member of council of the City of Cincinnati.

76.     Defendant Parks is a natural person, employee and member of council of the City of Cincinnati.

77.     On or about January 11, 2023, Defendant HCLRC, Defendant Kearney, Defendant Parks, Defendant City of Cincinnati, had actual knowledge of the existence of contract between

Defendant Konza and Plaintiff Tri-State, including Defendant Konza obligations under the Receiver's contract.

78.     Defendant HCLRC, Defendant Kearney, Defendant Parks, Defendant City of Cincinnati, were not parties to the contract between Plaintiff Tri-State and Defendant Konza / Receiver.

79.     Defendant HCLRC, Defendant City of Cincinnati, Defendant Kearney, Defendant Parks, in their official capacities, in concert with other defendants, contacted Defendant Boydston, and intentionally and maliciously interfered with performance of the contract, with the express intent to induce Defendant Konza to terminate the contract, and to obstruct and prevent payment of balance due to Plaintiff Tri-State from Defendant Konza / Receiver.

80.     As direct consequence of the actions of Defendant HCLRC, Defendant City of Cincinnati Defendant Kearney, and Defendant Park, Defendant Konza terminated the contract with Plaintiff Tri-State on or about January 20, 2023.

81.     Defendant HCLRC, Defendant Kearney, Defendant Parks, Defendant City of Cincinnati, intentionally and maliciously procured breach of the contract by Defendant Konza for refusal to make payment of balance due to Plaintiff Tri-State from Receivership.

82.     Defendant Konza has refused to make payment of balance due to Plaintiff Tri-State for services, costs and expenses incurred in connection with administration and operation of *the Receivership Properties* for the period ending January 2023.

83.     The intentional conduct of Defendant HCLRC, Defendant City of Cincinnati and Defendant Kearney, and Defendant Parks, acting under color of law, evidences reckless indifference to the constitutional rights of Plaintiff Tri-State.

14

84.     The intentional conduct of Defendant HCLRC, Defendant City of Cincinnati and Defendant Kearney, and Defendant Parks has deprived Plaintiff Tri-State of rights, privileges secured by the Constitution or laws of the United States.

85.     As consequence of the actions of Defendant HLCRC, Defendant City of Cincinnati and Defendant Kearney, and Defendant Parks, Plaintiff Tri-State is without state-law remedy, in theory or practice, to seek legal redress for deprivation of its rights under the Constitution.

86.     The actions of Defendant HCLRC, Defendant City of Cincinnati, Defendant Kearney, and Defendant Parks, resulting in Defendant Konza repudiation of its obligations to Plaintiff Tri-State, have effect of extinguishing Defendant Konza's duty to pay damages.

87.     As a direct and proximate consequence of Defendant HCLRC, Defendant City of Cincinnati, Defendant Kearney, and Defendant Parks willful and intentional interference with contract, under color of law, Plaintiff Tri-State has sustained damages, including without limitation, loss of income, loss of profit, loss of business opportunity in amount as established at trial of the action, but anticipated to be in excess of $174,000.

WHEREFORE, on this Third Claim, Plaintiff Tri-State Organization Inc. respectfully prays for judgment against Defendant HCLRC, Defendant City of Cincinnati, Defendant Kearney, and Defendant Parks, for award compensatory damages in the amount of $174,000, plus such award of damages as established at trial, to compensate Plaintiff for its loss of profit and loss of business opportunities, for award of punitive damages in the amount of $1,000,000, for Defendants' willful and intentional actions, for award of prejudgment interest, for the costs of the action, for its reasonable attorney fees, and for such other relief as the Court may deem appropriate.

FOURTH CLAIM:    42 U.S.C. §1983.

DEPRIVATION OF FEDERAL CIVIL RIGHTS OF PLAINTIFF JOSEPH LENTINE.
(Defendant HCLRC, Defendant City of Cincinnati, Defendant Kearney and Defendant Park)

88.     Plaintiff Joseph Lentine incorporates the preceding allegations of the Complaint by reference, as if fully rewritten.

89.     Defendant HCLRC is an Ohio corporation, organized under Ohio Revised Code  §1724, to act on behalf of  and cooperate with Hamilton County, acting under color of statute, ordinance, regulation,  custom, or usage of the State of Ohio.

90.     Defendant City of Cincinnati is a political subdivision, situate in Hamilton County, State of Ohio, organized and existing under Ohio law.

91.     Defendant Kearney is natural person, employee and member of council of the City of Cincinnati.

92.     Defendant Parks is a natural person, employee and member of council of the City of Cincinnati.

93.     On or about January 11, 2023, Defendant HCLRC, Defendant City of Cincinnati, Defendant Kearney, and Defendant Parks had actual knowledge of the existence of contract between Defendant Konza and Plaintiff Lentine, including Defendant Konza obligations under the Receiver's contract.

94.     Defendant HCLRC, Defendant City of Cincinnati, Defendant Kearney, and Defendant Parks were not parties to the contracts between Plaintiff Lentine and Defendant Konza / Receiver.

95.     Defendant HCLRC, Defendant City of Cincinnati, Defendant Kearney and Defendant Parks, in concert with other defendants, contacted Defendant Boydston, and intentionally and maliciously interfered with performance of the contract, with the express intent to induce

16

Defendant Konza to terminate the contract, and to obstruct and prevent payment of balance due to Plaintiff Lentine from Defendant Konza / Receiver.

96.     As direct consequence of the conduct of Defendant HCLRC, Defendant City of Cincinnati Defendant Kearney, and Defendant Parks, Defendant Konza terminated the contract with Plaintiff Lentine on or about January 20, 2023.

97.     Defendant HCLRC, Defendant City of Cincinnati, Defendant Kearney, and Defendant Parks intentionally and maliciously procured breach of the contract by Defendant Konza refusal to make payment of balance due to Plaintiff Lentine from Receivership.

98.     Defendant Konza has refused to make payment to Plaintiff Lentine of balance due for services, costs and expenses incurred in connection with Receiver's administration and operation of *the Receivership Properties* for the period ending January 2023.

99.     The intentional conduct of Defendant HCLRC, Defendant City of Cincinnati, Defendant Kearney and Defendant Parks, under color of law, evidences reckless indifference to the constitutional rights of Plaintiff Lentine.

100.    The intentional conduct of Defendant HCLRC, Defendant City of Cincinnati, Defendant Kearney, and Defendant Parks has deprived Plaintiff Lentine of rights, privileges secured by the Constitution or laws of the United States.

101.    As consequence of the actions of Defendant HLCRC, Defendant City of Cincinnati, Defendant Kearney, and Defendant Parks, Plaintiff Lentine is without state-law remedy, in theory or practice, to seek legal redress for deprivation of its rights under the Constitution.

102.    The actions of Defendant HCLRC City of Cincinnati, Defendant Kearney, and Defendant Parks, resulting in Defendant Konza repudiation of its obligations to Plaintiff Lentine have effect of extinguishing Defendant Konza's duty to pay damages.

103.    As a direct and proximate consequence of Defendant HCLRC, City of Cincinnati, Defendant Kearney, and Defendant Parks, intentional and malicious interference with contract, Plaintiff Lentine has sustained damages, including without limitation loss of income, loss of profit, loss of business opportunity in amount as established at trial of the action, but anticipated to be in excess of $210,000.

WHEREFORE, on this Fourth Claim, Plaintiff Joseph Lentine respectfully prays for judgment against Defendant HCLRC, Defendant City of Cincinnati, Defendant Kearney, and Defendant Parks, for award of compensatory damages in the amount of $210,000, plus such award of damages as established at trial, to compensate Plaintiff for its loss of profit and loss of business opportunities, for award of punitive damages in the amount of $ 1,000,000 for Defendants' willful and intentional actions, for award of prejudgment interest, for the costs of the action, for its reasonable attorney fees, and for such other relief as the Court may deem appropriate.

FIFTH CLAIM:        BREACH OF CONTRACT OF PLAINTIFF TRI-STATE ORG. INC.
                             (As to Defendant Konza)

104.    Plaintiff Tri-State incorporates the preceding allegations of the Complaint by reference, as if fully rewritten.

105.    Defendant Konza terminated the contract with Plaintiff Tri-State on or about January 20, 2023.

106.    Defendant Konza has refused to make payment to Plaintiff Tri-State for services, labor and materials provided at the direction of, and for the benefit of the Defendant Konza and work completed in furtherance of the contract.

107.    Defendant Konza exceeded the authority of the appointing court and O.R.C. §2735.01 et seq, for its failure to faithfully discharge its duties, and for intentional and malicious actions in

18

administration of the receivership estate, including without limitation, refusal to compensate Plaintiff Tri-State for services provided to the Receiver for management of *the Receivership Properties.*

108.    There is due and owing to Plaintiff Tri-State, from Defendant Konza the sum of $174,000 for services, labor and materials provided pursuant to the contract.

WHEREFORE, on the Fifth Claim, Plaintiff Tri-State Organization Inc. respectfully prays for judgment against Defendant Konza, for award of compensatory damages in the amount of $174,000, plus such award of damages as established at trial, to compensate Plaintiff for its loss of profit and loss of business opportunities, for award of prejudgment interest, for the costs of the action, for its reasonable attorney fees, and for such other relief as the Court may deem appropriate.

SIXTH CLAIM:        UNJUST ENRICHMENT PLAINTIFF TRI-STATE ORG. INC.
(As to Defendant Konza)

109.    Plaintiff Tri-State incorporates the preceding allegations of the Complaint by reference, as if fully rewritten.

110.    Beginning February 2020 and continuing until January 20, 2023, Plaintiff Tri-State performed the described services in connection with management of the *Receivership Properties*, providing labor, materials, at the express direction of Defendant Konza, for the benefit of the receivership estate.

111.    Defendant Konza has knowingly received and accepted the benefit of Plaintiff Tri-State services labor and materials, provided in furtherance of the management of *the Receivership Properties* and receivership estate, and has unreasonably and unjustifiably refused to pay to Plaintiff Tri-State the reasonable value of labor and materials provided.

112.     Defendant Konza has been unjustly enriched, at the expense of Plaintiff Tri-State, by retention of benefits conferred, in furtherance of administration and management of the *Receivership Properties* and receivership estate.

113.     There is due and owing to Plaintiff Tri-State, from Defendant Konza, the sum of $174,000 for services, labor and materials provided at the express direction of, and for the benefit of Defendant Konza in furtherance of administration and management of the *Receivership Properties* and receivership estate.

WHEREFORE, on the Sixth Claim, Plaintiff Tri-State Organization Inc. respectfully prays for judgment against Defendant Konza, for award of compensatory damages in the amount of $174,000, plus such award of damages as established at trial, to compensate Plaintiff for its loss of profit and loss of business opportunities, for award of prejudgment interest, for the costs of the action, for its reasonable attorney fees, and for such other relief as the Court may deem appropriate.

### SEVENTH CLAIM:   TORTIOUS INTERFERENCE WITH CONTRACT
### OF PLAINTIFF TRI-STATE ORGANIZATION INC.
#### (As to ALL Defendants.)

114.     Plaintiff Tri-State incorporates the preceding allegations of the Complaint by reference, as if fully rewritten.

115.     On or about January 11, 2023, Defendant City of Cincinnati, Defendant Kearney, Defendant Parks, Defendant HCLRC, Defendant Boydston, Defendant St. Vincent De Paul and Defendant Crockett had actual knowledge of the existence of contract between Defendant Konza and Plaintiffs Tri-State, including Defendant Konza obligations under the contract.

116.   Defendant City of Cincinnati, Defendant Kearney, Defendant Parks, Defendant HCLRC, Defendant Boydston, Defendant St. Vincent De Paul, and Defendant Lockett were not parties to the contracts between Plaintiffs Tri-State and Lentine, and Defendant Konza.

117.   Defendant City of Cincinnati, Defendant Kearney, Defendant Parks, Defendant HCLRC, and Defendant Boydston, Defendant St. Vincent de Paul, and Defendant Crockett intentionally and maliciously interfered with performance of the contract, with the express intent to cause termination of the contract, and to obstruct and prevent payment of balance due to Plaintiff Tri-State from receivership.

118.   Defendant Konza terminated the contract with Plaintiff Tri-State on or about January 20, 2023.

119.   Defendant City of Cincinnati, Defendant Kearney, Defendant Parks, Defendant HCLRC, Defendant Boydston, Defendant St. Vincent De Paul, and Defendant Crockett intentionally and maliciously procured breach of contract by Defendant Konza refusal to make payment of balance due to Plaintiff Tri-State from receivership.

120.   Defendant Konza has refused to make payment of balance due for services, costs and expenses incurred by Plaintiff Tri-State, in connection with administration and operation of *the Receivership Properties* for the period ending January 2023.

121.   As a direct and proximate consequence of Defendant City of Cincinnati, Defendant Kearney, Defendant Parks, Defendant HCLRC, Defendant Boydston, Defendant St. Vincent De Paul and Defendant Crockett interference with contract, Plaintiff Tri-State has sustained damages in excess of $174,000, including without limitation loss of income, loss of profit, loss of business opportunity in amount as established at trial of the action.

WHEREFORE, on the Seventh Claim, Plaintiff Tri-State Organization Inc. respectfully prays for judgment against all Defendants, for award of compensatory damages in the amount of $174,000, plus such award of damages as established at trial, to compensate Plaintiff for its loss of profit and loss of business opportunities, for award of punitive damages in the amount of $1,000,000, for Defendants' willful and intentional actions, for award prejudgment interest, for the costs of the action, for its reasonable attorney fees, and for such other relief as the Court may deem appropriate.

EIGHTH CLAIM:     BREACH OF CONTRACT OF PLAINTIFF JOSEPH LENTINE.
(As to Defendant Konza)

122.    Plaintiff Lentine incorporates the preceding allegations of the Complaint by reference, as if fully rewritten.

123.    Defendant Konza terminated the contract with Plaintiff Lentine on or about January 20, 2023.

124.    Defendant Konza has refused to make payment to Plaintiff Lentine for services provided at the direction of, and for the benefit of Defendant Konza and work completed in furtherance of the contract.

125.    Defendant Konza exceeded the authority of the appointing court and O.R.C. §2735.01 et seq, for its failure to faithfully discharge its duties, and for intentional and malicious actions in administration of the Receivership estate, including without limitation, refusal to compensate Plaintiff Lentine for services provided to the Receiver for construction management of *the Receivership Properties*.

126.    There is due and owing to Plaintiff Lentine, from Defendant Konza the sum of $210,000 for construction management services, provided pursuant to the contract.

22

WHEREFORE, on the Eighth Claim, Plaintiff Joseph Lentine respectfully prays for judgment against Defendant Konza, for award of compensatory damages in the amount of $210,000 for loss of income, plus such award of damages as established at trial, to compensate Plaintiff for its loss of profit and loss of business opportunities, for award of prejudgment interest, for the costs of the action, for its reasonable attorney fees, and for such other relief as the Court may deem appropriate.

NINTH CLAIM:  UNJUST ENRICHMENT PLAINTIFF JOSEPH LENTINE.
(As to Defendant Konza)

127. Plaintiff Lentine incorporates the preceding allegations of the Complaint by reference, as if fully rewritten.

128. Beginning February 2020 and continuing until January 20, 2023, Plaintiff Lentine performed the described construction management services in connection with the *Receivership Properties*, at the express direction of Defendant Konza, for the benefit of the receivership estate.

129. Defendant Konza has knowingly received and accepted the benefit of Plaintiff Lentine construction management services, provided in furtherance of the administration and operation of *the Receivership Properties* and receivership estate, and has unreasonably and unjustifiably refused to pay to Plaintiff Lentine the reasonable value of services provided.

130. Defendant Konza has been unjustly enriched, at the expense of Plaintiff Lentine, by retention of benefits conferred, in furtherance of administration and operation of *the Receivership Properties* and receivership estate.

131.    There is due and owing to Plaintiff Lentine, from Defendant Konza, the sum of $210,000 for services, labor and materials provided at the express direction of Defendant Konza in furtherance of administration and operation of the *Receivership Properties* and receivership estate.

WHEREFORE, on the Ninth Claim, Plaintiff Joseph Lentine respectfully prays for judgment against Defendant Konza, for award of compensatory damages, in the amount of $210,000, plus such award of damages as established at trial, to compensate Plaintiff Lentine for its loss of profit and loss of business opportunities, for award of prejudgment interest, for the costs of the action, for its reasonable attorney fees, and for such other relief as the Court may deem appropriate.

TENTH CLAIM:      TORTIOUS INTERFERENCE WITH CONTRACT OF
PLAINTIFF JOSEPH LENTINE.
(As to ALL Defendants)

132.    Plaintiff Lentine incorporates the preceding allegations of the Complaint by reference, as if fully rewritten.

133.    Defendant City of Cincinnati, Defendant Kearney, Defendant Parks, Defendant HCLRC, Defendant Boydston, Defendant St. Vincent de Paul, and Defendant Lockett had actual knowledge of the existence of contract between Defendant Konza and Plaintiff Lentine, including Defendant Konza obligations under the contract.

134.    Defendant City of Cincinnati, Defendant Kearney, Defendant Parks, Defendant HCLRC and Defendant Boydston, Defendant St. Vincent de Paul, Defendant Lockett were not parties to the contract between Plaintiff Lentine and Defendant Konza.

135.    Defendant City of Cincinnati, Defendant Kearney, Defendant Parks, Defendant HCLRC and Defendant Boydston, Defendant St. Vincent de Paul, Defendant Lockett intentionally and maliciously interfered with performance of the contract, with the express intent to cause termination of the contract, and to obstruct and prevent payment of balance due to Plaintiff Lentine.

136.    Defendant Konza terminated the contract with Plaintiff Lentine on or about January 20, 2023.

137.    Defendant City of Cincinnati, Defendant Kearney, Defendant Parks, Defendant HCLRC and Defendant Boydston, Defendant St. Vincent de Paul and Defendant Lockett intentionally and maliciously procured breach of the contract by Defendant Konza refusal to make payment of balance due to Plaintiff Lentine.

138.    Defendant Konza has refused payment of balance due for services, costs and expenses incurred by Plaintiff Lentine, in connection with administration and operation of *the Receivership Properties* for the period ending January 2023.

139.    As a direct and proximate consequence of Defendant City of Cincinnati, Defendant Kearney, Defendant Parks, Defendant HCLRC, Defendant Boydston, Defendant St. Vincent de Paul and Defendant Lockett interference with contract, Plaintiff Lentine has sustained damages in excess of $210,000, plus such amounts for loss of income, loss of profit, loss of business opportunity, in amount determined at trial.

WHEREFORE, on the Tenth Claim, Plaintiff Joseph Lentine respectfully prays for judgement against all Defendants, for award of compensatory damages in the amount of $210,000, plus such award of damages as established at trial, to compensate Plaintiff for its loss of profit and loss of business opportunities, for award of punitive damages in the amount of $1,000,000 for

25

Defendants' willful, malicious and intentional actions, for award of prejudgment interest, for the costs of the action, for its reasonable attorney fees, and for such other relief as the Court may deem appropriate.

JURY DEMAND.

Plaintiffs demand trial by jury on all issues so triable.

Respectfully submitted,

/s/  James L. Nieberding, Esq.  (Reg. 0038638)
Nieberding & Nieberding Co LPA
810 Sycamore St Ste 423
Cincinnati, Ohio 45202
Tel:    513-241-2226
Fax:    513-338-1828
E-mail:  jlnieberding1117@gmail.com
Attorney for Plaintiff Tri-State Organization Inc.
and Plaintiff Joseph Lentine

revised
8/5/19

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

CITY OF CINCINNATI,

Plaintiff,

v.

JOHN KLOSTERMAN, et al.

Defendants.

**ENTERED**

FEB 1 4 2020

CASE NO. A1905588

ORDER APPOINTING RECEIVER



D128139462

This case comes before the Court on the Plaintiff City of Cincinnati's Motion to Appoint Receiver under R.C. § 2735.01 and Complaint, the Answer of the Defendants, the evidence presented, and the filings and papers of record and the docket sheets in the case.

The Court having reviewed all evidence presented and considered all the circumstances and facts of the case, the presence of conditions and grounds justifying relief, the ends of justice, the rights of all the parties interested in the controversy and subject matter and the adequacy and effectiveness of all other remedies, and the Court further finding all necessary parties have been served with notice of this Motion to Appoint Receiver and are properly before this court, it is the opinion of the Court that the City has presented clear and convincing evidence that there is a need for a receiver to be appointed and that the motion is well taken and should be granted and therefore it is hereby ordered as follows.

1. <u>Appointment of Receiver</u>. Konza, LLC , by its Manager Ricard Boydston, is appointed as receiver pursuant to R.C. 2735.01 (A)(1) for the following real estate (collectively, the "Properties"):

| tract # | address | parcel number | record owner | comp. count # |
|---------|---------|---------------|--------------|---------------|

| tract # | address | parcel number | record owner | comp. count # |
|---|---|---|---|---|
| 1 | 671 Delhi Ave. | 153-0002-0094 | Boldface Properties LLC | 1 |
| 2 | 679 Delhi Ave. | 153-0002-0092 | Boldface Properties LLC | 2 |
| 3 | 794 Delhi Ave. | 152-0039-0150 | John Klosterman | 3 |
| 4 | 742 Delhi Ave. | 153-0003-0027 | John Klosterman | 5 |
| 5 | 793 Delhi Ave. | 153-0003-0048 | John Klosterman | 8 |
| 6 | 753 Delhi Ave. | 153-0003-0063 | John Klosterman and Sue S. Klosterman | 9 |
| 7A | 652 Steiner Ave. | 153-0002-0014 | John Klosterman | 10 |
| 7B | same | 153-0002-0198 | same | same |
| 8 | 4053 Palos St. | 179-0076-0161 | John Campbell Klosterman | 11 |
| 9A | 639 Steiner Ave. | 152-0042-0055 | John Klosterman | 12 |
| 9B | same | 152-0042-0057 | same | same |
| 10A | 638 Steiner Ave. | 152-0042-0044 | John Klosterman and Sue Klosterman | 13 |
| 10B | 938 Striker Ave. | 152-0042-0043 | same | same |
| 10C | 940 Stiker Ave. | 152-0042-0045 | same | same |
| 10D | 640 Steiner Ave. | 152-0042-0172 | same | same |
| 11 | 632 Delhi Ave. | 153-0002-0062 | John C. Klosterman and Susan S. Klosterman | 14 |
| 12 | 701 Delhi Ave. | 153-0002-0091 | John C. Klosterman and Susan S. Klosterman | 15 |
| 13 | 659 Sedam St. | 153-0002-0145 | John C. Klosterman and Susan S. Klosterman | 16 |
| 14A | 667 Delhi Ave. | 153-0002-0185 | John C. Klosterman and Susan S. Klosterman | 17 |
| 14B | 646 Sedam St. | 153-0002-0182 | John C. Klosterman and Susan S. Klosterman | same |
| 15 | 703 Delhi Ave. | 153-0002-0090 | Geneva Quatkemeyer | 18 |
| 16 | 649 Steiner Ave. | 153-0002-0057 | Sedamsville Heritage Properties LLC | 20 |
| 17 | 705 Delhi Ave. | 153-0002-0089 | Sedamsville Heritage Properties LLC | 21 |
| 18A | 654 Steiner Ave. | 153-0002-0013 | Sedamsville Heritage Properties LLC | 22 |
| 18B | same | 153-0002-0199 | same | same |
| 19 | 636 Delhi Ave. | 153-0002-0064 | Sedamsville Heritage Properties LLC | 23 |
| 20 | 700 Delhi Ave. | 153-0002-0037 | Virginia Williamsburg LLC | 24 |
| 21 | 685 Halsey Ave. | 155-0048-0001 | Virginia Williamsburg LLC | 26 |
| 22 | 749 Sedam St. | 153-0003-0094 | Worldwide Mobile Latrine, Inc. | 27 |
| 23 | 740 Delhi Ave. | 153-0003-0028 | Boldface Properties LLC | 28 |
| 24 | 739 Sedam St. | 153-0003-0089 | Boldface Properties LLC | 29 |

| tract # | address | parcel number | record owner | comp. count # |
|---|---|---|---|---|
| 25 | 702 Sedam St. | 153-0002-0196 | Emily Vets LLC | 30 |
| 26 | 767 Steiner Ave. | 153-0003-0003 | Emily Vets LLC | 31 |
| 27 | 764 Delhi Ave. | 153-0003-0004 | Emily Vets LLC | 32 |
| 28 | 762 Delhi Ave. | 153-0003-0006 | Emily Vets LLC | 33 |
| 29 | 756 Delhi Ave. | 153-0003-0008 | Emily Vets LLC | 34 |
| 30 | 732 Delhi Ave. | 153-0003-0036 | Emily Vets LLC | 35 |
| 31 | 730 Delhi Ave. | 153-0003-0038 | Emily Vets LLC | 36 |
| 32 | 728 Delhi Pk. | 153-0003-0040 | Emily Vets LLC | 37 |
| 33 | 789 Delhi Ave. | 153-0003-0050 | Emily Vets LLC | 38 |
| 34 | 787 Delhi Ave. | 153-0003-0052 | Emily Vets LLC | 39 |
| 35 | 773 Delhi Ave. | 153-0003-0055 | Emily Vets LLC | 41 |
| 36 | 737 Delhi Ave. | 153-0003-0070 | Emily Vets LLC | 42 |
| 37 | 735 Delhi Ave. | 153-0003-0072 | Emily Vets LLC | 43 |
| 38 | 733 Delhi Ave. | 153-0003-0073 | Emily Vets LLC | 44 |
| 39 | 714 Delhi Ave. | 153-0002-0082 | Emily Vets LLC | 45 |
| 40 | 709 Delhi Ave. | 153-0002-0086 | Emily Vets LLC | 47 |
| 41 | 626 Steiner Ave. | 152-0042-0168 | Virginia Williamsburg LLC | 48 |
| 42 | 637 Steiner Ave. | 152-0042-0059 | Klosterman John & Sue | 49 |
| 43 | 759 Delhi Ave. | 153-0003-0060 | Klosterman John & Sue | 50 |
| 44 | 712 Steiner Ave. | 152-0038-0011 | Klosterman John & Susan | 51 |
| 45 | 757 Delhi Ave. | 153-0003-0061 | Klosterman John & Susan S | 52 |
| 46 | 755 Delhi Ave. | 153-0003-0062 | Klosterman John & Susan S | same |
| 47 | 751 Delhi Ave. | 153-0003-0064 | Klosterman John & Sue S | 53 |
| 48 | 624 Stainer Ave. | 152-0042-0032 | Virginia Williamsburg LLC | 54 |
| 49 | 924 Striker Ave. | 152-0042-0031 | Virginia Williamsburg LLC | same |
| 50 | 624 Steiner Ave. | 152-0042-0166 | Virginia Williamsburg LLC | 56 |
| 51 | 621 Steiner Ave. | 152-0042-0067 | Sedamsville Historical Society | 57 |
| 52 | 619 Steiner Ave. | 152-0042-0069 | Sedamsville Historical Society | 58 |
| 53 | 769 Delhi Ave. | 153-0003-0056 | Virginia Williamsburg LLC | 59 |
| 54 | 767 Delhi Ave. | 153-0003-0058 | Virginia Williamsburg LLC | same |
| 55 | 626 Steiner Ave. | 152-0042-0034 | Virginia Williamsburg LLC | 48 |
| 56 | 679 Fernland Ave. | 153-0002-0154 | Virginia Williamsburg LLC | 60 |
| 57 | 677 Halsey Ave. | 153-0002-0155 | Virginia Williamsburg LLC | Same |
| 58 | 628 Delhi Ave. | 152-0041-0058 | Virginia Williamsburg LLC | 61 |
| 59 | 649 Sedam St. | 153-0002-0140 | Virginia Williamsburg LLC | 62 |

2. <u>Bond</u>. The Receiver shall post a bond of $1,000.00 with the Clerk of Court.

3. <u>Powers of Receiver</u>. The Receiver shall have all powers of a receiver under R.C.

Chapter 2735 as to the Properties and as well as pursuant to all orders issued by the Court in this

3

case. The Receiver shall have the authority to take any action to manage, maintain, preserve, lease and rent all of the Properties. The Receiver shall also have the authority to sell any and all of the Properties subject to further order of the Court. The Receiver is authorized to do the following:

> A. initiate, prosecute, defend, compromise, adjust, intervene in, or become party to such actions or proceedings in state or federal court as may in the opinion of the Receiver be necessary for the protection, maintenance and preservation of the Properties or carrying out the terms of this Order including, but not limited to, the filing of a tax valuation appeal with respect to any of the Properties;
>
> B. employ such attorneys, managers, agents, and persons as its judgment are advisable or necessary for performance of the duties of the Receiver; and
>
> C. retain contractors and other persons and entities to make repairs to the Properties and to Maintain the Properties.

4. <u>Limited Liability</u>. In carrying out its duties, the Receiver is entitled to act in the exercise of its own business judgment as the Receiver deems appropriate within its sole discretion. The Receiver shall not be liable for any action taken or not taken by it in good faith and shall not be liable for any mistake or fact or error of judgment or for any actions or omissions of any kind unless caused by willful misconduct or gross negligence. All owners of the Properties shall indemnify, hold harmless, and defend the Receiver from and against any and all liabilities, costs, and expenses including, but not limited to and other fees and expenses incurred by it arising from or in any way connected to the performance of its duties as receiver. The Receiver shall have no personal liability for any environmental matter with respect to any of

4

the Properties.

5. <u>Turnover to Receiver</u>. Defendants John Klosterman, Susan Klosterman, Jimmy
Smith, Estate of Geneva Quatkemeyer, Sedamsville Heritage Properties LLC, Jeremy Tausch,
Boldface Properties LLC, Virginia Williamsburg LLC, Emily Vets LLC, Emily Klosterman,
Sedamsville Historical Society and Worldwide Mobile Latrine, Inc. (collectively, the "Owner
Defendants") and their respective agents, employees, representatives and creditors are hereby
prohibited from taking any act interfering in any way with the acts of the Receiver and from in
any way, manner, or means, wasting, disposing of, transferring, selling, assigning, or pledging
any of the Properties; and, upon request of the Receiver or its agents, the foregoing persons and
entities shall promptly:

> A. make available to the Receiver all of the books, records, computer hardware
> and software (including computer programs, data bases, disks and all other
> mediums), relating to the Propertie and

> B. disclose the nature, amount, and location of any and all assets, books,
> computer hardware and software (including computer programs, data bases,
> disks and all other mediums), and records that are in any way connected with
> any of the Properties.

6. <u>Payment of Rent to Receiver</u>. All amounts due by any person by reason of any past
or present occupancy or use of any of the Properties shall be immediately and fully paid to the
Receiver. All rent due by all tenants of the Properties shall be paid to the Receiver.

7. <u>Cooperation with Receiver</u>. All persons to whom notice of this Order is given shall
immediately and at all times cooperate with the Receiver and promptly and fully respond to all
reasonable requests made by the Receiver for the benefit of any of the Properties.

8. <u>Injunction</u>. All persons to whom notice of this Order is given are enjoined and stayed from:

> A. commencing or continuing any action at law or suit or proceeding in equity to foreclose any lien or enforce any claim against any of the Properties or the Receiver;

> B. executing or issuing or causing the execution or issuance out of any Court of any writ, process, summons, attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or enforcing any claim or lien upon any of the Properties or the books, records, revenues, profits and related assets associated with the Property, the Receivership Assets, or upon the Receiver; and

> C. doing any act or thing whatsoever which may impair, impede or interfere with the Receiver in the discharge of the performance of its duties and powers.

9. <u>Utilities</u>. Every person and entity providing any service to any of the Properties (including, but not limited to, electricity, gas, sewer, water, trash collection, telephone and cable):

> A. is prohibited from discontinuing service to any of the Properties based upon any unpaid bills incurred prior to the date of the entry of this order;

> B. shall forthwith deliver to the Receiver all deposits held with respect to any of the Properties and shall be prohibited from demanding that Receiver deposit additional funds in advance to maintain or secure such services;

> C. shall promptly open new accounts under the name of the receivership and shall be prohibited from discontinuing services while the new receivership

account is in the process of being established.

10. Communications with Tenants. The Owner Defendants and all agents, affiliates other persons connected with any of them are enjoined and prohibited from discussing this receivership with any tenant or other occupant of any of the Properties.

11. Pre-receivership expenses. The Receiver shall not be liable for any expense or account payable with regard to any of the Properties incurred prior to the entry of this Order.

12. Claims Against Receiver. No person or entity shall file suit against the Receiver, take other action against the Receiver, or execute against the Properties, without an explicit and prior order of this Court permitting the suit or action.

13. Limitation of Receiver Liability to Creditors. The Receiver and its employees, agents, and attorneys shall have no personal liability in connection with any claims, liabilities, obligations, liens or amounts owned to any person or entity with regard to the Properties or arising out of or related to the receivership.

14. Bank Accounts. All person and entities (including, but not limited, to all banks) shall promptly and fully deliver to the Receiver all funds arising out of any of the Properties and provide to the Receiver all records requested by the Receiver relating to any of the Properties.

15. Injunction as to John Klosterman and Susan Klosterman. Defendants John Klosterman and Susan Klosterman are specifically enjoined from (A) communicating with any tenants of the Properties and (B) entering into or on any of the Properties for any reason whatsoever except upon the express prior written request of the Receiver.

16. Receiver Advances. The Receiver may advance funds incurred in connection with the performance of the duties of receiver (collectively, "Receiver Advances") and all Receiver Advances shall be a first and best lien on all the Properties.

7

17. <u>Sales</u>. The Receiver may sell any and all of the Properties either through the Sheriff of Hamilton County, Ohio as to any of the Properties and by the Receiver as to any of the Properties as may be approved by order entered by the Court.

18. <u>Receiver Compensation and Reimbursement of Expenses</u>. The Receiver shall be entitled to reasonable compensation for services rendered and to reimbursement for expenses incurred, all as approved by the Court. All compensation and reimbursement of expenses awarded by the Court to the Receiver shall be an administrative expense priority in this case and for those arising from the Properties, a first and best lien on the Properties.

19. <u>Liability of Receiver</u>. Neither the Receiver nor Plaintiff shall be liable for any expense or account payable with regard to any of the Properties incurred prior to the Receiver's taking possession of the Properties. Neither the Receiver nor Plaintiff shall be liable for any expenses or accounts payable with regard to the Properties incurred after the Receiver's taking control and possession of the Properties unless the Plaintiff or Receiver shall specifically and in writing assume and accept liability for any particular expense or account payable with regard to the Properties. Except for damages, loss and liability resulting from the gross negligence or willful misconduct of the Receiver, the Receiver's liability for any loss or damages shall be limited to the assets of the receivership and the bond posted in accordance with this Order.

20. <u>Taxes</u>. The Receiver shall not be responsible for the preparation or filing of any tax return for any of the Properties or for any of the Owner Defendants including, but not limited to, with respect to income, commercial activity, gross receipts, personal property, real estate or sales and use.

21. <u>Reports</u>. The Receiver shall file a report within thirty days of the entry of this Order and monthly thereafter.

22. <u>Final Order</u>.  The Court expressly determines pursuant to Civ. R. 54(B) that there is no just reason for delay.  This is a final and appealable order.

SO ORDERED.

_____
Judge        2-14-20

19709639.1

**MAGISTRATE**

FEB 13 2020

**HAS SEEN**

9

Exhibit 2



D136371446

**IN THE COURT OF COMMON PLEAS**
**HAMILTON COUNTY, OHIO**



ENTERED

OCT 19 2022

| | | |
|---|---|---|
| **CITY OF CINCINNATI** | ) | **CASE NO. A1905588** |
| Plaintiff, | ) | |
| | ) | JUDGE WENDE C. CROSS |
| *v.* | ) | MAGISTRATE ANITA P. BERDING |
| | ) | |
| **JOHN KLOSTERMAN,** *et al.,* | ) | |
| Defendants. | ) | **ORDER GRANTING MOTION TO** |
| | ) | **SUBSTITUTE PARTY PLAINTIFF** |
| | ) | **AND FOR SUBSTITUTION OF** |
| | ) | **COUNSEL** |

Upon Motion to Substitute Party Plaintiff, and for good cause shown, Hamilton County Land Reutilization Corporation is hereby substituted in place of Plaintiff City of Cincinnati as party plaintiff.

Attorney Kelley L. Allesee, is hereby substituted in as counsel for substitute Plaintiff, Hamilton County Land Reutilization Corporation.

IT IS SO ORDERED.

Chief Magistrate Berding

## **NOTICE**

Copies of this Order have been mailed to the parties or their counsel. This Order is effective immediately. Either party may appeal this Order by filing a Motion to Set the Order Aside within ten days of the date this Order is filed. The pendency of a Motion to Set the Order Aside does not stay the effectiveness of this Order unless the Magistrate or Judge grants a stay.

Copies sent by Clerk of Courts to:

Kelley L. Allesee, Esq.
Three East Fourth Street, Suite 300
Cincinnati, OH 45202

Richard Boydston, Esq.
312 Walnut Street #2450
Cincinnati, Ohio 45202

Amy Kaufman, Esq.
150 East Gay Street
Columbus Ohio 43215

John Klosterman
5615 Sidney Road
Cincinnati, OH 45238

SUSAN S. KLOSTERMAN
5615 Sidney Road
Cincinnati, Ohio 45238

Matthew J. Horwitz, Esq.
United States Attorney's Office
221 E. 4th St., Suite 400
Cincinnati, OH 45202

Christian D. Donovan, Esq.
1160 Dublin Road, Suite 400
Columbus, OH 43215-1052

2

Tina Woods, Esq.
Jacklyn Gonzales Martin, Esq.
City of Cincinnati
214 City Hall
801 Plum Street
Cincinnati, OH 45202

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing decision have been sent by ordinary mail to all parties or their attorneys as provided above.

Date: ___10/11/22___    Deputy Clerk: _____

3

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CITY OF CINCINNATI, | : | Case No. A1905588 |
| | : | (Judge Wende C. Cross) |
| Plaintiff, | : | (Magistrate Anita P. Berding) |
| | : | |
| v. | : | |
| | : | MOTION BY RECEIVER FOR |
| JOHN KLOSTERMAN, et al., | : | APPROVAL OF FEES AND EXPENSES |
| | : | OF TRISTATE ORGANIZATION, INC. |
| Defendants. | : | THROUGH NOVEMBER 30, 2022 AND |
| | | ORDER DIRECTING PAYMENT |

Comes now Konza, LLC as the receiver appointed for all of the properties in this action

consisting of 59 Tracts of real property variously with 23 buildings and over 40 vacant lots

(collectively, the "Properties") and moves the Court to enter an order in the form of that tendered

herewith to approve certain fees and expenses claimed by TriState Organization, Inc. ("TSO")

and order the Escrow Agent under the Agreement for Purchase and Sale and Escrow Instructions

dated effective September 14, 2022 (the "PSA") to pay said fees and expenses to the Receiver

out of the proceeds of the sale of the Properties pursuant to the PSA in the amount and for the

reasons more fully set forth in the following memorandum.

Respectfully submitted,

/s/ *Richard Boydston*
Richard Boydston (0022360)
Counsel for Konza, LLC, Receiver
Dentons Bingham Greenebaum LLP
312 Walnut Street #2450
Cincinnati, Ohio 45202-4028
513.455.7663
513.762.7963 (fax)
richard.boydston@dentons.com

22522560.v1

<u>MEMORANDUM</u>

The Court approved the sale of the Properties by the Receiver to Hamilton County Land

Reutilization Corporation (the "Landbank") pursuant to the PSA by the Magistrate's Orde on Motion

by Receiver to Approve Sale entered October 19, 2022 (the "Sale Order").

Prominent Title Agency, LLC (the "Title Company") is the Escrow Agent under the PSA. As

such, the Title Company is to disburse the sale proceeds according to the PSA and all further order of

the Court. At closing the Title Company will pay out of the sale proceeds for such items as are paid at

a conventional real estate closing in Hamilton County including the commission payable to Jennifer

Donathan of Keller Williams Advisors. By this motion, the Receiver seeks approval of fees and

expenses claimed by TSO through November 30, 2022 and entry of an order for those approved fees

and expenses to be paid to the Receiver by the Title Company.

TSO and defendant John Klosterman entered into agreements prior to the appointment of the

Receiver for TSO to repair and maintain the Properties and for TSO to lease the building at 671-673

Delhi. Upon appointment TSO agreed to continue that work and to collect rent.

TOS has submitted to the Receiver monthly reports on rents and deposits collected and on

expenses and on work done, all itemized and attached to the Receiver's monthly reports.

As of November 30, 2022 TSO claims the amount difference between what it collected and the

expenses is $156,441.20 as is shown in the Receiver's Thirty-Third Report filed and served December

5, 2022 and TSO asserts it is due, and should be paid, that amount.

In addition, TSO submitted to the Receiver on November 14, 2022 a letter stating a claim for

additional payment. A copy of that letter is attached marked Exhibit A.

The City of Cincinnati and substituted Plaintiff Hamilton County Land Reutilization

Corporation have indicated to the Receiver that they wish to examine the claims by TSO for fees and

reimbursement of expenses. The Receiver anticipates that examination will include requests for

22522560.v1

information and production of documents by TSO. The Receiver expects to be involved in the examination. The time required to complete that examination is uncertain and depends on what is requested and how soon responses are made. In order to expedite, and to not delay, entry of an order approving other fees and expenses, the Receiver makes this separate motion to resolve the claims by TSO.

WHEREFORE, the Receiver prays the Court enter the tendered Order.

Respectfully submitted,

/s/ *Richard Boydston*
Richard Boydston (0022360)
Counsel for Konza, LLC, Receiver
Dentons Bingham Greenebaum LLP
312 Walnut Street #2450
Cincinnati, Ohio 45202-4028
513.455.7663
513.762.7963 (fax)
richard.boydston@dentons.com

22522560.v1

<u>CERTIFICATE OF SERVICE</u>

I certify that copies of the foregoing and the attached were served on each of the following by email on December 5, 2022.

Kelley L. Allesee, Esq.
Counsel for Plaintiff Hamilton County
   Land Reutilization Corporation
3 East Fourth Street., Ste. 300
Cincinnati, OH 45202
kallesee@cincinnatiport.org

Kate Burroughs, Esq.
Erica Faaborg, Esq.
Counsel for City of Cincinnati
214 City Hall
801 Plum Street
Cincinnati, OH 45202
kate.burroughs@cincinnati-oh.gov
erica.faaborg@cincinnati-oh.gov

James S. Sayre, Esq.
Counsel for Defendants
   Hamilton County Auditor and Treasurer
Assistant Prosecuting Attorney
230 East Ninth Street, Suite 4000
Cincinnati, OH 45202
james.sayre@hcpros.org

Christian D. Donovan, Esq.
Counsel for Defendant
   Warsaw Federal Savings and Loan
   Association aka Warsaw FS & LA
Luper Neidenthal & Logan
1160 Dublin Road, Suite 400
Columbus, OH 43215-1052
cdonovan@LNLattorneys.com

Teresa Perkins, Esq.
Counsel for Defendant Hamilton County Child
   Support Enforcement Agency
CSEA 222 E. Central Parkway
6NW711
Cincinnati, OH 45202
perkit02@JFS.HAMILTON-CO.org

Amy K. Kaufman, Esq.
Counsel for Defendants State of Ohio,
   Department of Taxation and
   Department of Job & Family Services
Dave Yost, Attorney General of Ohio
Collections Enforcement
150 East Gay Street
Columbus, OH 43215-3130
amy.kaufman@ohioattorneygeneral.gov

John Klosterman
5615 Sidney Road
Cincinnati, OH 45238
johncklosterman@gmail.com

/s/ Richard Boydston

22522560.v1

4

# EXHIBIT A

22522560.v1

**TRI STATE ORGANIZATION INC.**
673 Delhi Avenue
Cincinnati, Ohio 45204
**513-244-6100**

November 14, 2022

Dear Rick,

As per our agreement, I am leaving the amount of my compensation for managing the properties up to you and the courts to decide what is a fair and equitable compensation.

I became the property/construction manager for the Klosterman receivership properties on February 14, 2020, and have managed the properties full-time to this day. I have worked an average of 40 hours per week, which does not include responding to after-hours calls from tenants, responding to police inquiries, maintaining the security of the neighborhood by driving through and various other tasks dealing with John Klosterman on weekends and after hours.

As you know, this project became much more in depth. You are well aware of the intricacies involving tenants and John Klosterman's consistent behavior problems which required many additional hours.

Further, as per our reports and discussions, everything for this project has been computed as time plus material. There has been no markup on the labor, material. Additionally, I charged no additional fees for truck time or equipment usage on projects.

A property/construction manager average salary for the State of Ohio is $52,000 - $120,000 per year.

Additionally, according to the original agreement, Tri State was to be paid a commission on new rentals. Please see attachment A, totalling $21,325, which has not been added to our monthly reports.

Thank you for your attention to this matter and please let me know if any additional information is needed.

Sincerely,

Joseph Lentine, Owner
Tri State Organization, Inc.

| Address | Name | Amount |
|---|---|---|
| 638 Steiner Ave | Angel Strunk | 750 |
| 649 Steiner Ave | Mike Ford | 650 |
| 652 Steiner | Charity Smith | 800 |
| 652 Steiner | Tina Ford | 800 |
| 654 Steiner | Gary Teeter | 700 |
| 659 Sedam Basement | Kenny Clark | 600 |
| 659 Sedam #1 | Paul Hammonds | 800 |
| 659 Sedam 2nd Fl | Danielle Lott | 1200 |
| 659 Sedam 2nd Fl | James DeMoss | 1000 |
| 628 Delhi #1 | Willow Creech | 700 |
| 628 Delhi #2 | Karla Brown | 800 |
| 636 Delhi #1 | Kevin Arnison | 650 |
| 636 Delhi #1 | Dottie Albright | 650 |
| 636 Delhi #2 | Marshall Todd | 650 |
| 667 Delhi | Greg Schermbeck | 650 |
| 679 Delhi Rear | Jean Adkins | 650 |
| 679 Delhi Rear | Joe Stephenson | 700 |
| 679 Delhi A | Timothy Givens | 500 |
| 679 Delhi 2nd Fl | Christina Delvis | 350 |
| 700 Delhi #1 | Paul Allison | 650 |
| 700 Delhi #1 | Donelle Poole | 500 |
| 700 Delhi #2 | Blair Turner | 550 |
| 700 Delhi #2 | Ryan Humphries | 700 |
| 700 Delhi #2 | Heather Scott | 725 |
| 700 Delhi #3 | Zach Crum | 800 |
| 701 Delhi Ave | Randy Williams | 900 |
| 701 Delhi Ave | Sierra | 1500 |
| 705 Delhi Ave | Jeremy Donohou | 700 |
| 794 Delhi | Amberley Powell | 700 |
| | | 21325 |

Attachment "A"

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CITY OF CINCINNATI, | : | Case No. A1905588 |
| | : | (Judge Wende C. Cross) |
| Plaintiff, | : | (Magistrate Anita P. Berding) |
| | : | |
| v. | : | |
| | : | ORDER GRANTING MOTION BY |
| JOHN KLOSTERMAN, et al., | : | RECEIVER FOR APPROVAL AND |
| | : | PAYMENT OF FEES AND EXPENSES |
| Defendants. | : | |

This case comes before the Court on the Motion by Receiver for Approval and Payment of Fees and Expense of TriState Organization, Inc. Through November 30, 2022 and Order Directing Payment (the "Motion") filed by Konza, LLC as receiver (the "Receiver") and the hearing on the Motion and exhibits and testimony admitted at that hearing and the pleadings and papers and docket entries of record in the case..

The Court is of the opinion that the Motion is well taken and should be granted and therefore it is hereby

ORDERED, that the Motion is granted; and it is further

ORDERED, that Prominent Title Agency LLC shall promptly pay to the Receiver the amount of $_____ being held by it pursuant to the Order Approving Sale.

SO ORDERED.

_____
Judge Wende C. Cross

submitted by,
Richard Boydston (0022360)
Counsel for Konza, LLC, Receiver
Dentons Bingham Greenebaum LLP
312 Walnut Street #2450
Cincinnati, Ohio 45202-4028
513.455.7663
513.762.7963 (fax)
richard.boydston@dentons.com

22534292.v1



D137562041

**City of Cincinnati**

**Hamilton County Municipal Court**

| | | |
|---|---|---|
| City of Cincinnati | ) | |
| Plaintiff | ) | Case No. A1905588 |
| Vs. | ) | Judge Wende C. Cross |
| John Klosterman, et al. | ) | Magistrate Anita Berding |
| Defendant(s) | ) | **MOTION FOR DEMAND FOR** |
| | ) | **PAYMENT** |

**MOTION FOR DEMAND FOR PAYMENT**

Comes now Joseph Lentine, on this 2nd day of March, 2023, in response to the

Hamilton County Land Reutilization Inc.'s memorandum in opposition to motion by

Receiver for approval of fees by Tri State Organization, Inc.

On December 5, 2022, Receiver Konza LLC by way of Richard Boydston filed a

motion with this court requesting approval by the court of the fees and expenses of Tri

State Organization, Inc., encompassing the time period from approximately March 1,

2020 until November 30, 2022. HCLRC opposition is based on what they purport to be

a good faith review of documents provided by the Receiver. They claim they are unable

to reconcile TSO's reported expenses, reported collection of rent, work performed, and

hours billed for labor. Thus requiring additional time and information as they are

requesting.

Joseph Lentine comes forth now and states the following:

1. HCLRC cannot essentially "Monday morning quarterback" three years worth of work and cannot be aware of the intangibles, driving the cost of this project above what would normally be expected.  To wit:

   a. The interference of John Klosterman, which included but was not limited to stalking of employees, breaking into apartments that were renovated and ready for rental and pouring concrete down drains, splashing paint over finished apartments, and creating other damages of sorts causing additional expenses and time.

   b. John Klosterman calling to report work done without permits, when in fact he had done the work, such as installing hot water heaters and heating systems without permits. Calling in anonymous complaints on items he had been responsible for, on a daily basis for years, requiring extra attention and time spent with inspectors. Tri State reported all of this interference to the Receiver, and the court by way of Receiver, and neither the court nor the receiver chose to take any action against Mr. Klosterman.

2. The general condition of the neighborhood was in such a radically bad situation that it required extraordinary efforts to maintain any sort of cleanliness, sanitation, or livability, largely due to the presence of drug addicted, homeless persons which often times broke into vacant units creating damage and requiring Tri State to expend additional labor hours to deal with the situation.  This also included Mr. Lentine being shot at by known heroin addicts who were breaking into vehicles.

3. Construction work initiated by the City caused multiple sewer collapses resulting in basement backups requiring pumpouts, cleaning with bleach, repairing and replacing heating systems (at least 5), some requiring excavation of at least 90 lineal feet at a depth of 14 feet.

Mr. Lentine would be happy to testify for the court on the work that has been done. These are just a few examples of the many that exist requiring extraordinary attention and money spent, but they are certainly not all of them.

Additionally, Tri State was hired by the Receiver Konza LLC and began work approximately March 1, 2020 based on the Receiver order, Section 3 paragraph B, that grants to the Receiver the power to employ such attorneys, managers, agents and persons as **it's judgement are advisable or necessary for performance of the duties of the Receiver**; and C, retain contractors and other persons and entities to make repairs to the properties and to maintain the properties. Section 4, in carrying out it's duties, Receiver is entitled to **exercise of it's own business judgement as the Receiver deems appropriate within it's sole discretion**.

The Receiver, in his sole discretion hired Tri State Organization, Inc. to manage and make repairs to the properties as required, and to rent said properties. The Receiver has received 36 monthly reports of expenses, which he reviewed an submitted to the court, and at no time did the Receiver question any aspect of the bill provided by Tri State, that had not been answered to Receiver's satisfaction. In fact, the Receiver has defended actions questioning reports by John Klosterman.

Additionally, Receiver has made a motion on December 5, 2022 requesting the court order Tri State to be paid. In absence of any specific items under question, Tri

State would move this court to issue an order granting Konza LLC's motion that Tri State Organization, Inc. be paid. HCLRC essentially points and says "we don't like the bills, they seem too much, they can't reconcile them", movant would argue that he entered into this job based on the authority granted to the Receiver by this honorable court. If contractors cannot be assured of payment when working under Receiver orders, what company would take these jobs? Movant would also put forth to the court that Mr. Lentine spoke regularly with Mr. Boydston, multiple times daily in reference to work that needed done, work in progress, and all special situations.

Further at multiple points during the Receivership, Joseph Lentine met with Richard Boydston of Konza LLC requesting that he be relieved, and expressing that he did not want to expend any more money on these jobs. The Receiver assured him of payment at the end, movant would suggest that essentially HCLRC should have no say in the bills submitted to the Receiver for 36 months and wish now only to protest the amounts because it benefits them and that not any money not spent, they ge to keep, according to the terms of the sale. Joseph Lentine and Tri State should be immediately ordered paid by this court from any funds collected through rents, insurance settlements, claims against the city or sales of properties.

In addition, HCLRC's claim that there would not be enough funds to pay the city, the real estate agent, the Receiver and Tri State. This is due to the ridiculous terms of the sale allowing HCLRC to keep whatever money it does not spend. Movant would suggest that the terms of this sale amount to nothing more than an artifice or scheme to defraud not only Tri State of it's just compensation but to deny the actual owner (John Klosterman) any of the residual funds. Based on the rent roll of $15,000, Tri State estimates that the properties should be worth between 1.8 million and 2.7 million. So

the presumption that essentially HCLRC's purchase price of paying the city for it's foreclosure, the Receiver, the real estate agent, would put the sale somewhere under 1 million, allowing them to keep at least $700,000 - this is not the way any sale is supposed to work. Movant would suggest that as an agent for the Receiver, the Receiver's protections are conferred upon Tri State and Joseph Lentine, designating Tri State and Joseph Lentine's bills as a first and best lien. Based on the above facts, Tri State would request an immediate hearing be scheduled and the court rule on Konza's motion from December 5th, requesting an order directing payment to Tri State by Konza LLC.

Tri State and Joseph Lentine have continued to expend money at the request of the Receiver for over three years. It's time Tri State be paid and allowed to settle it's accounts, which in many cases are overdue, waiting on payment from this court.

Respectfully Submitted on this 2nd day of March, 2023

Joseph Lentine

## CERTIFICATE OF SERVICE

I certify that copies of the foregoing were served on each of the following as indicated below on March 2, 2023.

Kate Burroughs, Esq.
Erica Faaborg, Esq.
Counsel for City of Cincinnati
214 City Hall
801 Plum Street
Cincinnati, Ohio 45202
kate.burroughs@cincinnati-oh.gov
erica.faaborg@cincinnati-oh.gov
Via Email

James S. Sayre, Esq.
Counsel for Defendants
Hamilton County Auditor & Treasurer
Assistant Prosecuting Attorney
230 East Ninth Street, Suite 4000
Cincinnati, Ohio 45202
james.sayre@hcpros.org
Via email

Teresa Perkins, Esq.
Counsel for Defendant Hamilton County
Support Enforcement Agency
perkit02@jfs.hamilton-co.org
Via Email

Kelley L. Allesee
Three East Fourth Street, Suite 300
Cincinnati, Ohio 45202
kallesee@cincinnatiport.org
Counsel for the Hamilton County Land
Reutilization Corporation
Via email

Christian D. Donovan, Esq.
Counsel for Defendant
Warsaw Federal Savings & Loan
Association aka Warsaw FS & LA
Luper Neidenthal & Logan
1160 Dublin Road, Suite 400
Columbus, OH 43215-1052
edonovan@LNLattorneys.com
Via Email

Amy K. Kaufman, Esq.
Counsel for Defendants State of Ohio
Department of Taxation and
Department of Job & Family Services
Dave Yost, Attorney General of Ohio
Collections Enforcement
150 East Gay Street
Columbus, OH 43215-3130
amy.kaufman@ohioattorneygeneral.gov
Via email

John Klosterman
5615 Sidney Road
Cincinnati, Ohio 45238
johncklosterman@gmail.com
Via Email

Richard Boydston
Dentons Bingham Greenebaum LLP
312 Walnut Street
Cincinnati, Ohio 45202
richard.boydston@dentons.com
Receiver, Konza LLC
Via email

Respectfully submitted,

Joseph Lentine
Tri State Organization, Inc.
673 Delhi Ave
Cincinnati, Ohio 45204
513-514-0015
jlentine@tristateorginc.com



D137695981

## IN THE COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CITY OF CINCINNATI, | : | **Case No. A1905588** |
| **Plaintiff,** | : | **Judge Wende C. Cross** |
| | : | |
| vs. | : | |
| | : | |
| | : | |
| | : | |
| **JOHN KLOSTERMAN,** | : | **MAGISTRATE'S ORDER** |
| | : | |
| **Defendant, et al.** | : | |

Before the Court is Joseph Lentine's motion for "Demand for Payment," filed March 2, 2023. The Court finds that the motion is not well taken. Mr. Lentine is not a licensed attorney in the state of Ohio and cannot file on behalf of Tri State Organization, Inc. Therefore, the motion is DENIED.

IT IS SO ORDERED.

**ANITA BERDING**
**CHIEF MAGISTRATE**
**COURT OF COMMON PLEAS**

## NOTICE

Copies of this Order have been mailed to the parties or their counsel.  This Order

is effective immediately.  Either party may appeal this Order by filing a Motion to Set the

Order Aside within ten days of the date this Order is filed.  The pendency of a Motion to

Set the Order Aside does not stay the effectiveness of this Order unless the Magistrate or

Judge grants a stay.

CC:

Amy L. Higgins, Esq.
Kelley L. Allesee, Esq.
3 East Fourth Street, Suite 300
Cincinnati, OH 45202

Richard Boydston
255 East 5th Street #2350
Cincinnati, Ohio 45202-4728

JOHN KLOSTERMAN
5615 Sidney Road
Cincinnati, Ohio 45238

SUSAN S. KLOSTERMAN
5615 Sidney Road
Cincinnati, Ohio 45238

Matthew J. Horwitz, Esq.
United States Attorney's Office
221 E. 4th St., Suite 400
Cincinnati, OH 45202

Amy K. Kaufman, Esq.
150 East Gay Street
Columbus, OH 43215-3130

Christian D. Donovan, Esq.
1160 Dublin Road, Suite 400
Columbus, OH 43215-1052

Teresa Perkins

CSEA
222 East Central Parkway, 6NW711
Cincinnati, OH 45202

Joseph Lentine
673 Delhi Avenue
Cincinnati, OH 45204

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT COPIES OF THE FOREGOING ORDER HAVE BEEN
SENT BY ORDINARY MAIL TO ALL PARTIES OR THEIR ATTORNEYS AS PROVIDED
ABOVE.

Date: _3-16-23_ Deputy Clerk: _____

Exhibit 6

**City of Cincinnati**

**Hamilton County Municipal Court**

| | | |
|---|---|---|
| City of Cincinnati | ) | |
| Plaintiff | ) | Case No. A1905588 |
| Vs. | ) | Judge Wende C. Cross |
| John Klosterman, et al. | ) | Magistrate Anita Berding |
| Defendant(s) | ) | **MOTION FOR LEAVE OF COURT** |

Comes now Joseph Lentine, on this 2nd day of March, 2023, and moves this honorable court to grant leave to bring a collateral action in the Federal Court for the Southern District of Ohio based on the below listed facts:



1.) The terms of sale of the Klosterman properties to HCLRC represent nothing more than an artifice scheme in violation of 18 U.S.C. ss1436

2.) That certain members of City government have exerted undue influence upon the Receiver in violation of City Charter causing the removal of Tri State from management position that it enjoyed for over three years.

3.) That certain members of the city staff have cooperated with HCLRC to obtain the Klosterman properties at less than market value, denying due compensation to Joseph Lentine/Tri State and owner John Klosterman.

4.) That due to cooperation between the City of Cincinnati and HCLRC, the general public and private investors were denied fair opportunity to bid on the Klosterman properties, thus denying realization of true market value

at sale in an attempt to deny just compensation to Joseph Lentine/Tri State and John Klosterman.

Respectfully Submitted on this 2nd day of March, 2023

Joseph Lentine

## CERTIFICATE OF SERVICE

I certify that copies of the foregoing were served on each of the following as indicated below on March 2, 2023.

Kate Burroughs, Esq.
Erica Faaborg, Esq.
Counsel for City of Cincinnati
214 City Hall
801 Plum Street
Cincinnati, Ohio  45202
kate.burroughs@cincinnati-oh.gov
erica.faaborg@cincinnati-oh.gov
Via Email

Christian D. Donovan, Esq.
Counsel for Defendant
Warsaw Federal Savings & Loan
Association aka Warsaw FS & LA
Luper Neidenthal & Logan
1160 Dublin Road, Suite 400
Columbus, OH 43215-1052
edonovan@LNLattorneys.com
Via Email

James S. Sayre, Esq.
Counsel for Defendants
Hamilton County Auditor & Treasurer
Assistant Prosecuting Attorney
230 East Ninth Street, Suite 4000
Cincinnati, Ohio  45202
james.sayre@hcpros.org
Via email

Amy K. Kaufman, Esq.
Counsel for Defendants State of Ohio
Department of Taxation and
Department of Job & Family Services
Dave Yost, Attorney General of Ohio
Collections Enforcement
150 East Gay Street
Columbus, OH  43215-3130
amy.kaufman@ohioattorneygeneral.gov
Via email

Teresa Perkins, Esq.
Counsel for Defendant Hamilton County
Support Enforcement Agency
perkit02@jfs.hamilton-co.org
Via Email

John Klosterman
5615 Sidney Road
Cincinnati, Ohio  45238
johncklosterman@gmail.com
Via Email

Kelley L. Allesee
Three East Fourth Street, Suite 300
Cincinnati, Ohio 45202
kallesee@cincinnatiport.org
Counsel for the Hamilton County Land
Reutilization Corporation
Via email

Richard Boydston
Dentons Bingham Greenebaum LLP
312 Walnut Street
Cincinnati, Ohio 45202
richard.boydston@dentons.com
Receiver, Konza LLC
Via email

Respectfully submitted,

_____

Joseph Lentine
Tri State Organization, Inc.
673 Delhi Ave
Cincinnati, Ohio 45204
513-514-0015
jlentine@tristateorginc.com

Exhibit 7



D137695985

## IN THE COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

CITY OF CINCINNATI,        :    **Case No. A1905588**

       **Plaintiff,**       :

                      :    **Judge Wende C. Cross**

**vs.**                    :

                      :

                      :

**JOHN KLOSTERMAN,**    :    <u>**MAGISTRATE'S ORDER**</u>

       **Defendant, et al.**    :

                      :

                      :

*FILED 2023 MAR 16 P 2:55 CLERK OF COURTS HAMILTON COUNTY OH COMMON PLEAS*

      Before the Court is Joseph Lentine's motion for Leave of Court to "file a collateral action," filed March 2, 2023. The Court finds that the motion is not well taken. Therefore, the motion is DENIED.

      IT IS SO ORDERED.

**ANITA BERDING
CHIEF MAGISTRATE
COURT OF COMMON PLEAS**

## NOTICE

Copies of this Order have been mailed to the parties or their counsel. This Order is effective immediately. Either party may appeal this Order by filing a Motion to Set the Order Aside within ten days of the date this Order is filed. The pendency of a Motion to Set the Order Aside does not stay the effectiveness of this Order unless the Magistrate or Judge grants a stay.

CC:

Amy L. Higgins, Esq.
Kelley L. Allesee, Esq.
3 East Fourth Street, Suite 300
Cincinnati, OH 45202

Richard Boydston
255 East 5th Street #2350
Cincinnati, Ohio 45202-4728

JOHN KLOSTERMAN
5615 Sidney Road
Cincinnati, Ohio 45238

SUSAN S. KLOSTERMAN
5615 Sidney Road
Cincinnati, Ohio 45238

Matthew J. Horwitz, Esq.
United States Attorney's Office
221 E. 4th St., Suite 400
Cincinnati, OH 45202

Amy K. Kaufman, Esq.
150 East Gay Street
Columbus, OH 43215-3130

Christian D. Donovan, Esq.
1160 Dublin Road, Suite 400
Columbus, OH 43215-1052

Teresa Perkins
CSEA
222 East Central Parkway, 6NW711

Cincinnati, OH 45202

Joseph Lentine
673 Delhi Avenue
Cincinnati, OH 45204

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY THAT COPIES OF THE FOREGOING ORDER HAVE BEEN
SENT BY ORDINARY MAIL TO ALL PARTIES OR THEIR ATTORNEYS AS PROVIDED
ABOVE.

Date: ___3-16-23___ Deputy Clerk: _____

Exhibit 8

**City of Cincinnati**

**Hamilton County Municipal Court**



D137665196

| | | |
|---|---|---|
| City of Cincinnati | ) | |
| Plaintiff | ) | Case No. A1905588 |
| Vs. | ) | Judge Wende Cross |
| John Klosterman, et al. | ) | Magistrate Anita Berding |
| Defendant(s) | ) | **MOTION TO INTERVENE** |

### MOTION TO INTERVENE

Comes now Joseph Lentine/Tri State Organization, Inc., on this 14th day of March, 2023, pursuant to Ohio Civ. R. 24 (A(2)) and moves this court to permit his intervention in the above captioned matter to protect his financial interests in the properties collectively known a the Klosterman Receivership, as his interests and those of Tri State Organization's are no longer being adequately protected by Receiver Richard Boydston. As a practical matter, failure to prevent intervention would impair and impede movants ability to protect his interests in the properties. Please see the following statement of facts:

1. Mr. Lentine/TSO initially became involved in the properties at the request of John Klosterman.

2. Mr. Lentine/TSO became aware that the properties were in receivership.

3. Mr. Lentine contacted Mr. Boydston with whom he had a previous association. Mr. Lentine agreed at the request of Mr. Boydston to stay on as the property manager.

4. The Receiver agreed that TSO should retain all rents to offset monies expended and that any difference would be paid upon sale. Mr. Boydston has been aware of this from the beginning.

5. Mr. Boydston has received 34 reports showing the deficit in the amount owed to TSO. It is disingenuous at this time for Mr. Boydston to infer that he is now surprised at the deficit to TSO. The court has received these same reports.

6. Mr. Boydston has consistently defended these and has now only with the terms of the sale with the Landbank permitting them to keep any unspent monies, that this has become an issue. Mr. Boydston has previously never questioned any of the bills submitted in the reports.

7. Mr. Lentine has utilized his personal funds as well as his personal credit cards in advance to TSO to continue this project.

8. Mr. Lentine has on multiple occasions met with Mr. Boydston and expressed his desire not to continue to lay out money for fear of failure to obtain payment.

9. Mr. Lentine/TSO has placed a mechanic's lien, pursuant to Ohio law, in that he provided labor and material to the subject properties to which he has not been paid, at the direction of Mr. Boydston.

10. Mr. Boydston has always been well aware of work being conducted and on multiple occasions has directed the employees of TSO. There are supporting emails, texts and witnesses to support the facts set forth in this motion to intervene.

11. The desire for Lentine/TSO to protect this interests are real and tangible.

12. Lentine/TSO was replaced as property manager due to interference in the Receivership by City council members in violation of City Charter, who engaged

in illegal contact with the Receiver in an attempt to have TSO removed as property manager for engaging in his required duties *(to whit the eviction of Damian Ford). In three years as property manager there have been no major incidents involving the subject properties. In less than one month since being replaced by Gateway Home Services team, two properties have been burned by tenants who Tri State has had under eviction and the Receiver interfered in those evictions, allowing the persons to stay, resulting in both house fires. It would appear that the Gateway Home Service team engaged by the Receiver, in order to appease City Council members and the Landbank are not up to the challenge required in managing properties of this sort, putting at serious risk the value of the collective properties, known as the Klosterman Receivership.

It is for these reasons that the motions have been filed to protect the financial interests of both Joseph Lentine and TSO. Joseph Lentine/TSO pray this court allow intervention by way of right in it's financial stake in the properties.

Respectfully Submitted on this 14th day of March, 2023

Joseph Lentine

## CERTIFICATE OF SERVICE

I certify that copies of the foregoing were served on each of the following as indicated below on March 14, 2023.

Kate Burroughs, Esq.
Erica Faaborg, Esq.
Counsel for City of Cincinnati
214 City Hall
801 Plum Street
Cincinnati, Ohio 45202
kate.burroughs@cincinnati-oh.gov
erica.faaborg@cincinnati-oh.gov
Via Email

James S. Sayre, Esq.
Counsel for Defendants
Hamilton County Auditor & Treasurer
Assistant Prosecuting Attorney
230 East Ninth Street, Suite 4000
Cincinnati, Ohio 45202
james.sayre@hcpros.org
Via email

Teresa Perkins, Esq.
Counsel for Defendant Hamilton County
Support Enforcement Agency
perkit02@jfs.hamilton-co.org
Via Email

Kelley L. Allesee
Three East Fourth Street, Suite 300
Cincinnati, Ohio 45202
kallesee@cincinnatiport.org
Counsel for the Hamilton County Land
Reutilization Corporation
Via email

Christian D. Donovan, Esq.
Counsel for Defendant
Warsaw Federal Savings & Loan
Association aka Warsaw FS & LA
Luper Neidenthal & Logan
1160 Dublin Road, Suite 400
Columbus, OH 43215-1052
edonovan@LNLattorneys.com
Via Email

Amy K. Kaufman, Esq.
Counsel for Defendants State of Ohio
Department of Taxation and
Department of Job & Family Services
Dave Yost, Attorney General of Ohio
Collections Enforcement
150 East Gay Street
Columbus, OH 43215-3130
amy.kaufman@ohioattorneygeneral.gov
Via email

John Klosterman
5615 Sidney Road
Cincinnati, Ohio 45238
johncklosterman@gmail.com
Via Email

Richard Boydston
Dentons Bingham Greenebaum LLP
312 Walnut Street
Cincinnati, Ohio 45202
richard.boydston@dentons.com
Receiver, Konza LLC
Via email

Respectfully submitted,

Joseph Lentine
Tri State Organization, Inc.
673 Delhi Ave
Cincinnati, Ohio 45204
513-514-0015
jlentine@tristateorginc.com

Exhibit 9

**City of Cincinnati**

**Hamilton County Municipal Court**



D137759821

| City of Cincinnati | ) | |
| | | |
| Plaintiff | ) | Case No. A1905588 |
| Vs. | ) | Judge Wende C. Cross |
| John Klosterman, et al. | ) | Magistrate Anita Berding |
| Defendant(s) | ) | **MOTION TO INTERVENE** |

---

### MOTION TO INTERVENE

Comes now Joseph Lentine/Tri State Organization, Inc., on this 23rd day of March, 2023, pursuant to Ohio Civ. R. 24 (A(2)) and moves this court to permit his intervention in the above captioned matter to protect his financial interests in the properties collectively known a the Klosterman Receivership, as his interests and those of Tri State Organization's are no longer being adequately protected by Receiver Richard Boydston. As a practical matter, failure to prevent intervention would impair and impede movants ability to protect his interests in the properties. Please see the following statement of facts:

1. Mr. Lentine/TSO initially became involved in the properties at the request of John Klosterman.

2. Mr. Lentine/TSO became aware that the properties were in receivership.

3. Mr. Lentine contacted Mr. Boydston with whom he had a previous association. Mr. Lentine agreed at the request of Mr. Boydston to stay on as the property manager.

4. The Receiver agreed that TSO should retain all rents to offset monies expended and that any difference would be paid upon sale. Mr. Boydston has been aware of this from the beginning.

5. Mr. Boydston has received 34 reports showing the deficit in the amount owed to TSO. It is disingenuous at this time for Mr. Boydston to infer that he is now surprised at the deficit to TSO. The court has received these same reports.

6. Mr. Boydston has consistently defended these and has now only with the terms of the sale with the Landbank permitting them to keep any unspent monies, that this has become an issue. Mr. Boydston has previously never questioned any of the bills submitted in the reports.

7. Mr. Lentine has utilized his personal funds as well as his personal credit cards in advance to TSO to continue this project.

8. Mr. Lentine has on multiple occasions met with Mr. Boydston and expressed his desire not to continue to lay out money for fear of failure to obtain payment.

9. Mr. Lentine/TSO has placed a mechanic's lien, pursuant to Ohio law, in that he provided labor and material to the subject properties to which he has not been paid, at the direction of Mr. Boydston.

10. Mr. Boydston has always been well aware of work being conducted and on multiple occasions has directed the employees of TSO. There are supporting emails, texts and witnesses to support the facts set forth in this motion to intervene.

11. The desire for Lentine/TSO to protect this interests are real and tangible.

12. Lentine/TSO was replaced as property manager due to interference in the Receivership by City council members in violation of City Charter, who engaged

in illegal contact with the Receiver in an attempt to have TSO removed as property manager for engaging in his required duties *(to whit the eviction of Damian Ford). In three years as property manager there have been no major incidents involving the subject properties. In less than one month since being replaced by Gateway Home Services team, two properties have been burned by tenants who Tri State has had under eviction and the Receiver interfered in those evictions, allowing the persons to stay, resulting in both house fires. It would appear that the Gateway Home Service team engaged by the Receiver, in order to appease City Council members and the Landbank are not up to the challenge required in managing properties of this sort, putting at serious risk the value of the collective properties, known as the Klosterman Receivership.

It is for these reasons that the motions have been filed to protect the financial interests of both Joseph Lentine and TSO. Joseph Lentine/TSO pray this court allow intervention by way of right in it's financial stake in the properties.

Respectfully Submitted on this 23rd day of March, 2023

_____

Joseph Lentine

## CERTIFICATE OF SERVICE

I certify that copies of the foregoing were served on each of the following as indicated below on March 23, 2023.

Kate Burroughs, Esq.
Erica Faaborg, Esq.
Counsel for City of Cincinnati
214 City Hall
801 Plum Street
Cincinnati, Ohio 45202
kate.burroughs@cincinnati-oh.gov
erica.faaborg@cincinnati-oh.gov
Via Email

James S. Sayre, Esq.
Counsel for Defendants
Hamilton County Auditor & Treasurer
Assistant Prosecuting Attorney
230 East Ninth Street, Suite 4000
Cincinnati, Ohio 45202
james.sayre@hcpros.org
Via email

Teresa Perkins, Esq.
Counsel for Defendant Hamilton County
Support Enforcement Agency
perkit02@jfs.hamilton-co.org
Via Email

Kelley L. Allesee
Three East Fourth Street, Suite 300
Cincinnati, Ohio 45202
kallesee@cincinnatiport.org
Counsel for the Hamilton County Land
Reutilization Corporation
Via email

Christian D. Donovan, Esq.
Counsel for Defendant
Warsaw Federal Savings & Loan
Association aka Warsaw FS & LA
Luper Neidenthal & Logan
1160 Dublin Road, Suite 400
Columbus, OH 43215-1052
edonovan@LNLattorneys.com
Via Email

Amy K. Kaufman, Esq.
Counsel for Defendants State of Ohio
Department of Taxation and
Department of Job & Family Services
Dave Yost, Attorney General of Ohio
Collections Enforcement
150 East Gay Street
Columbus, OH 43215-3130
amy.kaufman@ohioattorneygeneral.gov
Via email

John Klosterman
5615 Sidney Road
Cincinnati, Ohio 45238
johncklosterman@gmail.com
Via Email

Richard Boydston
Dentons Bingham Greenebaum LLP
312 Walnut Street
Cincinnati, Ohio 45202
richard.boydston@dentons.com
Receiver, Konza LLC
Via email

Respectfully submitted,

_____
Joseph Lentine
Tri State Organization, Inc.
673 Delhi Ave
Cincinnati, Ohio 45204
513-514-0015
jlentine@tristateorginc.com

Exhibit 10

## IN THE COURT OF COMMON PLEAS
## HAMILTON COUNTY, STATE OF OHIO

| | | |
|---|---|---|
| CITY OF CINCINNATI | : | Case No. A 19 05588 |
| | : | |
| Plaintiff | : | APPLICATION FOR PAYMENT OF |
| vs. | : | COSTS, EXPENSES and FEES |
| | : | to TRI STATE ORGANIZATION, INC. |
| JOHN KLOSTERMAN et al | : | and JOSEPH LENTINE |
| | : | |
| Defendants | : | Judge Wende C. Cross |

Comes Tri-State Organization, Inc., and it's officer Joseph Lentine, by and through counsel, pursuant to O.R.C. §2735.04(C), and request that funds expended by Tri State Organization, Inc., for and on behalf of the Receiver, and fees for professionals assisting the receivership, be taxed as court costs, or otherwise treated as an administrative expense of the action, and ordered paid to Tri State Organization Inc. and Joseph Lentine, respectively, from proceeds of sale of the receivership properties.

### MEMORANDUM

Upon the Motion of Plaintiff City of Cincinnati to Appoint Receiver under O.R.C. §2735.01, by order entered on February 14, 2020, Konza LLC, by its Manager Richard Boydston, was appointed as Receiver for fifty-nine (59) properties, titled to Defendant John Klosterman, and related Klosterman entities, referred to as the Properties, as more fully identified in that Order.

As provided in the February 14, 2020 Order, P. 3 Powers of Receiver, Konza LLC was granted all powers of a receiver under O.R.C. §2735, as to the Properties, and the orders issued by the Court in instant case. The Receiver was expressly authorized to take any action to manage, maintain, preserve, lease and rent all of the Properties; to employ such attorneys, managers, agents, and persons as its judgment, are advisable or necessary for performance of the duties of the Receiver; and to retain contractors and other persons and entities, to make repairs and to maintain the Properties.

Pursuant to exercise of the authority, the Receiver, by its Manager Richard Boydston, contracted with Tri State Organization Inc., and its officer Joseph Lentine, hereafter referred to as

Tri State, to manage the Properties, to collect rents, to respond and remedy tenant complaints, and to put units in shape to be rented, on time and materials basis.

At the express direction of Receiver, Tri State commenced management of the Properties on or about March 1, 2020, and continuously performed that role until January 20, 2023.  Tri State submitted to Receiver Konza, monthly reports of the operation of the Properties, including summaries of rent collections, funds expended for maintenance, repair and restoration expenses, including labor costs, all incurred for and on behalf of the receivership.  Each monthly report included summary of Tri State costs and expenses, the total rents collected as set-off to the total expense, and cumulative total balance due to Tri State for costs and expenses of management of the Properties.  Without objection, Receiver Konza appended each of the thirty-five (35) monthly Tri State reports, to Receiver's Reports filed with the Court.

With the Receiver's Thirty-Fifth Report, filed on February 17, 2023, Tri State reported a cumulative balance $148,181.40, was due to it for costs and expenses incurred on behalf of the Receiver, for management, maintenance, repair and restoration of the Receivership Properties, for the period March 1, 2020 through January 20, 2023.  Tri State has claimed additional sum of $21,325 as commission on rentals of Receivership Properties.  The balance due to Tri State for costs and expenses incurred, for and on behalf of Receiver has not been paid.

On or about February 20, 2020, Receiver Konza, by its Manager Richard Boydston, agreed that Joseph Lentine would receive compensation for professional services rendered as project / construction manager for the receivership.  As of January 20, 2023, Lentine claims a cumulative balance of $210,000 due for Lentine services in that capacity, provided for and on behalf of the Receiver.  The balance due to Lentine for professional services rendered on behalf of Receiver has not been paid.

On September 26, 2022, Receiver submitted Motion to Approve Sale of the Receivership Properties to Plaintiff, for the sum of $1,474,017, including $674,017 credit on judgement in favor of City of Cincinnati, and $800,000 Cash Component.  Order Approving Sale was entered on October 19, 2022.  Order Approving Sale is silent as payment of balance due to Tri State and Lentine for expenses and services assisting the receivership.

On December 5, 2022,  Receiver submitted Motion For Approval of Fees and Expenses of Tri State, and Request For Order Directing Payment to Tri State.  On January 3, 2023, Plaintiff filed Memorandum In Opposition to Receiver Motion to Approve Tri State Organization Fees and

Expenses. Receiver Motion remains pending, and no further action has been taken action to secure distribution and payment to Tri State and Lentine from the proceeds of sale of the Properties.

As provided in O.R.C. 2735.04(C), Tri State Organization Inc and Joseph Lentine request that funds expended by Tri State, and fees for Lentine professional services assisting the receivership, be taxed as court costs, or as administrative expense of the action, and that the Court make Order Directing Payment to Tri State and Lentine from proceeds of sale of the Receivership Properties, or such other relief as the Court may deem appropriate.

Respectfully submitted,

/s/  James L. Nieberding    (Reg. 0038638)
Nieberding & Nieberding Co LPA
810 Sycamore St Ste 423
Cincinnati, Ohio 45202
Tel:  513-241-2226
Fax:  513-338-1828
Email:  jnieberding1117@gmail.com

CERTIFICATE OF SERVICE

I certify that I have sent a copy of the foregoing Application to all parties and counsel via electronic transmission to parties and counsel on May 1, 2023 to richard.boydston@dentons.com, kate.burroughs@cincinnati-oh.gov, erica.faaborg@cincinnati-oh.gov, james.sayres@hcpros-org, perkit02@JFS.Hamilton-co.org, kallesee@cincinnatiport.org, cdonovan@LNLattorneys.com, amy.kaufman@ohioattorneygeneral.gov, and johnklosterman@gmail.com.

/s/  James L. Nieberding

Richard C. Boydston, Esq.
Dentons Bingham Greenbaum LLP
312 Walnut St Ste 250
Cincinnati, OH 45202
richard.boydston@dentons.com

Kate Burroughs, Esq.
Erica Faaborg, Esq.
City of Cincinnati, 801 Plum St
Cincinnati, OH 45202
kate.burroughs@cincinnati-oh.gov
erica.faaborg@cincinnati-oh.gov

James S. Sayres, Esq.
Asst. Pros Atty Hamilton County
230 E. 9th St Ste 4000
Cincinnati, OH 45202
james.sayres@hcpros-org

Teresa Perkins, Esq.
CSEA 222 E. Central Pkwy 6NW711
Cincinnati, OH 45202
perkit02@JFS.Hamilton-co.org

Kelley L. Allesee, Esq.
3 E 4th St, Ste 300
Cincinnati, OH 45202
kallesee@cincinnatiport.org

Christian D. Donovan, Esq.
Luper Neidentahl  & Logan
1160 Dublin Rd. Ste 400
Columbus, OH 43215-1052
cdonovan@LNLattorneys.com

Amy K. Kaufman, Esq.
Asst AG State of Ohio
Collection Enforcement
150 E. Gay St
Columbus, OH 43215-3130
amy.kaufman@ohioattorneygeneral.gov

John Klosterman
5615 Sidney Rd
Cincinnati, OH 45238
johnklosterman@gmail.com

Exhibit 11

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, STATE OF OHIO

| | | |
|---|---|---|
| CITY OF CINCINNATI | : | Case No. A 19 05588 |
| | : | |
| Plaintiff | : | AMENDED MOTION TO INTERVENE |
| v. | : | TRI STATE ORGANIZATION INC |
| | : | and JOSEPH LENTINE |
| JOHN KLOSTERMAN et al | : | |
| | : | |
| | : | Judge Wende C. Cross |
| Defendants | : | Magistrate Anita P. Berding |

Come Tri-State Organization, Inc., and Joseph Lentine, by and through counsel, pursuant to Rule 24 of the Rules of Civil Procedure, and do respectfully submit Amended Motion To Intervene in this action.

On March 14, 2023, Tri-State Organization Inc. and Joseph Lentine, hereafter referred to as TSO and Lentine, filed pro se Motion To Intervene in the instant action. On March 23, 2023, TSO and Lentine filed subsequent pro se Motion to Intervene. The Motions are pending before this Court for determination.

Applicants TSO and Lentine each claim legally protectable interests in the transaction that is the subject of the action, and are so situated that disposition of the action will, as a practical matter, impair or impede their ability to protect their interests.

MEMORANDUM

I.      FACTUAL BACKGROUND.

By February 14, 2020 Order of this Court, Konza LLC was appointed Receiver under O.R.C. §2735.01, as to fifty-nine real property parcels of Defendants John Klosterman and Susan Klosterman, Defendant Boldface Properties LLC, Defendant Sedamsville Heritage Properties LLC, Defendant Virginia Williamsburg LLC, Defendant Worldwide Mobile Latrine Inc., Defendant Emily Vets LLC, hereafter referred to as the Properties. Konza LLC was expressly authorized to take any action to manage, maintain, preserve, lease and rent all of the Properties; to

1

employ such attorneys, managers, agents, and persons as in its judgment, are advisable or necessary for performance of the duties of the Receiver; and to retain contractors and other persons and entities, to make repairs  and to maintain the Properties.

Pursuant to exercise of the authority, Konza LLC, by its Manager Richard Boydston, contracted with TSO and Lentine, to manage the Properties, to collect rents, to respond and remedy tenant complaints, and to put units in shape to be rented.  At the express direction of Receiver / Konza LLC, TSO and Lentine commenced management of the Properties on or about March 1, 2020, and continuously performed that role until January 20, 2023.  TSO submitted monthly reports of the operation of the Properties, including summaries of rent collections, expenditures for management, maintenance, repair and restoration expenses, including labor costs, all incurred for and on behalf of the receivership.

TSO and Lentine prepared thirty-five (35) monthly reports, for the period from March 1, 2020 through January 20, 2023, which reports were submitted to Receiver.  The TSO reports included monthly summary of rents collected and TSO costs and expenses.  The total rents collected were set-off against the total monthly TSO expense, and cumulative total balance due to TSO for costs and expenses of management of the Properties was reported to Receiver.  Without objection, Konza LLC appended each of TSO's thirty-five (35) monthly reports, to Receiver's Reports filed with the Court.

On September 26, 2022, Receiver submitted Motion to Approve Sale of the Receivership Properties to Plaintiff, for the sum of $1,474,017, including $674,017 credit on judgement in favor of City of Cincinnati, and $800,000 Cash Component.  Order Approving Sale was entered on October 19, 2022.  That Order is silent as payment to TSO and Lentine for expenses and services assisting the receivership.

On December 5, 2022,  Receiver submitted Motion For Approval of Fees and Expenses of Tri State Organization, and Request For Order Directing Payment to Tri State Organization.  A copy of the Receiver's Motion is attached as Exhibit 1.  On January 3, 2023, Substitute Plaintiff HCLRC filed Memorandum In Opposition to Receiver Motion to Approve Tri State Organization Fees and Expenses. The Receiver's December 5, 2022 Motion For Approval of Fees and Expenses remains pending for determination; and, no action was taken action to secure distribution and

2

payment of any part of the balance due to TSO and Lentine from the proceeds of sale of the Properties.

With the Receiver's Thirty-Fifth Report, filed on February 17, 2023, TSO reported a cumulative deficit balance $148,181.40, was due and owing to it for costs and expenses incurred on behalf of the Receiver, for management, maintenance, repair and restoration of the receivership Properties, for the period March 1, 2020 through January 20, 2023. TSO has claimed additional sum of $21,325 as commission on rentals of receivership Properties. The balance due to TSO for costs and expenses incurred, for and on behalf of Receiver has not been paid.

As of January 20, 2023, Lentine claimed a cumulative balance of $210,000 due for services in the capacity of project / construction manager, provided for and on behalf of the Receiver. The balance due to Lentine for those services rendered on behalf of Receiver has not been paid.

On May 1, 2023, without determination or withdrawal of the December 5, 2022 Motion For Approval of Fees and Expenses of Tri-State, the Receiver proceeded to closing and final settlement of the judicial sale, executed and delivered deed to Substitute Plaintiff HCLRC for the receivership properties. Receiver Konza received distribution of $499,717 as receivership fees and legal fees. No provision was made at settlement, for payment of any part of balance due to TSO or Lentine for fees and expenses, expended at the express direction of Receiver / Konza LLC, for a period of nearly three years.

On May 1, 2023, TSO and Lentine submitted Application For Payment of Costs, Expenses and Fees. A copy of that Application to Tax as Costs is attached to this Motion to Intervene as Exhibit 2.

II.     INTERVENTION.

1.      ORCP Rule 24.          Intervention.

(A)     Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

3

(B)     Permissive Intervention.  Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. … In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

2.      This Amended Motion to Intervene is made in timely manner.  Applicants TSO and Lentine initially filed Motions to Intervene on March 14, 2023 and March 23, 2023.  Both Motions remain pending.  Sale of the receivership Properties to Substitute Plaintiff HCLRC was completed on May 1, 2023; and Receiver submitted Report of Sale on May 23, 2023.   The first of TSO / Lentine Motions to Intervene were filed fully 45 days prior to Receiver sale.  This Amended Motion To Intervene is made within 30 days after Report of Sale.

3.      TSO and Lentine make the within application for intervention as matter of right.  Applicants TSO and Lentine claim interests in the property or transaction that is subject of the action, by virtue of services provided at the direction and on behalf of Court-appointed Receiver Konza LLC, for management, maintenance, repair and restoration of the Receivership Properties, for the period March 1, 2020 through January 20, 2023.

4.      O.R.C. §2735.04(C) provides as follows:  Any funds that are expended by or on behalf of the receiver, including receivership fees, fees for professionals assisting the receivership, and those expended in entering into or performing contracts under division (B)(4) of this section, including those for completion of construction work authorized by the court, shall be taxed as court costs or otherwise treated as an administrative expense.  As provided by ORC §2735.04, the expenses claimed by TSO and Lentine, for and on behalf of the Receiver, are legally protectable, and should be taxed as costs or administrative expense.

5.      Intervention in this action is, at present, the sole remedy available to TSO and Lentine.  The February 14, 2020 Order Appointing Receiver @ P. 12 expressly provides "No person or entity

4

shall file suit against the Receiver, take other action against the Receiver, or execute against the Properties, without an explicit and prior order of this Court permitting the suit or action."

6.      Disposition of the underlying action will, in fact, impair or impede TSO and Lentine, ability to protect their interests.  On December 5, 2022, Receiver Konza LLC submitted Motion For Approval of Fees and Expenses of Tri State, and Request For Order Directing Payment to Tri State. (See Exhibit 1 attached.)  Substitute Plaintiff HCLRC opposed the Motion.  To this date, no action has been taken by the Receiver or the Court to make determination of the pending motion.  Given the Receiver unwillingness, or refusal, to pursue judicial determination of the December 5, 2022 Motion For Approval of Fees, it is apparent that TSO and Lentine interests are not adequately protected by the Receiver or existing parties.  TSO and Lentine purpose in seeking intervention is compelling. There are unusual circumstances weighing in favor of intervention.

7.      Civ. R. 24 is to be liberally construed in favor of intervention.  Upon assertion of a claim of legally protectable interest relating to the property or transaction that is the subject of the action, and an applicant so situated that that disposition of the underlying action will impair or impede ability to protect its interest, intervention should be permitted as a matter of right.   Applicant's interest must be one that is legally protectable, and must not be adequately protected by existing parties.  *State ex rel. Merrill v. ODNR* (2011) 130 Ohio State 3d. 30, P.42- P.43; *Freedom Mortgage Corp. v. Milhoan* (7 CA 2014) 2014-Ohio-881 @ P.58.

8.      Permissive intervention should be allowed when the applicant's claims and the main action have questions of law or fact in common.  The court shall consider whether intervention will unduly delay of prejudice adjudication of the rights of the original parties.  *State ex rel. Merrill* @ P. 43.  TSO and Lentine claims and the main action have considerable common questions of law and fact.  The authority of the Receiver to engage the services of TSO and Lentine are expressly set down in the Order Appointing Receiver.  TSO and Lentine provided to Receiver thirty-five monthly reports, summarizing rents collected for the Receivership Properties, and costs and expenses incurred in connection with maintenance, repair and management of the Receivership Properties, for the period from February 2020 through January 2023. TSO reports were appended to Receiver Monthly Reports filed with the Court, without objection, and available to all parties.

5

The Receiver has made application for allowance of receiver fees, and attorney fees in the administration of the receivership, which fees were allowed and paid at closing of the sale transaction.

9.     The Properties have been sold by the Receiver, and there are substantial costs and expense of the administration of the receivership, due to TSO and Lentine, that have yet to be determined and paid.  Those are matters that have been pending before this Court for considerable period prior to Receiver's sale, that have yet to be resolved.  TSO and Lentine intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. The Receiver has completed sale of the receivership properties, and distribution of the proceeds of sale has been made. Substitute Plaintiff HCLRC has taken title and possession of the receivership Properties.

10.     Applicants have attached Receiver December 5, 2022 Motion For Approval of Fees and Expenses of Tri State, and Request For Order Directing Payment to Tri State (Exhibit 1),  and TSO and Lentine May 1, 2023 Application For Payment of Costs, Expenses and Fees.  The Receiver's December 5, 2022 Motion and TSO's May 1, 2023 Application for Payment of Costs, Expenses and Fees, set forth the claims for which TSO and Lentine seek intervention in the action.

III.     CONCLUSION:

TSO and Lentine seek intervention to make proper arguments concerning Receiver Konza's authority to employ such attorneys, managers, agents, and persons as in its judgment, were advisable or necessary for performance of the duties of the Receiver; to retain contractors and other persons and entities, to make repairs, and maintain the Properties; and, the application of ORC §2735.04 to TSO and Lentine claims for payment of fees and expenses incurred on behalf of the Receiver, to manage, maintain, preserve, lease and rent all of the Properties.  ORC §2735.04 and Order Appointing Receiver, create and confer on TSO and Lentine, a legally protectable interest in the property or transaction that is the subject of the action, and permit intervention as of right, under Civ. R. 24(A)(1) and (A)(2).  There are common questions of law and fact between the claims of TSO and Lentine, and the main action, allowing permissive intervention under Civ. R 24(B).

Respectfully submitted,

/s/ James L. Nieberding    (Reg. 0038638)
Nieberding & Nieberding Co LPA
810 Sycamore St Ste 423
Cincinnati, Ohio 45202
Tel: 513-241-2226
Fax: 513-338-1828
Email: jnieberding1117@gmail.com


CERTIFICATE OF SERVICE

I certify that I have sent a copy of the foregoing Amended Motion to Intervene to all parties and counsel, via electronic transmission to parties and counsel on June 20, 2023 to richard.boydston@dentons.com, kate.burroughs@cincinnati-oh.gov, erica.faaborg@cincinnati-oh.gov, james.sayres@hcpros-org, perkit02@JFS.Hamilton-co.org, kallesee@cincinnatiport.org, cdonovan@LNLattorneys.com, amy.kaufman@ohioattorneygeneral.gov, john.klosterman@gmail.com, and cynthia.fischer@dinsmore.com.


/s/ James L. Nieberding


Cynthia M. Fischer, Esq.
Martine R. Dunn, Esq.
Dinsmore & Shohl LLP
255 E. 5th St, Ste 1900
Cincinnati, OH 45202
cynthia.fischer@dinsmore.com

Richard C. Boydston, Esq.
Dentons Bingham Greenbaum LLP
312 Walnut St Ste 250
Cincinnati, OH 45202
richard.boydston@dentons.com

Kate Burroughs, Esq.
Erica Faaborg, Esq.

7

City of Cincinnati, 801 Plum St
Cincinnati, OH 45202
kate.burroughs@cincinnati-oh.gov
erica.faaborg@cincinnati-oh.gov


James S. Sayre, Esq.
Asst. Pros Atty Hamilton County
230 E. 9th St Ste 4000
Cincinnati, OH 45202
james.sayre@hcpros-org

Teresa Perkins, Esq.
CSEA 222 E. Central Pkwy 6NW711
Cincinnati, OH 45202
perkit02@JFS.Hamilton-co.org


Kelley L. Allesee, Esq.
3 E 4th St, Ste 300
Cincinnati, OH 45202
kallesee@cincinnatiport.org

Christian D. Donovan, Esq.
Luper Neidentahl  & Logan
1160 Dublin Rd. Ste 400
Columbus, OH 43215-1052
cdonovan@LNLattorneys.com

Amy K. Kaufman, Esq.
Asst AG State of Ohio
Collection Enforcement
150 E. Gay St
Columbus, OH 43215-3130
amy.kaufman@ohioattorneygeneral.gov

John Klosterman
5615 Sidney Rd
Cincinnati, OH 45238
John.klosterman@gmail.com

8

EXHIBIT 1

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CITY OF CINCINNATI, | : | Case No. A1905588 |
| | : | (Judge Wende C. Cross) |
| Plaintiff, | : | (Magistrate Anita P. Berding) |
| | : | |
| v. | : | |
| | : | MOTION BY RECEIVER FOR |
| JOHN KLOSTERMAN, et al., | : | APPROVAL OF FEES AND EXPENSES |
| | : | OF TRISTATE ORGANIZATION, INC. |
| Defendants. | : | THROUGH NOVEMBER 30, 2022 AND |
| | | <u>ORDER DIRECTING PAYMENT</u> |

Comes now Konza, LLC as the receiver appointed for all of the properties in this action

consisting of 59 Tracts of real property variously with 23 buildings and over 40 vacant lots

(collectively, the "Properties") and moves the Court to enter an order in the form of that tendered

herewith to approve certain fees and expenses claimed by TriState Organization, Inc. ("TSO")

and order the Escrow Agent under the Agreement for Purchase and Sale and Escrow Instructions

dated effective September 14, 2022 (the "PSA") to pay said fees and expenses to the Receiver

out of the proceeds of the sale of the Properties pursuant to the PSA in the amount and for the

reasons more fully set forth in the following memorandum.

Respectfully submitted,

<u>/s/ *Richard Boydston*</u>
Richard Boydston (0022360)
Counsel for Konza, LLC, Receiver
Dentons Bingham Greenebaum LLP
312 Walnut Street #2450
Cincinnati, Ohio 45202-4028
513.455.7663
513.762.7963 (fax)
richard.boydston@dentons.com

22522560.v1

## MEMORANDUM

The Court approved the sale of the Properties by the Receiver to Hamilton County Land Reutilization Corporation (the "Landbank") pursuant to the PSA by the Magistrate's Orde on Motion by Receiver to Approve Sale entered October 19, 2022 (the "Sale Order").

Prominent Title Agency, LLC (the "Title Company") is the Escrow Agent under the PSA. As such, the Title Company is to disburse the sale proceeds according to the PSA and all further order of the Court. At closing the Title Company will pay out of the sale proceeds for such items as are paid at a conventional real estate closing in Hamilton County including the commission payable to Jennifer Donathan of Keller Williams Advisors. By this motion, the Receiver seeks approval of fees and expenses claimed by TSO through November 30, 2022 and entry of an order for those approved fees and expenses to be paid to the Receiver by the Title Company.

TSO and defendant John Klosterman entered into agreements prior to the appointment of the Receiver for TSO to repair and maintain the Properties and for TSO to lease the building at 671-673 Delhi. Upon appointment TSO agreed to continue that work and to collect rent.

TOS has submitted to the Receiver monthly reports on rents and deposits collected and on expenses and on work done, all itemized and attached to the Receiver's monthly reports.

As of November 30, 2022 TSO claims the amount difference between what it collected and the expenses is $156,441.20 as is shown in the Receiver's Thirty-Third Report filed and served December 5, 2022 and TSO asserts it is due, and should be paid, that amount.

In addition, TSO submitted to the Receiver on November 14, 2022 a letter stating a claim for additional payment. A copy of that letter is attached marked Exhibit A.

The City of Cincinnati and substituted Plaintiff Hamilton County Land Reutilization Corporation have indicated to the Receiver that they wish to examine the claims by TSO for fees and reimbursement of expenses. The Receiver anticipates that examination will include requests for

2

information and production of documents by TSO. The Receiver expects to be involved in the examination. The time required to complete that examination is uncertain and depends on what is requested and how soon responses are made. In order to expedite, and to not delay, entry of an order approving other fees and expenses, the Receiver makes this separate motion to resolve the claims by TSO.

WHEREFORE, the Receiver prays the Court enter the tendered Order.

Respectfully submitted,

/s/ *Richard Boydston*
Richard Boydston (0022360)
Counsel for Konza, LLC, Receiver
Dentons Bingham Greenebaum LLP
312 Walnut Street #2450
Cincinnati, Ohio 45202-4028
513.455.7663
513.762.7963 (fax)
richard.boydston@dentons.com

22522560.v1

## CERTIFICATE OF SERVICE

I certify that copies of the foregoing and the attached were served on each of the following by email on December 5, 2022.

Kelley L. Allesee, Esq.
Counsel for Plaintiff Hamilton County
   Land Reutilization Corporation
3 East Fourth Street., Ste. 300
Cincinnati, OH 45202
kallesee@cincinnatiport.org

Kate Burroughs, Esq.
Erica Faaborg, Esq.
Counsel for City of Cincinnati
214 City Hall
801 Plum Street
Cincinnati, OH 45202
kate.burroughs@cincinnati-oh.gov
erica.faaborg@cincinnati-oh.gov

James S. Sayre, Esq.
Counsel for Defendants
   Hamilton County Auditor and Treasurer
Assistant Prosecuting Attorney
230 East Ninth Street, Suite 4000
Cincinnati, OH 45202
james.sayre@hcpros.org

Christian D. Donovan, Esq.
Counsel for Defendant
   Warsaw Federal Savings and Loan
   Association aka Warsaw FS & LA
Luper Neidenthal & Logan
1160 Dublin Road, Suite 400
Columbus, OH 43215-1052
cdonovan@LNLattorneys.com

Teresa Perkins, Esq.
Counsel for Defendant Hamilton County Child
   Support Enforcement Agency
CSEA 222 E. Central Parkway
6NW711
Cincinnati, OH 45202
perkit02@JFS.HAMILTON-CO.org

Amy K. Kaufman, Esq.
Counsel for Defendants State of Ohio,
   Department of Taxation and
   Department of Job & Family Services
Dave Yost, Attorney General of Ohio
Collections Enforcement
150 East Gay Street
Columbus, OH 43215-3130
amy.kaufman@ohioattorneygeneral.gov

John Klosterman
5615 Sidney Road
Cincinnati, OH 45238
johncklosterman@gmail.com

/s/ Richard Boydston

22522560.v1

# EXHIBIT A

22522560.v1

**TRI STATE ORGANIZATION INC.**
673 Delhi Avenue
Cincinnati, Ohio 45204
**513-244-6100**

November 14, 2022

Dear Rick,

As per our agreement, I am leaving the amount of my compensation for managing the properties up to you and the courts to decide what is a fair and equitable compensation.

I became the property/construction manager for the Klosterman receivership properties on February 14, 2020, and have managed the properties full-time to this day. I have worked an average of 40 hours per week, which does not include responding to after-hours calls from tenants, responding to police inquiries, maintaining the security of the neighborhood by driving through and various other tasks dealing with John Klosterman on weekends and after hours.

As you know, this project became much more in depth. You are well aware of the intricacies involving tenants and John Klosterman's consistent behavior problems which required many additional hours.

Further, as per our reports and discussions, everything for this project has been computed as time plus material. There has been no markup on the labor, material. Additionally, I charged no additional fees for truck time or equipment usage on projects.

A property/construction manager average salary for the State of Ohio is $52,000 - $120,000 per year.

Additionally, according to the original agreement, Tri State was to be paid a commission on new rentals. Please see attachment A, totalling $21,325, which has not been added to our monthly reports.

Thank you for your attention to this matter and please let me know if any additional information is needed.

Sincerely,

Joseph Lentine, Owner
Tri State Organization, Inc.

| Address | Name | Amount |
| --- | --- | --- |
| 638 Steiner Ave | Angel Strunk | 750 |
| 649 Steiner Ave | Mike Ford | 650 |
| 652 Steiner | Charity Smith | 800 |
| 652 Steiner | Tina Ford | 800 |
| 654 Steiner | Gary Teeter | 700 |
| 659 Sedam Basement | Kenny Clark | 600 |
| 659 Sedam #1 | Paul Hammonds | 800 |
| 659 Sedam 2nd Fl | Danielle Lott | 1200 |
| 659 Sedam 2nd Fl | James DeMoss | 1000 |
| 628 Delhi #1 | Willow Creech | 700 |
| 628 Delhi #2 | Karla Brown | 800 |
| 636 Delhi #1 | Kevin Amison | 650 |
| 636 Delhi #1 | Dottie Albright | 650 |
| 636 Delhi #2 | Marshall Todd | 650 |
| 667 Delhi | Greg Schermbeck | 650 |
| 679 Delhi Rear | Jean Adkins | 650 |
| 679 Delhi Rear | Joe Stephenson | 700 |
| 679 Delhi A | Timothy Givens | 500 |
| 679 Delhi 2nd Fl | Christina Delvis | 350 |
| 700 Delhi #1 | Paul Allison | 650 |
| 700 Delhi #1 | Donelle Poole | 500 |
| 700 Delhi #2 | Blair Turner | 550 |
| 700 Delhi #2 | Ryan Humphries | 700 |
| 700 Delhi #2 | Heather Scott | 725 |
| 700 Delhi #3 | Zach Crum | 800 |
| 701 Delhi Ave | Randy Williams | 900 |
| 701 Delhi Ave | Sierra | 1500 |
| 705 Delhi Ave | Jeremy Donohou | 700 |
| 794 Delhi | Amberley Powell | 700 |
|  |  | 21325 |

Attachment "A"

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

CITY OF CINCINNATI,                      :        Case No. A1905588
                                         :        (Judge Wende C. Cross)
         Plaintiff,                      :        (Magistrate Anita P. Berding)
                                         :
    v.                                   :
                                         :        ORDER GRANTING MOTION BY
JOHN KLOSTERMAN, et al.,                 :        RECEIVER FOR APPROVAL AND
                                         :        PAYMENT OF FEES AND EXPENSES
         Defendants.                     :

     This case comes before the Court on the Motion by Receiver for Approval and Payment of Fees and Expense of TriState Organization, Inc. Through November 30, 2022 and Order Directing Payment (the "Motion") filed by Konza, LLC as receiver (the "Receiver") and the hearing on the Motion and exhibits and testimony admitted at that hearing and the pleadings and papers and docket entries of record in the case..

     The Court is of the opinion that the Motion is well taken and should be granted and therefore it is hereby

     ORDERED, that the Motion is granted; and it is further

     ORDERED, that Prominent Title Agency LLC shall promptly pay to the Receiver the amount of $_____ being held by it pursuant to the Order Approving Sale.

     SO ORDERED.


_____
Judge Wende C. Cross

submitted by,
Richard Boydston (0022360)
Counsel for Konza, LLC, Receiver
Dentons Bingham Greenebaum LLP
312 Walnut Street #2450
Cincinnati, Ohio 45202-4028
513.455.7663
513.762.7963 (fax)
richard.boydston@dentons.com

22534292.v1

EXHIBIT 2

## IN THE COURT OF COMMON PLEAS
## HAMILTON COUNTY, STATE OF OHIO

| | | |
|---|---|---|
| CITY OF CINCINNATI | : | Case No. A 19 05588 |
| | : | |
| Plaintiff | : | APPLICATION FOR PAYMENT OF |
| vs. | : | COSTS, EXPENSES and FEES |
| | : | to TRI STATE ORGANIZATION, INC. |
| JOHN KLOSTERMAN et al | : | and JOSEPH LENTINE |
| | : | |
| Defendants | : | Judge Wende C. Cross |

Comes Tri-State Organization, Inc., and it's officer Joseph Lentine, by and through counsel, pursuant to O.R.C. §2735.04(C), and request that funds expended by Tri State Organization, Inc., for and on behalf of the Receiver, and fees for professionals assisting the receivership, be taxed as court costs, or otherwise treated as an administrative expense of the action, and ordered paid to Tri State Organization Inc. and Joseph Lentine, respectively, from proceeds of sale of the receivership properties.

### MEMORANDUM

Upon the Motion of Plaintiff City of Cincinnati to Appoint Receiver under O.R.C. §2735.01, by order entered on February 14, 2020, Konza LLC, by its Manager Richard Boydston, was appointed as Receiver for fifty-nine (59) properties, titled to Defendant John Klosterman, and related Klosterman entities, referred to as the Properties, as more fully identified in that Order.

As provided in the February 14, 2020 Order,  P. 3 Powers of Receiver, Konza LLC was granted all powers of a receiver under O.R.C. §2735, as to the Properties, and the orders issued by the Court in instant case.  The Receiver was expressly authorized to take any action to manage, maintain, preserve, lease and rent all of the Properties; to employ such attorneys, managers, agents, and persons as its judgment, are advisable or necessary for performance of the duties of the Receiver; and to retain contractors and other persons and entities, to make repairs  and to maintain the Properties.

Pursuant to exercise of the authority, the Receiver, by its Manager Richard Boydston, contracted with Tri State Organization Inc., and its officer Joseph Lentine, hereafter referred to as

Tri State, to manage the Properties, to collect rents, to respond and remedy tenant complaints, and to put units in shape to be rented, on time and materials basis.

At the express direction of Receiver, Tri State commenced management of the Properties on or about March 1, 2020, and continuously performed that role until January 20, 2023. Tri State submitted to Receiver Konza, monthly reports of the operation of the Properties, including summaries of rent collections, funds expended for maintenance, repair and restoration expenses, including labor costs, all incurred for and on behalf of the receivership. Each monthly report included summary of Tri State costs and expenses, the total rents collected as set-off to the total expense, and cumulative total balance due to Tri State for costs and expenses of management of the Properties. Without objection, Receiver Konza appended each of the thirty-five (35) monthly Tri State reports, to Receiver's Reports filed with the Court.

With the Receiver's Thirty-Fifth Report, filed on February 17, 2023, Tri State reported a cumulative balance $148,181.40, was due to it for costs and expenses incurred on behalf of the Receiver, for management, maintenance, repair and restoration of the Receivership Properties, for the period March 1, 2020 through January 20, 2023. Tri State has claimed additional sum of $21,325 as commission on rentals of Receivership Properties. The balance due to Tri State for costs and expenses incurred, for and on behalf of Receiver has not been paid.

On or about February 20, 2020, Receiver Konza, by its Manager Richard Boydston, agreed that Joseph Lentine would receive compensation for professional services rendered as project / construction manager for the receivership. As of January 20, 2023, Lentine claims a cumulative balance of $210,000 due for Lentine services in that capacity, provided for and on behalf of the Receiver. The balance due to Lentine for professional services rendered on behalf of Receiver has not been paid.

On September 26, 2022, Receiver submitted Motion to Approve Sale of the Receivership Properties to Plaintiff, for the sum of $1,474,017, including $674,017 credit on judgement in favor of City of Cincinnati, and $800,000 Cash Component. Order Approving Sale was entered on October 19, 2022. Order Approving Sale is silent as payment of balance due to Tri State and Lentine for expenses and services assisting the receivership.

On December 5, 2022, Receiver submitted Motion For Approval of Fees and Expenses of Tri State, and Request For Order Directing Payment to Tri State. On January 3, 2023, Plaintiff filed Memorandum In Opposition to Receiver Motion to Approve Tri State Organization Fees and

Expenses. Receiver Motion remains pending, and no further action has been taken action to secure distribution and payment to Tri State and Lentine from the proceeds of sale of the Properties.

As provided in O.R.C. 2735.04(C), Tri State Organization Inc and Joseph Lentine request that funds expended by Tri State, and fees for Lentine professional services assisting the receivership, be taxed as court costs, or as administrative expense of the action, and that the Court make Order Directing Payment to Tri State and Lentine from proceeds of sale of the Receivership Properties, or such other relief as the Court may deem appropriate.

Respectfully submitted,

/s/ James L. Nieberding (Reg. 0038638)
Nieberding & Nieberding Co LPA
810 Sycamore St Ste 423
Cincinnati, Ohio 45202
Tel: 513-241-2226
Fax: 513-338-1828
Email: jnieberding1117@gmail.com

CERTIFICATE OF SERVICE

I certify that I have sent a copy of the foregoing Application to all parties and counsel via electronic transmission to parties and counsel on May 1, 2023 to richard.boydston@dentons.com, kate.burroughs@cincinnati-oh.gov, erica.faaborg@cincinnati-oh.gov, james.sayres@hcpros-org, perkit02@JFS.Hamilton-co.org, kallesee@cincinnatiport.org, cdonovan@LNLattorneys.com, amy.kaufman@ohioattorneygeneral.gov, and johnklosterman@gmail.com.

/s/ James L. Nieberding

Richard C. Boydston, Esq.
Dentons Bingham Greenbaum LLP
312 Walnut St Ste 250
Cincinnati, OH 45202
richard.boydston@dentons.com

Kate Burroughs, Esq.
Erica Faaborg, Esq.
City of Cincinnati, 801 Plum St
Cincinnati, OH 45202
kate.burroughs@cincinnati-oh.gov
erica.faaborg@cincinnati-oh.gov

James S. Sayres, Esq.
Asst. Pros Atty Hamilton County
230 E. 9th St Ste 4000
Cincinnati, OH 45202
james.sayres@hcpros-org

Teresa Perkins, Esq.
CSEA 222 E. Central Pkwy 6NW711
Cincinnati, OH 45202
perkit02@JFS.Hamilton-co.org

Kelley L. Allesee, Esq.
3 E 4th St, Ste 300
Cincinnati, OH 45202
kallesee@cincinnatiport.org

Christian D. Donovan, Esq.
Luper Neidentahl & Logan
1160 Dublin Rd. Ste 400
Columbus, OH 43215-1052
cdonovan@LNLattorneys.com

Amy K. Kaufman, Esq.
Asst AG State of Ohio
Collection Enforcement
150 E. Gay St
Columbus, OH 43215-3130
amy.kaufman@ohioattorneygeneral.gov

John Klosterman
5615 Sidney Rd
Cincinnati, OH 45238
johnklosterman@gmail.com



**D138835117**

**COURT OF COMMON PLEAS**
**HAMILTON COUNTY, OHIO**

ENTERED
JUL 27 2023

**CITY OF CINCINNATI,**
**an Ohio municipal corporation,**

**Plaintiff,**

v.

**JOHN KLOSTERMAN a/k/a**
**JOHN C. KLOSTERMAN a/k/a**
**JOHN CAMPBELL KOSTERMAN, *et al.*,**

**Defendants.**

**Case No. A 1905588**

**Judge Wende C. Cross**

**Chief Magistrate Judge Anita P. Berding**

**MAGISTRATE'S ORDER DENYING**
**MOTIONS TO INTERVENE AND**
**AMENDED MOTION TO INTERVENE**

Before the Court are the Motion to Intervene of Joseph Lentine/Tri State Organization, Inc. filed March 14, 2023; the Opposition by Receiver to Motion to Intervene by "Joseph Lentine/Tristate Organization, Inc." filed March 22, 2023; the Motion to Intervene of Joseph Lentine/Tri State Organization, Inc. filed March 23, 2023; the Receiver's Opposition to Second Motion to Intervene by Joseph Lentine/Tristate Organization, Inc. filed March 27, 2023; Substitute Plaintiff HCLRC's Motion to Strike Or In the Alternative Memorandum in Opposition to Joseph Lentine/Tristate Organization, Inc. Motions to Intervene filed March 14, 2023 and March 23, 2023 and Filing from Joseph Lentine Filed March 23, 2023 filed March 27, 2023; the Amended Motion to Intervene Tri State Organization Inc. and Joseph Lentine filed June 20, 2023; Substitute Plaintiff Hamilton County Land Reutilization Corporation's Memorandum in Opposition to Nonparties Tri State Organization, Inc. and Joseph Lentine's Amended Motion to Intervene filed July 3, 2023; and the arguments presented at the hearing held on July 5, 2023.

Intervention is governed by Ohio Rule of Civil Procedure 24. Under Civ.R. 24(C), any motion to intervene "shall be accompanied by a pleading, as defined in Civ.R. 7(A)." Under Civ.R. 7(A), "pleadings" are "a complaint and an answer; a reply to a counterclaim . . . ; an answer to a

cross-claim . . . ; a third-party complaint . . . ; and a third-party answer." The Court finds that the

Motions to Intervene and the Amended Motion to Intervene filed by Joseph Lentine and Tri State

Organization, Inc. were *not* accompanied by a pleading, contrary to the provisions of Civ.R. 24(C).

Further, under Civ.R. 24, any motion to intervene must be filed "timely." The Court finds

the Motions to Intervene and the Amended Motion to Intervene filed by Joseph Lentine and Tri

State Organization, Inc. were untimely.

For these reasons, Tri State Organization, Inc. and Joseph Lentine's Motions to Intervene

filed March 14, 2023 and March 23, 2023, and Amended Motion to Intervene filed June 20, 2023,

are DENIED.

IT IS SO ORDERED.

**ANITA BERDING**
**CHIEF MAGISTRATE**
**COURT OF COMMON PLEAS**

Tendered by:

/s/ Cynthia M. Fischer
Cynthia M. Fischer (0073761)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Tel: (513) 977-8163
Fax: (513) 977-8141
Email: cynthia.fischer@dinsmore.com
*Counsel for Substitute Plaintiff Hamilton*
*County Land Reutilization Corporation*

**NOTICE**

**Copies of this Order have been mailed to the parties or their counsel. This Order is effective immediately. Either party may appeal this Order by filing a Motion to Set the Order Aside within ten days of the date this Order is filed. The pendency of a Motion to Set the Order Aside does not stay the effectiveness of this Order unless the Magistrate or Judge grants a stay.**

Cc:

Cynthia M. Fischer, Esq.
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202

Richard Boydston, Esq.
Dentons Bingham Greenebaum LLP
312 Walnut St., Suite 2450
Cincinnati, Ohio 45202-4028

James L. Nieberding, Esq.
Nieberding & Nieberding Co. LPA
810 Sycamore St., Suite 423
Cincinnati, Ohio 45202

Christian D. Donovan, Esq.
Luper Neidenthal & Logan
1160 Dublin Road, Suite 400
Columbus, OH 43215-1052

James S. Sayre, Esq.
230 East Ninth Street, Suite 4000
Cincinnati, OH 45202

John Klosterman
5615 Sidney Rd.
Cincinnati, Ohio 45238

Susan S. Klosterman
5615 Sidney Rd.
Cincinnati, Ohio 45238

Matthew J. Horwitz, Esq.
United States Attorney's Office
221 E. 4th St., Suite 400
Cincinnati, Ohio 45202

Amy K. Kaufman, Esq.
150 East Gay Street
Columbus, OH 43215-3130

Teresa Perkins, Esq.
222 E. Central Pkwy. 6NW711
Cincinnati, Ohio 45202

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT COPIES OF THE FOREGOING ORDER HAVE BEEN SENT BY ORDINARY MAIL TO ALL PARTIES OR THEIR ATTORNEYS AS PROVIDED ABOVE.

Date: 7/27/23          Deputy Clerk: _ghouard_

Exhibit 13

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CITY OF CINCINNATI, | : | Case No. A1905588 |
| | : | (Judge Wende C. Cross) |
| Plaintiff, | : | (Magistrate Anita P. Berding) |
| | : | |
| v. | : | MOTION BY RECEIVER FOR |
| | : | APPROVAL OF PAYMENT OF FEES |
| JOHN KLOSTERMAN, et al., | : | AND EXPENSES FROM DECEMBER 1, |
| | : | 2022 THROUGH AUGUST 31, 2023 AND |
| Defendants. | : | FOR ENTRY OF AN ORDER |
| | | TERMINATING RECEIVERSHIP AND |
| | | DISCHARGING AND RELEASING |
| | | RECEIVER |



D139216931

Comes now Konza, LLC as the Receiver appointed in this judgment lien foreclosure

action and moves the Court for entry of an order in the form of that tendered herewith (A)

approving and authorizing payment to the Receiver for fees and expenses incurred during the

period December 1, 2022 through August 31, 2023 in the amount of $104,438.75 and (B)

discharging and releasing the Receiver and terminating the receivership, all on the grounds and

for the reasons set forth in the following memorandum.

Respectfully submitted,

/s/ Richard Boydston
Richard Boydston (0022360)
Counsel for Konza, LLC, Receiver
Dentons Bingham Greenebaum LLP
312 Walnut Street #2450
Cincinnati, Ohio 45202-4028
513.455.7663
513.762.7963 (fax)
richard.boydston@dentons.com

22931785.v2

MEMORANDUM

All of the buildings and lots in this receivership (collectively, the "Properties") have been sold to HCLRC. The closing on that sale occurred May 1, 2023. The sale concludes the purpose of the Receivership.

The sale was authorized by order entered October 12, 2022 on the Receiver's motion filed September 26, 2022. An Agreement for Purchase and Sale and Escrow Instructions signed by the Receiver as Seller and HCLRC as Purchaser (the "PSA") is attached to that motion. Pursuant to the PSA, Prominent Title Company, LLC ("Prominent Title") is acting as Escrow Agent for the sale proceeds. An order was entered December 20, 2022 granting the Receiver's motion to direct Prominent Title to pay the Receiver at closing the fees and reimbursement of expenses incurred by the Receiver from the appointment of Receiver through November 30, 2022. Payment was made to the Receiver by Prominent Title at the May 1, 2023 closing in accordance with that order. Prominent Title as Escrow Agent continues to hold $85,960.82 in escrow pending further order of the Court (the "Escrow Balance").

By this motion, the Receiver seeks an order approving reimbursement of expenses paid by the Receiver, payment to Greater Cincinnati Water Works ("GCWW") on the total balance remaining due on all accounts as of the sale closing, payment to Berkshire Hathaway HomeServices Professional Realty/The Gateway Home Services Team ("Gateway") for property management services January 20 through April 30, 2023, payment to the Receiver's legal counsel for fees and expenses, and payment to the Receiver for fees. Those fees and expenses (collectively, the "Further Fees and Expenses") are as follows:

2

A. for amounts paid by the Receiver to third parties
as set forth in Exhibit A...............................................$16,505.50

B. to GCWW as set forth in Exhibit B.................................$11,230.06

C. to Gateway as set forth in Exhibit C..................................$10,658.30

D. for legal counsel to the Receiver as
set forth in Exhibit D through 8/31/23..............................$28,654.89

E. for fees to the Receiver set forth in Exhibit E through 8/31/23.......$37,390.00
total          $104,438.75

The Receiver will pay the Escrow Balance in the order of the Further Fees and Expenses listed above. The Receiver has made arrangements with Plaintiff Hamilton County Land Reutilization Corporation for payment of the amount due for the Receiver's fees not paid out of the Escrow Balance.

In addition, the Receiver requests that the Receiver be discharged and released and the receivership terminated on the conditions set forth in the tendered order, namely that there be an injunction on any claims or filings by any person or entity regarding the Receiver, the Receivership, this action, and the Properties in the Receivership and sold by the Receiver to HCLRC.

WHEREFORE, the Receiver respectfully submits that the Motion should be granted and the tendered order entered.

Respectfully submitted,

/s/ *Richard Boydston*
Richard Boydston (0022360)
Counsel for Konza, LLC, Receiver
Dentons Bingham Greenebaum LLP
312 Walnut Street #2450
Cincinnati, Ohio 45202-4028
513.455.7663
513.762.7963 (fax)
richard.boydston@dentons.com

3

22931785.v2

## CERTIFICATE OF SERVICE

I certify that copies of the foregoing and attachments were served on each of the following by ordinary U.S. mail first class postage prepaid on September 8, 2023.

Kelley L. Allesee, Esq.
Counsel for Plaintiff Hamilton County
   Land Reutilization Corporation
3 East Fourth Street., Ste. 300
Cincinnati, OH 45202
kallesee@cincinnatiport.org

Kate Burroughs, Esq.
Erica Faaborg, Esq.
Counsel for City of Cincinnati
214 City Hall
801 Plum Street
Cincinnati, OH 45202
kate.burroughs@cincinnati-oh.gov
erica.faaborg@cincinnati-oh.gov

James S. Sayre, Esq.
Counsel for Defendants
   Hamilton County Auditor and Treasurer
Assistant Prosecuting Attorney
230 East Ninth Street, Suite 4000
Cincinnati, OH 45202
james.sayre@hcpros.org

Christian D. Donovan, Esq.
Counsel for Defendant
   Warsaw Federal Savings and Loan
   Association aka Warsaw FS & LA
Luper Neidenthal & Logan
1160 Dublin Road, Suite 400
Columbus, OH 43215-1052
cdonovan@LNLattorneys.com

Teresa Perkins, Esq.
Counsel for Defendant Hamilton County Child
   Support Enforcement Agency
CSEA 222 E. Central Parkway
6NW711
Cincinnati, OH 45202
perkit02@JFS.HAMILTON-CO.org

Amy K. Kaufman, Esq.
Counsel for Defendants State of Ohio,
   Department of Taxation and
   Department of Job & Family Services
Dave Yost, Attorney General of Ohio
Collections Enforcement
150 East Gay Street
Columbus, OH 43215-3130
amy.kaufman@ohioattorneygeneral.gov

James L. Nieberding, Esq.
Counsel for non-party
   TriState Organization, Inc.
810 Sycamore Street, Ste. 423
Cincinnati, OH 45202
jlnieberding1117@gmail.com

John Klosterman
5615 Sidney Road
Cincinnati, OH 45238
johncklosterman@gmail.com

/s/ Richard Boydston

4

22931785.v2

# EXHIBIT A
## Funds Paid by Receiver to Third Parties

22931785.v2

6/5/23
revision

Receiver out of pocket expenses since
11/30/22

| check | payee | date | amount | purpose |
|---|---|---|---|---|
| 1169 | Robbins Kelly Patterson & Tucker | 12/13/22 | $1,000.00 | legal services for TSO on Klosterman bankruptcy subpoena |
| 1170 | Jones Heating & Cooling | 1/13/23 | 2,500.00 | replace furnace 649 Steiner |
| 1171 | Dial One | 1/16/23 | 258.40 | 637 and 639 Steiner security |
| 1172 | Duke Energy | 1/16/23 | 12.78 | 639 Steiner electricity |
| 1173 | Duke Energy | 1/16/23 | 14.54 | 637 Steiner electricity |
| 1174 | Tara Weber | 1/18/23 | 250.00 | reimburse excessive Duke Energy charges for 11 and 12/22 account furnace broken |
| 1175 | Gateway Home Services | 1/23/23 | 1,000.00 | deposit for property management services |
| 1176 | Wells Plumbing | 1/26/23 | 1,025.00 | replace gas pipes 654 Steiner |
| 1177 | Energy Insurance | 3/20/23 | 5,292.90 | liability insurance premium |
| 1178 | Dial One Security | 3/2023 | 45.00 | service 637 Steiner on 3/20/23 |
| 1179 | Dial One Security | 4/4/23 | 258.40 | 637 and 639 Steiner security |
| 1701 | Hamilton County Recorder | 4/12/23 | 390.00 | record 3 affidavits on service of notices to commence suit |
| 1180 | Dial One Security | 4/13/23 | 90.00 | service 637 Steiner on 3/20/23 |
| 1182 | Duke Energy | 4/25/23 | 50.39 | 637 Steiner electricity |
| 1183 | Duke Energy | 4/25/23 | 55.48 | 639 Steiner electricity |
| 1184 | Michael Simpson Midtown Heat and Air | 5/1/23 | 4,000.00 | install 70k btu Heil 80% furnace 654 Steiner on 2/15/23 |
| 1189 | Duke Energy | 5/12/23 | 6.72 | 637 Steiner electricity |
| 1190 | Duke Energy | 5/20/23 | 25.98 | 637 Steiner electricity |
| 1722 | Hamilton County Recorder | 6/2/23 | 230.00 | record 3 affidavits on services of notices to commence suit |
| | | total | $16,505.59 | |

# EXHIBIT B

Balance Due on All Accounts at Greater Cincinnati Water Works as of
<u>April 30, 2023</u>

22931785.v2

6/23/23
revision

## 6/14/23 letters from GCWW to Receiver

|    | address       | past due balance |
|----|---------------|------------------|
| 1  | 628 Delhi     | $2,910.82        |
| 2  | 632 Delhi     | 103.03           |
| 3  | 636 Delhi     | 277.77           |
| 4  | 667 Delhi     | 481.76           |
| 5  | 671 Delhi     | 409.39           |
| 6  | 679 Delhi     | 550.30           |
| 7  | 700 Delhi     | 993.11           |
| 8  | 701 Delhi     | 522.34           |
| 9  | 703 Delhi     | 135.19           |
| 10 | 705 Delhi     | 118.92           |
| 11 | 709 Delhi     | 55.09            |
| 12 | 714 Delhi     | 120.79           |
| 13 | 793 Delhi     | 377.57           |
| 14 | 794 Delhi     | 572.92           |
| 15 | 685 Halsey    | 145.82           |
| 16 | 649 Sedam     | 439.13           |
| 17 | 659 Sedam     | 826.26           |
| 18 | 702 Sedam     | 120.28           |
| 19 | 637 Steiner   | 583.94           |
| 20 | 638 Steiner   | 351.19           |
| 21 | 639 Steiner   | 121.10           |
| 22 | 649 Steiner   | 482.77           |
| 23 | 652 Steiner   | 406.66           |
| 24 | 654 Steiner   | 123.91           |
|    | total         | $11,230.06       |

# EXHIBIT C
Balance Due to Berkshire Hathway HomeService Professional Realty/The Gateway Home Services Team as Property <u>Manager January 20 through April 30, 2023</u>



# Rental Owner Ending Balances

As of 8/17/2023, For KONZA LLC

Prepared By: BHHS PRO|The Gateway Home Services Team
2712 Erie Avenue
Cincinnati, OH 45208

| Property | Ending Cash Balance | Deposits Held | Property Reserve | Available Cash | Unpaid bills | Cash less unpaid bills |
|---|---|---|---|---|---|---|
| **KONZA LLC** | | | | | | |
| OH_AM_628 Delhi Avenue | (1,648.82) | 0.00 | 0.00 | (1,648.82) | 0.00 | (1,648.82) |
| OH_AM_632 Delhi Avenue | 161.00 | 0.00 | 0.00 | 161.00 | 0.00 | 161.00 |
| OH_AM_636 Delhi Avenue | (1,798.78) | 0.00 | 0.00 | (1,798.78) | 0.00 | (1,798.78) |
| OH_AM_638 Steiner Avenue | 845.00 | 0.00 | 0.00 | 845.00 | 0.00 | 845.00 |
| OH_AM_649 Sedam Street | (973.02) | 0.00 | 0.00 | (973.02) | 0.00 | (973.02) |
| OH_AM_649 Steiner Avenue | (735.39) | 0.00 | 0.00 | (735.39) | 0.00 | (735.39) |
| OH_AM_652 Steiner Avenue | (2,672.71) | 0.00 | 0.00 | (2,672.71) | 0.00 | (2,672.71) |
| OH_AM_654 Steiner Avenue | (275.00) | 0.00 | 0.00 | (275.00) | 0.00 | (275.00) |
| OH_AM_659 Sedam Street | (2,072.89) | 0.00 | 0.00 | (2,072.89) | 0.00 | (2,072.89) |
| OH_AM_667 Delhi Avenue | 1,325.00 | 0.00 | 0.00 | 1,325.00 | 0.00 | 1,325.00 |
| OH_AM_673 Delhi Avenue | (525.00) | 0.00 | 0.00 | (525.00) | 0.00 | (525.00) |
| OH_AM_679 Delhi Avenue | (721.75) | 0.00 | 0.00 | (721.75) | 0.00 | (721.75) |
| OH_AM_700 Delhi Avenue | (2,079.02) | 0.00 | 0.00 | (2,079.02) | 0.00 | (2,079.02) |
| OH_AM_701 Delhi Avenue | (675.00) | 0.00 | 0.00 | (675.00) | 0.00 | (675.00) |
| OH_AM_705 Delhi Avenue | 694.05 | 0.00 | 0.00 | 694.05 | 0.00 | 694.05 |
| OH_AM_742 Delhi Avenue | (678.97) | 0.00 | 0.00 | (678.97) | 0.00 | (678.97) |
| OH_AM_753 Delhi Avenue | 603.00 | 0.00 | 0.00 | 603.00 | 0.00 | 603.00 |
| OH_AM_794 Delhi Avenue | 570.00 | 0.00 | 0.00 | 570.00 | 0.00 | 570.00 |
| **Total** for KONZA LLC | **($10,658.30)** | **$0.00** | **$0.00** | **($10,658.30)** | **$0.00** | **($10,658.30)** |
| **Grand total** for all properties | **($10,658.30)** | **$0.00** | **$0.00** | **($10,658.30)** | **$0.00** | **($10,658.30)** |

## Summary by rental owner

| Rental owner | Ending Cash Balance | Deposits Held | Property Reserve | Available Cash | Unpaid bills | Cash less unpaid bills |
|---|---|---|---|---|---|---|
| KONZA LLC | (10,658.30) | 0.00 | 0.00 | (10,658.30) | 0.00 | (10,658.30) |
| **Grand total** for all properties | **($10,658.30)** | **$0.00** | **$0.00** | **($10,658.30)** | **$0.00** | **($10,658.30)** |

# Property Statement

**BHHS Professional Realty — COMMERCIAL DIVISION — GATEWAY**

Prepared By: BHHS PRO | The Gateway Home Services Team
2712 Erie Avenue
Cincinnati, OH 45208

Statement period 1/1/2020 - 8/17/2023
Statement date 8/17/2023

KONZA LLC

## Summary by property

| | OH_AM_628 Delhi Avenue | OH_AM_632 Delhi Avenue | OH_AM_636 Delhi Avenue | OH_AM_638 Steiner Avenue | OH_AM_649 Sedam Street | OH_AM_649 Steiner Avenue |
|---|---|---|---|---|---|---|
| **Beginning cash balance** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** |
| **+ Additions to cash** | | | | | | |
| Income | 0.00 | 1,590.00 | 2,050.00 | 2,300.00 | 1,545.00 | 650.00 |
| Owner contributions | (375.00) | (795.00) | (650.00) | (750.00) | (750.00) | (650.00) |
| Other additions | 2,750.00 | 1,590.00 | 650.00 | 0.00 | 750.00 | 650.00 |
| **− Subtractions from cash** | | | | | | |
| Expenses | 1,273.82 | 634.00 | 3,198.78 | 705.00 | 1,768.02 | 735.39 |
| Owner draws | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Other subtractions | 2,750.00 | 1,590.00 | 650.00 | 0.00 | 750.00 | 650.00 |
| **Ending cash balance** | **($1,648.82)** | **$161.00** | **($1,798.78)** | **$845.00** | **($973.02)** | **($735.39)** |
| **− Adjustments** | | | | | | |
| Tenant security deposits and early payments | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Property reserve | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Available for payment** | **($1,648.82)** | **$161.00** | **($1,798.78)** | **$845.00** | **($973.02)** | **($735.39)** |

| | OH_AM_652 Steiner Avenue | OH_AM_654 Steiner Avenue | OH_AM_659 Sedam Street | OH_AM_667 Delhi Avenue | OH_AM_673 Delhi Avenue | OH_AM_679 Delhi Avenue |
|---|---|---|---|---|---|---|
| **Beginning cash balance** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** |
| **+ Additions to cash** | | | | | | |
| Income | 0.00 | 250.00 | 1,650.00 | 2,000.00 | 0.00 | 2,400.00 |

# Property Statement

Prepared By: BHHS PRO | The Gateway Home Services Team
2712 Erie Avenue
Cincinnati, OH 45208

Professional Realty
COMMERCIAL DIVISION  GATEWAY

Statement period  1/1/2020 - 8/17/2023

| | OH_AM_652 Steiner Avenue | OH_AM_654 Steiner Avenue | OH_AM_659 Sedam Street | OH_AM_667 Delhi Avenue | OH_AM_684 Delhi Avenue | OH_AM_794 Delhi Avenue |
|---|---|---|---|---|---|---|
| Owner contributions | (700.00) | 0.00 | (1,500.00) | 0.00 | 0.00 | (1,200.00) |
| Other additions | 700.00 | 0.00 | 4,050.00 | 0.00 | 0.00 | 2,400.00 |
| **− Subtractions from cash** | | | | | | |
| Expenses | 1,972.71 | 525.00 | 2,222.89 | 675.00 | 525.00 | 1,921.75 |
| Owner draws | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Other subtractions | 700.00 | 0.00 | 4,050.00 | 0.00 | 0.00 | 2,400.00 |
| **Ending cash balance** | **($2,672.71)** | **($275.00)** | **($2,072.89)** | **$1,325.00** | **($525.00)** | **($721.75)** |
| **− Adjustments** | | | | | | |
| Tenant security deposits and early payments | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Property reserve | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Available for payment** | **($2,672.71)** | **($275.00)** | **($2,072.89)** | **$1,325.00** | **($525.00)** | **($721.75)** |

| | OH_AM_700 Delhi Avenue | OH_AM_701 Delhi Avenue | OH_AM_705 Delhi Avenue | OH_AM_742 Delhi Avenue | OH_AM_753 Delhi Avenue | OH_AM_794 Delhi Avenue |
|---|---|---|---|---|---|---|
| **Beginning cash balance** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** |
| **+ Additions to cash** | | | | | | |
| Income | 1,175.00 | 0.00 | 1,400.00 | 650.00 | 1,170.00 | 1,800.00 |
| Owner contributions | (1,250.00) | 0.00 | 0.00 | (650.00) | 0.00 | (600.00) |
| Other additions | 1,500.00 | 0.00 | 700.00 | 650.00 | 0.00 | 1,900.00 |
| **− Subtractions from cash** | | | | | | |
| Expenses | 2,004.02 | 675.00 | 705.95 | 678.97 | 567.00 | 630.00 |
| Owner draws | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

# Property Statement

Prepared By: BHHS PRO|The Gateway Home Services Team
2712 Erie Avenue
Cincinnati, OH 45208




Professional Realty
COMMERCIAL DIVISION
GATEWAY

Statement period  1/1/2020 - 8/17/2023

| | OH_AM_700 Delhi Avenue | OH_AM_701 Delhi Avenue | OH_AM_705 Delhi Avenue | OH_AM_742 Delhi Avenue | OH_AM_747 Delhi Avenue | OH_AM_8/17/2023 Avenue |
|---|---|---|---|---|---|---|
| Other subtractions | 1,500.00 | 0.00 | 700.00 | 650.00 | 0.00 | 1,900.00 |
| **Ending cash balance** | **($2,079.02)** | **($675.00)** | **$694.05** | **($678.97)** | **$603.00** | **$570.00** |
| **– Adjustments** | | | | | | |
| Tenant security deposits and early payments | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Property reserve | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Available for payment** | **($2,079.02)** | **($675.00)** | **$694.05** | **($678.97)** | **$603.00** | **$570.00** |

| | All properties |
|---|---|
| **Beginning cash balance** | **$0.00** |
| **+ Additions to cash** | |
| Income | 20,630.00 |
| Owner contributions | (9,870.00) |
| Other additions | 18,290.00 |
| **– Subtractions from cash** | |
| Expenses | 21,418.30 |
| Owner draws | 0.00 |
| Other subtractions | 18,290.00 |
| **Ending cash balance** | **($10,658.30)** |
| **– Adjustments** | |
| Tenant security deposits and early payments | 0.00 |
| Property reserve | 0.00 |
| **Available for payment** | **($10,658.30)** |

# Property Statement



Prepared By: BHHS PRO | The Gateway Home Services Team
2712 Erie Avenue
Cincinnati, OH 45208

Professional Realty
COMMERCIAL DIVISION GATEWAY

Statement period 1/1/2020 - 8/17/2023
Statement date 8/17/2023

## Income statement

| | OH_AM_628 Delhi Avenue | OH_AM_632 Delhi Avenue | OH_AM_636 Delhi Avenue | OH_AM_638 Steiner Avenue | OH_AM_649 Sedam Street | OH_AM_649 Steiner Avenue |
|---|---|---|---|---|---|---|
| **Income** | | | | | | |
| Late Fee Income | 0.00 | 0.00 | 0.00 | 50.00 | 0.00 | 0.00 |
| Rent Income | 0.00 | 1,590.00 | 2,050.00 | 2,250.00 | 1,545.00 | 650.00 |
| **Total income** | **$0.00** | **$1,590.00** | **$2,050.00** | **$2,300.00** | **$1,545.00** | **$650.00** |
| **Expense** | | | | | | |
| Legal and Professional Fees | 477.05 | 0.00 | 0.00 | 0.00 | 238.53 | 0.00 |
| Maintenance and Repairs | 196.77 | 0.00 | 0.00 | 0.00 | 190.99 | 210.39 |
| Maintenance and Repairs - Appliance Replacement | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maintenance and Repairs - HVAC/BOILER/FURNACE Repairs | 0.00 | 0.00 | 0.00 | 0.00 | 79.00 | 0.00 |
| Maintenance and Repairs - HVAC/BOILER/FURNACE Replacement | 0.00 | 0.00 | 0.00 | 0.00 | 630.00 | 0.00 |
| Maintenance and Repairs - Mold Remediation | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maintenance and Repairs - Plumbing | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maintenance and Repairs - Roof Repairs | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maintenance and Repairs - Trash Outs/Set Out | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Management Fees | 600.00 | 634.00 | 640.00 | 705.00 | 629.50 | 525.00 |
| Repairs | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Utilities - Electric and Gas | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Utilities - Water and Sewer | 0.00 | 0.00 | 2,558.78 | 0.00 | 0.00 | 0.00 |
| **Total expenses** | **$1,273.82** | **$634.00** | **$3,198.78** | **$705.00** | **$1,768.02** | **$735.39** |

Property Statement




**Professional Realty** — COMMERCIAL DIVISION — GATEWAY

Prepared By: BHHS PRO | The Gateway Home Services Team
2712 Erie Avenue
Cincinnati, OH 45208

Statement period 1/1/2020 - 8/17/2023

| | OH_AM_628 Delhi Avenue / OH_AM_652 Steiner Avenue | OH_AM_632 Delhi Avenue / OH_AM_654 Steiner Avenue | OH_AM_636 Delhi Avenue / OH_AM_659 Sedam Street | OH_AM_638 Steiner Avenue / OH_AM_667 Delhi Avenue | OH_AM_669 Sedam Street / OH_AM_673 Delhi Avenue | OH_AM_677 ... / OH_AM_679 Delhi Avenue |
|---|---|---|---|---|---|---|
| **Net income** | ($1,273.82) | $956.00 | ($1,148.78) | $1,595.00 | ($223.02) | ($385.39) |
| **Income** | | | | | | |
| Late Fee Income | 0.00 | 0.00 | 0.00 | 50.00 | 0.00 | 0.00 |
| Rent Income | 0.00 | 250.00 | 1,650.00 | 1,950.00 | 0.00 | 2,400.00 |
| **Total Income** | $0.00 | $250.00 | $1,650.00 | $2,000.00 | $0.00 | $2,400.00 |
| **Expense** | | | | | | |
| Legal and Professional Fees | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 94.33 |
| Maintenance and Repairs | 698.88 | 0.00 | 0.00 | 0.00 | 0.00 | 767.92 |
| Maintenance and Repairs - Appliance Replacement | 0.00 | 0.00 | 692.06 | 0.00 | 0.00 | 0.00 |
| Maintenance and Repairs - HVAC/BOILER/FURNACE Repairs | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maintenance and Repairs - HVAC/BOILER/FURNACE Replacement | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maintenance and Repairs - Mold Remediation | 357.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maintenance and Repairs - Plumbing | 391.33 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maintenance and Repairs - Roof Repairs | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maintenance and Repairs - Trash Outs/Set Out | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 269.50 |
| Management Fees | 525.00 | 525.00 | 765.00 | 675.00 | 525.00 | 790.00 |
| Repairs | 0.00 | 0.00 | 67.38 | 0.00 | 0.00 | 0.00 |

# Property Statement



**Professional Realty**
**COMMERCIAL DIVISION** GATEWAY

Statement period 1/1/2020 - 8/17/2023

Prepared By: BHHS PRO|The Gateway Home Services Team
2712 Erie Avenue
Cincinnati, OH 45208

| | OH_AM_652 Steiner Avenue | OH_AM_654 Steiner Avenue | OH_AM_659 Sedam Street | OH_AM_667 Delhi Avenue | OH_AM_675 Delhi Avenue | OH_AM_794 Delhi Avenue |
|---|---|---|---|---|---|---|
| Utilities - Electric and Gas | 0.00 | 0.00 | 698.45 | 0.00 | 0.00 | 0.00 |
| Utilities - Water and Sewer | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total expenses** | **$1,972.71** | **$525.00** | **$2,222.89** | **$675.00** | **$525.00** | **$1,921.75** |
| **Net income** | **($1,972.71)** | **($275.00)** | **($572.89)** | **$1,325.00** | **($525.00)** | **$478.25** |

| | OH_AM_700 Delhi Avenue | OH_AM_701 Delhi Avenue | OH_AM_705 Delhi Avenue | OH_AM_742 Delhi Avenue | OH_AM_753 Delhi Avenue | OH_AM_794 Delhi Avenue |
|---|---|---|---|---|---|---|
| **Income** | | | | | | |
| Late Fee Income | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Rent Income | 1,175.00 | 0.00 | 1,400.00 | 650.00 | 1,170.00 | 1,800.00 |
| **Total Income** | **$1,175.00** | **$0.00** | **$1,400.00** | **$650.00** | **$1,170.00** | **$1,800.00** |
| **Expense** | | | | | | |
| Legal and Professional Fees | 238.53 | | | | | |
| Maintenance and Repairs | 75.49 | | | 113.97 | | |
| Maintenance and Repairs - Appliance Replacement | 0.00 | | | 0.00 | | |
| Maintenance and Repairs - HVAC/BOILER/FURNACE Repairs | 0.00 | | | 0.00 | | |
| Maintenance and Repairs - HVAC/BOILER/FURNACE Replacement | 0.00 | | | 0.00 | | |
| Maintenance and Repairs - Mold Remediation | 522.50 | | | 0.00 | | |
| Maintenance and Repairs - Plumbing | 0.00 | | | 0.00 | | |
| Maintenance and Repairs - Roof Repairs | 450.00 | | | 0.00 | | |

KONZA LLC - Generated 08/17/2023 14:21:36

# Property Statement

Prepared By: BHHS PRO | The Gateway Home Services Team
2712 Erie Avenue
Cincinnati, OH 45208




Professional Realty
COMMERCIAL DIVISION — GATEWAY

Statement period 1/1/2020 - 8/17/2023

| | OH_AM_700 Delhi Avenue | OH_AM_701 Delhi Avenue | OH_AM_705 Delhi Avenue | OH_AM_742 Delhi Avenue | OH_AM_ Delhi Avenue | OH_AM_ Avenue | OH_AM_841 Delhi Avenue |
|---|---|---|---|---|---|---|---|
| Maintenance and Repairs - Trash Outs/Set Out | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | 0.00 |
| Management Fees | 717.50 | 675.00 | 615.00 | 565.00 | 567.00 | | 630.00 |
| Repairs | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | 0.00 |
| Utilities - Electric and Gas | 0.00 | 0.00 | 90.95 | 0.00 | 0.00 | | 0.00 |
| Utilities - Water and Sewer | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | 0.00 |
| **Total expenses** | **$2,004.02** | **$675.00** | **$705.95** | **$678.97** | **$567.00** | | **$630.00** |
| **Net income** | **($829.02)** | **($675.00)** | **$694.05** | **($28.97)** | **$603.00** | | **$1,170.00** |

## All properties

### Income

| | |
|---|---|
| Late Fee Income | 100.00 |
| Rent Income | 20,530.00 |
| **Total income** | **$20,630.00** |

### Expense

| | |
|---|---|
| Legal and Professional Fees | 1,048.44 |
| Maintenance and Repairs | 2,254.41 |
| Maintenance and Repairs - Appliance Replacement | 692.06 |
| Maintenance and Repairs - HVAC/BOILER/FURNACE Repairs | 79.00 |
| Maintenance and Repairs - HVAC/BOILER/FURNACE Replacement | 630.00 |
| Maintenance and Repairs - Mold Remediation | 880.00 |

# Property Statement



BHHS Professional Realty COMMERCIAL DIVISION GATEWAY

Statement period **1/1/2020 - 8/17/2023**

Statement date **8/17/2023**

Page 8

Prepared By: BHHS PRO|The Gateway Home Services Team
2712 Erie Avenue
Cincinnati, OH 45208

| | All properties |
|---|---|
| Maintenance and Repairs - Plumbing | 391.33 |
| Maintenance and Repairs - Roof Repairs | 450.00 |
| Maintenance and Repairs - Trash Outs/Set Out | 269.50 |
| Management Fees | 11,308.00 |
| Repairs | 67.38 |
| Utilities - Electric and Gas | 789.40 |
| Utilities - Water and Sewer | 2,558.78 |
| **Total expenses** | **$21,418.30** |
| **Net income** | **($788.30)** |

# EXHIBIT D
## Fees and Expenses Due to Dentons Bingham
## <u>Greenebaum LLP</u>

Dentons Bingham Greenebaum LLP

Konza LLC
131170.000002

| | |
|---|---|
| Invoice No.: | ****** |
| Invoice Date: | September 7, 2023 |
| Page | 3 |

Konza LLC
1835 Dexter Avenue
Cincinnati, OH 45206

Account No.: 131170.000002
Invoice No.: ******
Invoice Date: September 7, 2023

**KLOSTERMAN**

FOR PROFESSIONAL SERVICES RENDERED THROUGH AUGUST 31, 2023:

# DRAFT

| DATE | ATTORNEY/ PARALEGAL | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| 11/30/22 | RB | Inspect properties with Ronald Shouse, Luke Herman and Joseph Lentine; phone conferences Mr. Lentine | 0.20 | 70.00 |
| 12/01/22 | RB | Phone conferences Joseph Lentine; emails Erin Lovitt | 0.10 | 35.00 |
| 12/02/22 | RB | Phone conferences Joseph Lentine; emails Angel Strunk, Mr. Lentine, Kelley Allesee; edit rent roll and organize papers for Landbank | 0.70 | 245.00 |
| 12/05/22 | RB | Edit fee applications; emails Angel Strunk, Joseph Lentine, Kelley Allesee and Erica Faaborg; phone conferences Dial One Security, Mr. Lentine; edit operation reports; review and file receiver's report | 0.50 | 175.00 |
| 12/06/22 | RB | Prepare for and attend status report before Magistrate Berding; phone conference Kelley Allesee; office conferences Joseph Lentine; properties drive by | 1.00 | 350.00 |
| 12/07/22 | RB | Office conference Joseph Lentine; emails and texts Mr. Lentine; properties drive by | 0.20 | 70.00 |
| 12/08/22 | RB | Phone conferences Joseph Lentine, Charles Pritchard; emails Mr. Pritchard, Kelley Allesee, Melissa Darby, Erica Faaborg, Kate Burroughs and Shannon Price | 0.30 | 105.00 |
| 12/09/22 | RB | Emails Angel Strunk, Joseph Lentine, Chuck Pritchard; phone conferences Mr. Lentine, Chuck Pritchard; review pictures for Ron Shouse inspection list | 0.10 | 35.00 |
| 12/12/22 | RB | Emails Kelley Allesee, Michael Galasso and Joseph Lentine; phone conference Mr. Lentine | 0.20 | 70.00 |
| 12/13/22 | RB | Phone conferences and emails Joseph Lentine; properties drive by and photos | 0.10 | 35.00 |

Dentons Bingham Greenebaum LLP

| | | Invoice No.: | ****** |
|---|---|---|---|
| | | Invoice Date: | September 7, 2023 |
| Konza LLC | | Page | 4 |
| 131170.000002 | | | |

| DATE | ATTORNEY/<br>PARALEGAL | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| 12/14/22 | RB | Conferences Joseph Lentine; properties drive by; email Ron Shouse | 0.10 | 35.00 |
| 12/15/22 | RB | Phone conferences Joseph Lentine | 0.10 | 35.00 |
| 12/16/22 | RB | Review 12/14/22 John Klosterman filing; emails Kelley Allesee; phone conferences Joseph Lentine, Ms. Allesee and Shannon Price | 0.20 | 70.00 |
| 12/19/22 | RB | Prepare for and attend hearing before Magistrate Berding; conference Kelley Allesee, Kate Burroughs and Shannon Price; emails Ms. Allesee | 0.50 | 175.00 |
| 12/20/22 | RB | File Magistrate's Order and have served; phone conferences Joseph Lentine and Robert Calabreze | 0.40 | 140.00 |
| 12/22/22 | RB | Phone conferences Tara Weber, Joseph Lentine and Kelley Allesee; email Ms. Weber | 0.20 | 70.00 |
| 12/23/22 | RB | Phone conferences Joseph Lentine | 0.10 | 35.00 |
| 12/26/22 | RB | Phone conferences Joseph Lentine | 0.10 | 35.00 |
| 12/27/22 | RB | Phone conferences Joseph Lentine, GCWW; emails GCWW and Kelley Allesee | 0.10 | 35.00 |
| 12/28/22 | RB | Phone conferences Joseph Lentine | 0.10 | 35.00 |
| 12/29/22 | RB | Review John Klosterman 12/28/22 filing and draft response; emails Kelley Allesee and Jennifer Donathan; phone conferences Joseph Lentine | 0.80 | 280.00 |
| 12/30/22 | RB | Conference Alexis Royse ; phone conferences Jennifer Donathan and Joseph Lentine; emails Kelley Allesee and Tara Weber; draft response to John Klosterman 12/28/22 filing | 1.10 | 385.00 |
| 01/01/23 | RB | Phone conferences Joseph Lentine; review 12/21/22 court of appeals decision in John Klosterman criminal case | 0.10 | 35.00 |
| 01/02/23 | RB | Email Kelley Allesee | 0.10 | 35.00 |
| 01/03/23 | RB | Phone conferences Joseph Lentine; emails Kelley Allesee | 0.10 | 35.00 |
| 01/04/23 | RB | Email Joseph Lentine | 0.10 | 35.00 |
| 01/05/23 | RB | Phone conferences Joseph Lentine | 0.10 | 35.00 |
| 01/06/23 | RB | Edit response to John Klosterman 12/28/22 filing | 0.70 | 245.00 |
| 01/09/23 | RB | Emails Joseph Lentine; conference Allen Teetor; properties drive by; phone conferences Jennifer Donathan, Liz Eddy; conference Laura Finke; review Landbank motion; attend to filing and service of receiver's report | 0.30 | 105.00 |
| 01/10/23 | RB | Phone conferences Dion Crockett, Joseph Lentine and | 0.20 | 70.00 |

Dentons Bingham Greenebaum LLP

Konza LLC
131170.000002

| | Invoice No.: | ****** |
|---|---|---|
| | Invoice Date: | September 7, 2023 |
| | Page | 5 |

| DATE | ATTORNEY/ PARALEGAL | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| | | Kelley Allesee; emails Ms. Allesee and Erica Faaborg | | |
| 01/11/23 | RB | Phone conferences Dion Crockett, Joseph Lentine, Jan Michele Lemon Kenney and others, Duke Energy; emails Allie Rice, Jennifer Donathan, Liz Eddy | 0.20 | 70.00 |
| 01/12/23 | RB | Phone conferences Duke Energy, Joseph Lentine and Robert Jones; emails John Shrider and Kelley Allesee | 0.40 | 140.00 |
| 01/13/23 | RB | Phone conferences Joseph Lentine, Robert Jones, Shannon Price, Allie Rice; meeting Mr. Jones; properties drive by; emails Stacy Purcell and Shannon Price, John Schrider | 0.50 | 175.00 |
| 01/15/23 | RB | Properties drive by; email Stacy Purcell (1/14/23) and file review; texts Allie Rice | 0.20 | 70.00 |
| 01/17/23 | RB | Emails Allie Rice, Angel Strunk, Joseph Lentine, Shannon Price, Stacy Purcell; phone conferences Mr. Lentine, Ms. Rice, Ms. Purcell and Duke Energy | 0.30 | 105.00 |
| 01/18/23 | RB | Phone conferences Joseph Lentine and Kelley Allesee; emails Mr. Lentine and Erin Lovitt | 0.20 | 70.00 |
| 01/19/23 | RB | Phone conferences Allie Rice and Kelley Allesee; emails Ms. Rice, Ms. Allesee, Angel Strunk, Brian Pyles; office conference Ms. Allesee; emails Joseph Lentine, Ms. Strunk, Ms. Rice | 1.00 | 350.00 |
| 01/20/23 | RB | Phone conferences Allie Rice, Joseph Lentine, Patrick Hanley; emails Kelley Allesee, Ms. Rice and Mr. Lentine | 0.50 | 175.00 |
| 01/21/23 | RB | Phone conference Joseph Lentine | 0.10 | 35.00 |
| 01/23/23 | RB | Phone conferences Joseph Lentine and Kelley Allesee; emails Mr. Lentine, Erin Lovett; office conference Mr. Lentine; review Gateway contract; deliver letter to Allie Rice; properties drive by; meeting with Mr. Lentine | 1.00 | 350.00 |
| 01/24/23 | RB | Emails Jennifer Donathan, Brian Pyles, Stacy Purcell, Joseph Lentine, Erin Lovitt; prepare for and attend meeting with Kelley Allesee and Joseph Lentine; phone conferences Ms. Allesee | 1.50 | 525.00 |
| 01/25/23 | RB | Emails Stacey Purcell, Joseph Lentine, Allie Rice, Jennifer Donathan, Brian Pyles, Kelley Allesee, Robert Calabreze; phone conferences Allen Teetor, Ms. Donathan, Ms. Allesee; inspect 654 Steiner; properties drive by; conference Ms. Allesee and Mr. Lentine; letter Ty Foster; review Gateway site | 1.00 | 350.00 |
| 01/26/23 | RB | Phone conferences Bobby Thompson, Allie Rice, Joseph Lentine; emails Ms. Rice, Mr. Lentine; texts Robert Wells | 0.30 | 105.00 |

Dentons Bingham Greenebaum LLP

Konza LLC
131170.000002

| | | |
|---|---|---|
| Invoice No.: | ****** | |
| Invoice Date: | September 7, 2023 | |
| Page | 6 | |

| DATE | ATTORNEY/<br>PARALEGAL | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| 01/27/23 | RB | Phone conference Joseph Lentine; emails Allie Rice; review John Klosterman filing | 0.20 | 70.00 |
| 01/28/23 | RB | Phone conference Joseph Lentine | 0.10 | 35.00 |
| 01/29/23 | RB | Phone conference Kelley Allesee | 0.50 | 175.00 |
| 01/30/23 | RB | Phone conferences Ty Foster, Joseph Lentine, Jennifer Donathan | 0.10 | 35.00 |
| 01/31/23 | RB | Prepare for and attend appearance before Magistrate Berding; post appearance conferences Joseph Lentine and Amy Higgins and Kelley Allesee; phone conference Jennifer Donathan; emails Alexis Royse | 1.50 | 525.00 |
| 02/01/23 | RB | Phone conferences Allie Rice and David Donnett, Robert Jones, Matthew Flannery, Kelley Allesee; emails Ms. Rice, Joseph Lentine, Stacy Purcell; review 1/31/23 case filings | 0.70 | 245.00 |
| 02/02/23 | RB | Phone conferences Robert Jones, Joseph Lentine | 0.10 | 35.00 |
| 02/03/23 | RB | Properties drive by; text Allie Rice; phone conferences Matthew Flanney, Ms. Rice, Kelley Allesee and Philip Denning; review John Klosterman filings; email Deanna White | 0.30 | 105.00 |
| 02/06/23 | RB | Phone conference Allie Rice; texts Allen Teetor; emails Mr. Rice, Jennifer Donathan, Joseph Lentine, Angel Strunk, Tara Weber | 0.30 | 105.00 |
| 02/07/23 | RB | Phone conferences Tara Weber, Joseph Lentine; emails Allie Rice, Angel Strunk, Ms. Weber; voice mail Lisa Massingill | 0.20 | 70.00 |
| 02/08/23 | RB | Emails Allie Rice, Megan Moore, Kelley Allesee; phone conferences Joseph Lentine, Angel Strunk and Ms. Allesee; emails from Cincinnati Fire Department | 0.30 | 105.00 |
| 02/10/23 | RB | Phone conferences Joseph Lentine, Allie Rice, St. Vincent de Paul/Mipaandbob and email to them | 0.10 | 35.00 |
| 02/13/23 | RB | Emails David Boe; phone conferences Joseph Lentine and Kelley Allesee; review Landbank filing | 0.20 | 70.00 |
| 02/14/23 | RB | Emails Joseph Lentine, Mark Bissinger, Allie Rice, Davie Boe | 0.20 | 70.00 |
| 02/15/23 | RB | Phone conference Joseph Lentine; emails Susan Zurface, Mr. Lentine, Allie Rice | 0.20 | 70.00 |
| 02/16/23 | RB | Phone conferences Joseph Lentine; emails Mr. Lentine and Allie Rice | 0.20 | 70.00 |
| 02/17/23 | RB | Phone conferences Joseph Lentine and Kelley Allesee; review receiver's 1/1-20/23 report for filing and have filed and served; review Ms. Allesee email and | 0.40 | 140.00 |

Dentons Bingham Greenebaum LLP

Konza LLC
131170.000002

| | | Invoice No.: | ****** |
|---|---|---|---|
| | | Invoice Date: | September 7, 2023 |
| | | Page | 7 |

| DATE | ATTORNEY/ PARALEGAL | DESCRIPTION | HOURS | AMOUNT |
|------|---------------------|-------------|-------|--------|
| | | attachments; emails Ms. Allesee | | |
| 02/20/23 | RB | Emails Allie Rice, Megan Moore, Rumpke and Joseph Lentine | 0.10 | 35.00 |
| 02/21/23 | RB | Review Kelley Allesee 2/20/23 letter and enclosures; emails Megan Moore, Energy Insurance, Matthew Kincaid, Allie Rice; phone conferences Joseph Lentine; prepare for and attend hearing before Magistrate Berding; conference Ms. Allesee and Amy Higgins | 1.50 | 525.00 |
| 02/22/23 | RB | Emails Megan Moore, Jennifer Donathan, Kelley Allesee | 0.10 | 35.00 |
| 02/23/23 | RB | Draft Civ.R.45(B) motion; phone conference Allie Rice and Megan Moore; review Gateway portal; emails Ms. Rice, Ms. Moore, Mark Bessinger, Jennifer Donathan and Joseph Lentine; meeting with Mr. Lentine; properties drive by | 1.00 | 350.00 |
| 02/24/23 | RB | Phone conference Matthew Flannery; emails Allie Rice, Nicholas DiNardo, Kelley Allesee; draft chart on rent deposits; edit Civ.R. 54(B) motion | 0.50 | 175.00 |
| 02/27/23 | RB | Edit Civ.R. 54(B) motion; phone conference Kelley Allesee; edit 12/1/22-2/24/23 fees and expenses summary; emails Ms. Allesee | 0.50 | 175.00 |
| 02/28/23 | RB | Internet searches Sedamsville; phone conferences Joseph Lentine and Kelley Allesee; emails Allie Rice and Mr. Lentine | 0.70 | 245.00 |
| 03/01/23 | RB | Phone conference Allie Rice, David Mussari, Kelley Allesee, Philip Denning, Madeline Ottilie, Randy Tucker; emails Ms. Rice, Mr. Lentine, Ms. Allesee, Amy Higgins | 0.50 | 175.00 |
| 03/02/23 | RB | Review Joseph Lentine filings; emails Matthew Flannery, Allie Rice, Nicholas DiNardo, Michelle Alfini, Joseph Lentine; phone conferences Charles Prichard, Mr. DiNardo, Ms. Flannery, Kelley Allesee | 0.70 | 245.00 |
| 03/03/23 | RB | Emails Kelley Allesee, Amy Higgins, Matthew Flannery; Nicholas DiNardo, phone conferences Ms. Allesee and Mr. Flannery | 0.20 | 70.00 |
| 03/04/23 | RB | Prepare for meeting with Legal Aid, City and Landbank | 0.10 | 35.00 |
| 03/05/23 | RB | Prepare for Zoom meeting with Legal Aid, City and Landbank; draft current tenant charts | 0.20 | 70.00 |
| 03/06/23 | RB | Emails Kelley Allesee, Stacy Purcell, Allie Rice, Lonnie Wise; Amy Higgins; draft receiver's Gateway income and expense report 1/20-3/4/23 and letter to tenants; review Joseph Lentine mechanics liens; prepare for and attend Legal Aid, City and Landbank | 0.50 | 175.00 |

Dentons Bingham Greenebaum LLP

Konza LLC
131170.000002

| | Invoice No.: | ****** |
|---|---|---|
| | Invoice Date: | September 7, 2023 |
| | Page | 8 |

| DATE | ATTORNEY/ PARALEGAL | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| | | conference call; phone conferences Ms. Allesee, Selena Reeder, Ms. Higgins, Michelle Alfini, Ms. Rice | | |
| 03/07/23 | RB | Review John Klosterman filings; emails Allie Rice | 0.20 | 70.00 |
| 03/08/23 | RB | Emails Lonnie Wise, Allie Rice; draft and edit tenant charts; phone conferences Ms. Rice | 0.20 | 70.00 |
| 03/09/23 | RB | Inspection tour of 11 units with Lonnie Wise and Megan Moore; emails Mr. Wise, Ms. Moore; phone conferences Nicholas DiNardo | 0.20 | 70.00 |
| 03/10/23 | RB | Zoom conference Nicholas DiNardo, Lonnie Wise, Shannon Price; draft and edit current tenant papers; emails Katrina Frei, Mr. DiNardo, Mr. Wise, Allie Rice; review Gateway portal | 0.50 | 175.00 |
| 03/13/23 | RB | Edit motion re Joseph Lentine motions; phone conferences Mr. Lentine, Allie Rice, Kelley Allesee, Tara Weber and Zoom with Stephanie Moes, Stacy Purcell, Lonnie Wright and Shannon Price; texts Mr. Lentine and Ms. Rice; emails Ms. Rice, Nicholas DiNardo, Matthew Horwitz, Ms. Allesee, Ms. Moes, Ms. Purcell, Mr. Wright, Mr. Wise, Katrina Frei; inspect 649 Steiner exterior; conferences Nate Cash and Angel Strunk; draft and edit current tenant charts; edit Gateway form lease | 1.20 | 420.00 |
| 03/14/23 | RB | Review Joseph Lentine filing; draft and edit current tenant charts; edit Gateway lease; emails Stacy Purcell, Shannon Price, Stephanie Moes | 0.50 | 175.00 |
| 03/15/23 | RB | Edit Gateway lease; emails Kelley Allesee, Shannon Price, Stephanie Moes, Stacy Purcell, Erica Faaborg, Allie Rice, Erin Lovitt; phone conferences Ms. Rice, Hamilton County Treasurer; check Gateway portal; review 7 Magistrates Orders and edit chart | 1.00 | 350.00 |
| 03/16/23 | RB | Emails Lonnie Wise, Shannon Price, Kelley Allesee, Allie Rice; inspect properties with Mr. Wise and Megan Moore; edit tenant charts; phone conferences Ms. Allesee and Ms. Rice; check Gateway portal; properties drive by | 0.50 | 175.00 |
| 03/17/23 | RB | Draft response to John Klosterman 3/7/23 filing; phone conference Rumpke; emails Lonnie Wise, Megan Moore and Shannon Price; draft opposition to Joseph Lentine/TriState Organization, Inc. motion to intervene; check Gateway portal | 0.70 | 245.00 |
| 03/20/23 | RB | Emails Kelley Allesee, Allie Rice, Stacy Purcell, Meghan Moore, Jennifer Donathan; check Gateway portal; phone conference Shannon Price; edit Gateway lease and tenant charts | 0.30 | 105.00 |

Dentons Bingham Greenebaum LLP

Konza LLC
131170.000002

| | | |
|---|---|---|
| Invoice No.: | ****** |
| Invoice Date: | September 7, 2023 |
| Page | 9 |

| DATE | ATTORNEY/ PARALEGAL | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| 03/21/23 | RB | Emails Allie Rice, Megan Moore, Taylor McComb, Katrina Frei; edit Gateway lease and tenant charts; check Gateway portal | 0.20 | 70.00 |
| 03/22/23 | RB | Emails Allie Rice, Megan Moore, Taylor McComb, Joseph Lentine, Katrina Frei; draft responses to Joseph Lentine motion to intervene and John Klosterman 3/20/23 filing; check Gateway portal | 1.00 | 350.00 |
| 03/23/23 | RB | Phone conference Kelley Allesee; check Gateway portal; draft response to Joseph Lentine second motion to intervene | 0.70 | 245.00 |
| 03/24/23 | RB | Edit opposition to Joseph Lentine second motion to intervene; emails Taylor McComb, Allie Rice; check Gateway portal; phone conference Kelley Allesee and Andrew Garth; draft settlement and release agreement | 1.50 | 525.00 |
| 03/25/23 | RB | Properties drive by; emails Kelley Allesee and Andrew Garth; draft notice to commence suit and legal research on same | 1.00 | 350.00 |
| 03/27/23 | RB | Phone conferences Allie Rice and Jennifer Donathan; edit filings in response to John Klosterman and Joseph Lentine filings; email and voicemail Kelley Allesee; emails Stacy Purcell and Ms. Rice | 1.00 | 350.00 |
| 03/28/23 | RB | Emails Kelley Allesee; review Landbank filing; phone conferences Ms. Allesee, Allie Rice and staff; edit tenant charts; conference Denise Hollingsworth; edit notices to commence suit | 1.80 | 630.00 |
| 03/29/23 | RB | Edit notices to commence; conference Denise Hollingworth; emails Mark Bissinger, Robert Hines, Dave Boe, Katrina Frei; phone conference Mr. Bissinger | 0.90 | 315.00 |
| 03/30/23 | RB | Phone conferences Jennifer Donathan and Kelley Allesee | 0.10 | 35.00 |
| 03/31/23 | RB | Phone conferences Kelley Allesee and Jennifer Donathan; pick up Sheriff's returns on notices to commence suit | 0.80 | 280.00 |
| 04/03/23 | RB | Phone conferences Allie Rice, Kelley Allesee and Jennifer Donathan; emails Mr. Rice, Ms. Allesee, Ms. Donathan; review Gateway portal; review John Klosterman and Landbank filings in vexatious litigator case | 0.20 | 70.00 |
| 04/04/23 | RB | Phone conferences Jennifer Donathan; review Gateway portal; emails Allie Rice, Ms. Donathan; edit rent roll | 0.30 | 105.00 |
| 04/05/23 | RB | Phone conferences Jennifer Donathan and Mark Bissinger; emails Katrina Frei | 0.30 | 105.00 |

Dentons Bingham Greenebaum LLP

Konza LLC
131170.000002

| | Invoice No.: | ****** |
|---|---|---|
| | Invoice Date: | September 7, 2023 |
| | Page | 10 |

| DATE | ATTORNEY/ PARALEGAL | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| 04/06/23 | RB | Phone conferences Kelley Allesee and Jennifer Donathan; PACER search Joseph Lentine; emails Allie Rice | 0.20 | 70.00 |
| 04/07/23 | RB | Phone conferences Allie Rice; check docket sheets in federal criminal action and Hamilton County; finalize receiver report to 3/31/23; review Gateway portal; emails Allie Rice | 0.30 | 105.00 |
| 04/10/23 | RB | Draft letter to Katrina Frei; draft affidavits of service of notice to commence; emails Katrina Frei and Allie Rice; phone conference Kelley Allesee | 0.20 | 70.00 |
| 04/11/23 | RB | Emails Allie Rice; Kelley Allesee; check Gateway portal; edit affidavits on service of notice to commence suit and have notarized | 0.50 | 175.00 |
| 04/12/23 | RB | Conference Kelley Allesee; emails Allie Rice, Ms. Allesee, Robert Calabrese; record affidavits on service of notices to commence suit | 0.50 | 175.00 |
| 04/13/23 | RB | Edit receiver expense and fee charts; phone conferences Kelley Allesee and Jennifer Donathan; emails Ms. Allesee and Erica Faaborg | 0.50 | 175.00 |
| 04/14/23 | RB | Emails Allie Rice, Kelley Allesee; review recent filings in Landbank case; visit Gateway portal | 0.10 | 35.00 |
| 04/17/23 | RB | Review Gateway portal; emails Karina Feis, Jackie Olson; phone conferences Ms. Olson and with Kelley Allesee, Allie Rice and Meagan Monroe | 0.20 | 70.00 |
| 04/18/23 | RB | Email and phone conference Jackie Olson | 0.50 | 175.00 |
| 04/19/23 | RB | Emails Philip Denning and Kelley Allesee; read John Klosterman 4/18/23 filing; edit chart of Mr. Klosterman filings; phone conference and email Katrina Frei | 0.20 | 70.00 |
| 04/20/23 | RB | Emails Jackie Olson | 0.20 | 70.00 |
| 04/21/23 | RB | Email Meghan Roark; email Kate Burroughs, Shannon Price and Erica Faaborg | 0.20 | 70.00 |
| 04/24/23 | RB | Emails Meghan Roark | 0.10 | 35.00 |
| 04/25/23 | RB | Emails Kelley Allesee, Allie Rice, Ronald Shouse; edit expense chart | 0.30 | 105.00 |
| 04/26/23 | RB | Emails Kelley Allesee and Allie Rice; texts Duke Energy; docket review | 0.20 | 70.00 |
| 04/27/23 | RB | Draft objection to John Klosterman 4/18/23 motion | 0.30 | 105.00 |
| 04/28/23 | RB | Emails Kelley Allesee and Allie Rice; letter to Duke Energy | 0.20 | 70.00 |
| 05/01/23 | RB | Emails Kelley Allesee, Brian Pyles, Anna Ausman, LaTasha Brewer, Ronald Shouse, Chuck Stephen; | 0.50 | 175.00 |

Dentons Bingham Greenebaum LLP

| | |
|---|---|
| Invoice No.: | ****** |
| Invoice Date: | September 7, 2023 |
| Page | 11 |

Konza LLC
131170.000002

| DATE | ATTORNEY/ PARALEGAL | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| | | conference Ms. Allesee; prepare for closing and execute dox at Prominent Title | | |
| 05/02/23 | RB | Emails Brian Pyles, Anna Asmun, Christian Donovan; meeting Ronald Shouse at 637 Steiner; letter Anna Ausman; phone conference Matthew Flannery; review James Neiberding filings | 1.00 | 350.00 |
| 05/03/23 | RB | Edit objection to John Klosterman motion to disqualify Magistrate Anita Berding; draft response to application for payment to TSO and Joseph Lentine; emails Allie Rice, John Klosterman, Robert Hines, Erin Lovitt, Kelley Allesee; review Gateway portal and Clerk of Courts website | 0.60 | 210.00 |
| 05/04/23 | RB | Phone conferences Kelley Allesee; texts Susan Zurface; review John Klosterman 5/3/23 filings; legal research; emails Christian Donovan and Brian Pyles, Alexis Royse | 1.20 | 420.00 |
| 05/05/23 | RB | Review John Klosterman filing; draft response to Joseph Lentine application; review Gateway portal; email Jennifer Donathan | 0.40 | 140.00 |
| 05/08/23 | RB | Review John Klosterman filings; legal research; review Gateway portal; phone conferences Kelley Allesee | 2.50 | 875.00 |
| 05/09/23 | RB | Emails Allie Rice; phone conferences Joseph Lentine; draft reply to TSO and Mr. Lentine application for payment | 1.00 | 350.00 |
| 05/10/23 | RB | Phone conferences Joseph Lentine and James Nieberding; emails Mr. Lentine, Susan Zurface, Kelley Allesee, Katrina Frei; edit response to TSO & Mr. Lentine application | 1.50 | 525.00 |
| 05/11/23 | RB | Emails Allie Rice | 0.10 | 35.00 |
| 05/15/23 | RB | Phone conference Kelly Allesee; review Gateway portal | 0.30 | 105.00 |
| 05/16/23 | RB | Review Gateway report; review Gateway portal; edit GCWW chart; email Kelley Allesee | 1.00 | 350.00 |
| 05/17/23 | RB | Emails Tony Searls and Kelley Allesee; assemble documents for review | 0.30 | 105.00 |
| 05/18/23 | RB | Emails Allie Rice and Cynthia Fischer | 0.20 | 70.00 |
| 05/19/23 | RB | Emails Cynthia Fischer; check docket sheets and Gateway portal | 0.20 | 70.00 |
| 05/22/23 | RB | Prepare for and attend conference with Cynthia Fischer | 0.50 | 175.00 |
| 05/23/23 | RB | Prepare for and attend hearing in State v. Klosterman; prepare for 5/24/23 status report | 0.60 | 210.00 |
| 05/24/23 | RB | Prepare for and attend hearing and report before Magistrate Berding; courthouse conferences Kelley | 1.00 | 350.00 |

Dentons Bingham Greenebaum LLP

Konza LLC
131170.000002

| | | | Invoice No.: | ****** |
| Invoice Date: | September 7, 2023 |
| Page | 12 |

| DATE | ATTORNEY/ PARALEGAL | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| | | Allesee and Cynthia Fischer; James Nieberding and Joseph Lentine; check clerk's website on criminal actions; edit GCWW charts; phone conferences Mr. Lentine and Ms. Allesee | | |
| 05/25/23 | RB | Emails Kelley Allesee | 0.10 | 35.00 |
| 05/26/23 | RB | Docket checks | 0.10 | 35.00 |
| 05/30/23 | RB | Phone conferences Joseph Lentine; emails Kelley Allesee; draft affidavits as to service of notices to commence suit | 0.50 | 175.00 |
| 05/31/23 | RB | Phone conferences Cynthia Fischer; emails Allie Rice and David Donnett office; Kelley Allesee; edit affidavits of TSO/Joseph Lentine mechanic's liens | 0.50 | 175.00 |
| 06/01/23 | RB | Edit affidavits on TSO/Joseph Lentine mechanic's lien; emails David Donnett office | 0.30 | 105.00 |
| 06/02/23 | RB | Prepare for and attend office conferences Cynthia Fischer; phone conference Joseph Lentine; record 3 affidavits on service of notice to commence suit; emails Ms. Fischer and Kelley Allesee | 1.50 | 525.00 |
| 06/05/23 | RB | Office conference Cynthia Fischer; draft second receiver fee application etc.; organize pleadings files; emails Ms. Fischer and Kelley Allesee | 1.30 | 455.00 |
| 06/06/23 | RB | Draft receiver motion for fees and expenses and discharge and termination; review Landbank 6/5/23 filing | 0.70 | 245.00 |
| 06/07/23 | RB | Emails Allie Rice and Jennifer Donathan; phone conferences Kelley Allesee and Ms. Donathan | 0.30 | 105.00 |
| 06/08/23 | RB | Emails Nick Stone; review dockets sheets | 0.10 | 35.00 |
| 06/12/23 | RB | Edit second fee application; email Allie Rice | 0.50 | 175.00 |
| 06/20/23 | RB | Emails Amy Higgins | 0.10 | 35.00 |
| 06/21/23 | RB | Phone conference Allie Rice; review TriState Organization, Inc./Joseph Lentine filings; edit GCWW charts | 0.40 | 140.00 |
| 06/22/23 | RB | Review Gateway billing | 0.50 | 175.00 |
| 06/23/23 | RB | Edit Gateway charts; phone conference Cynthia Fischer | 0.10 | 35.00 |
| 06/26/23 | RB | Attend to GCWW billing; email Melissa Darby; prepare for 7/5/23 hearing; review docket sheets | 0.30 | 105.00 |
| 06/27/23 | RB | Edit Gateway billing charts | 0.10 | 35.00 |
| 06/28/23 | RB | Phone conference Cynthia Fischer; email Allie Rice; edit Gateway charts | 0.20 | 70.00 |
| 06/29/23 | RB | Prepare for attend meeting with Cynthia Fischer; draft | 1.50 | 525.00 |

Dentons Bingham Greenebaum LLP

Konza LLC
131170.000002

| | | Invoice No.: | ****** |
|---|---|---|---|
| | | Invoice Date: | September 7, 2023 |
| | | Page | 13 |

| DATE | ATTORNEY/ PARALEGAL | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| | | affidavit | | |
| 06/30/23 | RB | Draft affidavit | 1.00 | 350.00 |
| 07/03/23 | RB | Edit affidavit; prepare for 7/5/23 hearings; review John Klosterman filing | 2.00 | 700.00 |
| 07/05/23 | RB | Edit affidavit; prepare for and attend hearings | 3.00 | 1,050.00 |
| 07/07/23 | RB | Phone conferences Amy Higgins and Cynthia Fischer; review John Klosterman 7/5/23 filing and clerk's website | 0.10 | 35.00 |
| 07/11/23 | RB | Review vexatious litigator order; check docket sheets; draft responses to 7/3 and 7/5/23 John Klosterman filings | 0.30 | 105.00 |
| 07/12/23 | RB | Edit second fee application; edit responses to 7/3 and 7/5/23 John Klosterman filings | 0.40 | 140.00 |
| 07/14/23 | RB | Edit second fee application | 0.40 | 140.00 |
| 07/17/23 | RB | Emails Sara Sheets, Tom Mullikan, Kelley Allesee and Nick Stone; review John Klosterman 7/14/23 filings | 0.20 | 70.00 |
| 07/21/23 | RB | Email Mark Grundy | 0.30 | 105.00 |
| 07/24/23 | RB | Review federal PPP litigation filings; phone conference Cynthia Fischer | 0.10 | 35.00 |
| 08/02/23 | RB | Edit second fee application | 0.20 | 70.00 |
| 08/04/23 | RB | Emails Allie Rice | 0.10 | 35.00 |
| 08/10/23 | RB | Email Allie Rice | 0.10 | 35.00 |
| 08/11/23 | RB | Prepare for and attend Google conference Allie Rice and Sabrina Hazen; edit second fee application | 0.50 | 175.00 |
| 08/14/23 | RB | Edit second fee application; email Cynthia Fischer | 0.30 | 105.00 |
| 08/15/23 | RB | Email John Klosterman; text Susan Zurface | 0.10 | 35.00 |
| 08/16/23 | RB | Email Allie Rice | 0.10 | 35.00 |
| 08/17/23 | RB | Emails Allie Rice | 0.10 | 35.00 |
| 08/21/23 | RB | Email John Klosterman | 0.10 | 35.00 |
| 08/25/23 | RB | Phone conference Cynthia Fischer | 0.30 | 105.00 |
| 08/28/23 | RB | Phone conference Cynthia Fischer; edit second fee application | 0.10 | 35.00 |
| 08/29/23 | RB | Draft memo in opposition to John Klosterman 8/21/23 motion | 0.20 | 70.00 |

FEES FOR PROFESSIONAL SERVICES RENDERED                                 $      28,035.00

OUT-OF-POCKET EXPENSES

Dentons Bingham Greenebaum LLP

Konza LLC
131170.000002

| | | | |
|---|---|---|---|
| | Invoice No.: | ****** | |
| | Invoice Date: | September 7, 2023 | |
| | Page | 14 | |

| | | | |
|---|---|---|---|
| 1/6/23 | Data Hosting | 39.34 | |
| 1/31/23 | Data Hosting | 39.34 | |
| 2/28/23 | Data Hosting | 53.36 | |
| 2/28/23 | Shipping/ Order Distribution - PAID TO: FedEx | 23.61 | |
| 3/21/23 | Shipping/ Order Distribution - PAID TO: FedEx | 17.67 | |
| 4/1/23 | Data Hosting | 10.00 | |
| 4/11/23 | Shipping/ Order Distribution - PAID TO: FedEx | 20.52 | |
| 4/14/23 | Fees/Filing Fees - PAID TO: Hamilton County Sheriff's Office | 132.00 | |
| 5/9/23 | Shipping/ Order Distribution - PAID TO: FedEx | 17.25 | |
| 5/16/23 | Data Hosting | 53.36 | |
| 5/31/23 | Data Hosting | 53.36 | |
| 6/30/23 | Data Hosting | 53.36 | |
| 7/31/23 | Data Hosting | 53.36 | |
| 8/31/23 | Data Hosting | 53.36 | |

$ 619.89

INVOICE TOTAL (USD)  $ 28,654.89

## SUMMARY OF PROFESSIONAL SERVICES

| ATTORNEY/PARALEGAL | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Richard Boydston | 80.10 | 350.00 | 28,035.00 |
| | 80.10 | | 28,035.00 |

# EXHIBIT E
## Fees Due to Receiver

22931785.v2

9/7/23
revision

City v. Klosterman
#A1905588

Work descriptions, time and charges

| date | description | receiver at $300/hour | |
| --- | --- | --- | --- |
| | | time | amount |
| 11/30/22 | inspect properties with Ronald Shouse, Luke Herman and Joseph Lentine; phone conferences Mr. Lentine | 3.00 | 900.00 |
| 12/1/22 | phone conferences Joseph Lentine; emails Erin Lovitt | .30 | 90.00 |
| 12/2/22 | phone conferences Joseph Lentine; emails Angel Strunk, Mr. Lentine, Kelley Allesee; edit rent roll and organize papers for Landbank | 1.20 | 360.00 |
| 12/5/22 | edit fee applications; emails Angel Strunk, Joseph Lentine, Kelley Allesee and Erica Faaborg; phone conferences Dial One Security, Mr. Lentine; edit operation reports; review and file receiver's report | 1.00 | 300.00 |
| 12/6/22 | prepare for and attend status report before Magistrate Berding; phone conference Kelley Allesee; office conferences Joseph Lentine; properties drive by | 2.00 | 600.00 |
| 12/7/22 | office conference Joseph Lentine; emails and texts Mr. Lentine; properties drive by | 1.00 | 300.00 |
| 12/8/22 | phone conferences Joseph Lentine, Charles Pritchard; emails Mr. Pritchard, Kelley Allesee, Melissa Darby, Erica Faaborg, Kate Burroughs and Shannon Price | .70 | 210.00 |
| 12/9/22 | emails Angel Strunk, Joseph Lentine, Chuck Pritchard; phone conferences Mr. Lentine, Chuck Pritchard; review pictures for Ron Shouse inspection list | .70 | 210.00 |
| 12/12/22 | emails Kelley Allesee, Michael Galasso and Joseph Lentine; phone conference Mr. Lentine | .10 | 30.00 |
| 12/13/22 | phone conferences and emails Joseph Lentine; properties drive by and photos | 1.20 | 360.00 |
| 12/14/22 | conferences Joseph Lentine; properties drive by; email Ron Shouse | 1.20 | 360.00 |
| 12/15/22 | phone conferences Joseph Lentine | .10 | 30.00 |
| 12/16/22 | review 12/14/22 John Klosterman filing; emails Kelley Allesee; phone conferences | .80 | 240.00 |

| date | description | receiver at $300/hour | |
|---|---|---|---|
| | | time | amount |
| | Joseph Lentine, Ms. Allesee and Shannon Price | | |
| 12/19/22 | prepare for and attend hearing before Magistrate Berding; conference Kelley Allesee, Kate Burroughs and Shannon Price; emails Ms. Allesee | 0 | 0 |
| 12/20/22 | file Magistrate's Order and have served; phone conferences Joseph Lentine and Robert Calabreze | .80 | 240.00 |
| 12/22/22 | phone conferences Tara Weber, Joseph Lentine and Kelley Allesee; email Ms. Weber | .20 | 60.00 |
| 12/23/22 | phone conferences Joseph Lentine | .20 | 60.00 |
| 12/26/22 | phone conferences Joseph Lentine | .20 | 60.00 |
| 12/27/22 | phone conferences Joseph Lentine, GCWW; emails GCWW and Kelley Allesee | .60 | 180.00 |
| 12/28/22 | phone conferences Joseph Lentine | .10 | 30.00 |
| 12/29/22 | review John Klosterman 12/28/22 filing and draft response; emails Kelley Allesee and Jennifer Donathan; phone conferences Joseph Lentine | .30 | 90.00 |
| 12/30/22 | conference Alexis Royse; phone conferences Jennifer Donathan and Joseph Lentine; emails Kelley Allesee and Tara Weber; draft response to John Klosterman 12/28/22 filing | .50 | 150.00 |
| 1/1/23 | phone conferences Joseph Lentine; review 12/21/22 court of appeals decision in John Klosterman criminal case | .20 | 60.00 |
| 1/2/23 | email Kelley Allesee | 0 | 0 |
| 1/3/23 | phone conferences Joseph Lentine; emails Kelley Allesee | .50 | 150.00 |
| 1/4/23 | email Joseph Lentine | 0 | 0 |
| 1/5/23 | phone conferences Joseph Lentine | 0 | 0 |
| 1/6/23 | edit response to John Klosterman 12/28/22 filing | 0 | 0 |
| 1/9/23 | emails Joseph Lentine; conference Allen Teetor; properties drive by; phone conferences Jennifer Donathan, Liz Eddy; conference Laura Finke; review Landbank motion; attend to filing and service of receiver's report | 1.20 | 360.00 |
| 1/10/23 | phone conferences Dion Crockett, Joseph Lentine and Kelley Allesee; emails Ms. Allesee and Erica Faaborg | 1.10 | 330.00 |

2

| date | description | receiver at $300/hour | |
| --- | --- | --- | --- |
| | | time | amount |
| 1/11/23 | phone conferences Dion Crockett, Joseph Lentine, Jan Michele Lemon Kenney and others, Duke Energy; emails Allie Rice, Jennifer Donathan, Liz Eddy | 1.50 | 450.00 |
| 1/12/23 | phone conferences Duke Energy, Joseph Lentine and Robert Jones; emails John Shrider and Kelley Allesee | 0 | 0 |
| 1/13/23 | phone conferences Joseph Lentine, Robert Jones, Shannon Price, Allie Rice; meeting Mr. Jones; properties drive by; emails Stacy Purcell and Shannon Price, John Schrider | 1.50 | 450.00 |
| 1/15/23 | properties drive by; email Stacy Purcell (1/14/23) and file review; texts Allie Rice | 1.00 | 300.00 |
| 1/17/23 | emails Allie Rice, Angel Strunk, Joseph Lentine, Shannon Price, Stacy Purcell; phone conferences Mr. Lentine, Ms. Rice, Ms. Purcell and Duke Energy | .70 | 210.00 |
| 1/18/23 | phone conferences Joseph Lentine and Kelley Allesee; emails Mr. Lentine and Erin Lovitt | .50 | 150.00 |
| 1/19/23 | phone conferences Allie Rice and Kelley Allesee; emails Ms. Rice, Ms. Allesee, Angel Strunk, Brian Pyles; office conference Ms. Allesee; emails Joseph Lentine, Ms. Strunk, Ms. Rice | 1.50 | 450.00 |
| 1/20/23 | phone conferences Allie Rice, Joseph Lentine, Patrick Hanley; emails Kelley Allesee, Ms. Rice and Mr. Lentine | .50 | 150.00 |
| 1/21/23 | phone conference Joseph Lentine | 0 | 0 |
| 1/23/23 | phone conferences Joseph Lentine and Kelley Allesee; emails Mr. Lentine, Erin Lovett; office conference Mr. Lentine; review Gateway contract; deliver letter to Allie Rice; properties drive by; meeting with Mr. Lentine | 1.50 | 450.00 |
| 1/24/23 | emails Jennifer Donathan, Brian Pyles, Stacy Purcell, Joseph Lentine, Erin Lovitt; prepare for and attend meeting with Kelley Allesee and Joseph Lentine; phone conferences Ms. Allesee | 2.50 | 750.00 |
| 1/25/23 | emails Stacey Purcell, Joseph Lentine, Allie Rice, Jennifer Donathan, Brian Pyles, Kelley Allesee, Robert Calabreze; phone conferences Allen Teetor, Ms. Donathan, | 2.50 | 750.00 |

3

| date | description | receiver at $300/hour | |
| --- | --- | --- | --- |
| | | time | amount |
| | Ms. Allesee; inspect 654 Steiner; properties drive by; conference Ms. Allesee and Mr. Lentine; letter Ty Foster; review Gateway portal | | |
| 1/26/23 | phone conferences Bobby Thompson, Allie Rice, Joseph Lentine; emails Ms. Rice, Mr. Lentine; texts Robert Wells | 1.20 | 360.00 |
| 1/27/23 | phone conference Joseph Lentine; emails Allie Rice; review John Klosterman filing | .80 | 240.00 |
| 1/28/23 | phone conference Joseph Lentine | 0 | 0 |
| 1/29/23 | phone conference Kelley Allesee | 0 | 0 |
| 1/30/23 | phone conferences Ty Foster, Joseph Lentine, Jennifer Donathan | .70 | 210.00 |
| 1/31/23 | prepare for and attend appearance before Magistrate Berding; post appearance conferences Joseph Lentine and Amy Higgins and Kelley Allesee; phone conference Jennifer Donathan; emails Alexis Royse | 1.50 | 450.00 |
| 2/1/23 | phone conferences Allie Rice and David Donnett, Robert Jones, Matthew Flannery, Kelley Allesee; emails Ms. Rice, Joseph Lentine, Stacy Purcell; review 1/31/23 case filings | 1.30 | 390.00 |
| 2/2/23 | phone conferences Robert Jones, Joseph Lentine | .20 | 60.00 |
| 2/3/23 | properties drive by; text Allie Rice; phone conferences Matthew Flanney, Ms. Rice, Kelley Allesee and Philip Denning; review John Klosterman filings; email Deanna White | .70 | 210.00 |
| 2/6/23 | phone conference Allie Rice; texts Allen Teetor; emails Mr. Rice, Jennifer Donathan, Joseph Lentine, Angel Strunk, Tara Weber | .70 | 210.00 |
| 2/7/23 | phone conferences Tara Weber, Joseph Lentine; emails Allie Rice, Angel Strunk, Ms. Weber; voice mail Lisa Massingill | .30 | 90.00 |
| 2/8/23 | emails Allie Rice, Megan Moore, Kelley Allesee; phone conferences Joseph Lentine, Angel Strunk and Ms. Allesee; emails Cincinnati Fire Department | 1.20 | 360.00 |
| 2/10/23 | phone conferences Joseph Lentine, Allie Rice, St. Vincent de Paul/Mipaandbob and email to them | .30 | 90.00 |

4

| date | description | receiver at $300/hour | |
| | | time | amount |
|------|-------------|------|--------|
| 2/13/23 | emails David Boe; phone conferences Joseph Lentine and Kelley Allesee; review Landbank filing | .30 | 90.00 |
| 2/14/23 | emails Joseph Lentine, Mark Bissinger, Allie Rice, Davie Boe | .30 | 90.00 |
| 2/15/23 | phone conference Joseph Lentine; emails Susan Zurface, Mr. Lentine, Allie Rice | .30 | 90.00 |
| 2/16/23 | phone conferences Joseph Lentine; emails Mr. Lentine and Allie Rice | .30 | 90.00 |
| 2/17/23 | phone conferences Joseph Lentine and Kelley Allesee; review receiver's 1/1-20/23 report for filing and have filed and served; review Ms. Allesee email and attachments; emails Ms. Allesee | 1.10 | 330.00 |
| 2/20/23 | emails Allie Rice, Megan Moore, Rumpke and Joseph Lentine | .30 | 90.00 |
| 2/21/23 | review Kelley Allesee 2/20/23 letter and enclosures; emails Megan Moore, Energy Insurance, Matthew Kincaid, Allie Rice; phone conferences Joseph Lentine; prepare for and attend hearing before Magistrate Berding; conference Ms. Allesee and Amy Higgins | .80 | 240.00 |
| 2/22/23 | emails Megan Moore, Jennifer Donathan, Kelley Allesee | .20 | 60.00 |
| 2/23/23 | draft Civ.R.45(B) motion; phone conference Allie Rice and Megan Moore; review Gateway portal; emails Ms. Rice, Ms. Moore, Mark Bessinger, Jennifer Donathan and Joseph Lentine; meeting with Mr. Lentine; properties drive by | 1.00 | 300.00 |
| 2/24/23 | phone conferences Matthew Flannery; emails Allie Rice, Nicholas DiNardo, Kelley Allesee; draft chart on rent deposits; edit Civ.R. 54(B) motion | 1.50 | 450.00 |
| 2/27/22 | edit Civ.R. 54(B) motion; phone conference Kelley Allesee; edit 12/1/22-2/24/23 fees and expenses summary; emails Ms. Allesee | 1.00 | 300.00 |
| 2/28/23 | internet searches Sedamsville; phone conferences Joseph Lentine and Kelley Allesee; emails Allie Rice and Mr. Lentine | .80 | 240.00 |
| 3/1/23 | phone conference Allie Rice, David Mussari, Kelley Allesee, Philip Denning, Madeline | 2.00 | 600.00 |

5

| | | receiver at $300/hour | |
|---|---|---|---|
| date | description | time | amount |
| | Ottilie, Randy Tucker; emails Ms. Rice, Mr. Lentine, Ms. Allesee, Amy Higgins | | |
| 3/2/23 | review Joseph Lentine filings; emails Matthew Flanney, Allie Rice, Nicholas DiNardo, Michelle Alfini, Joseph Lentine; phone conferences Charles Prichard, Mr. DiNardo, Ms. Flanney, Kelley Allesee | .80 | 240.00 |
| 3/3/23 | emails Kelley Allesee, Amy Higgins, Matthew Flannery; Nicholas DiNardo, phone conferences Ms. Allesee and Mr. Flannery | 1.00 | 300.00 |
| 3/4/23 | prepare for meeting with Legal Aid, City and Landbank | 1.00 | 300.00 |
| 3/5/23 | prepare for Zoom meeting with Legal Aid, City and Landbank; draft current tenant charts | 2.00 | 600.00 |
| 3/6/23 | emails Kelley Allesee, Stacy Purcell, Allie Rice, Lonnie Wise; Amy Higgins; draft receiver's Gateway income and expense report 1/20-3/4/23 and letter to tenants; review Joseph Lentine mechanics liens; prepare for and attend Legal Aid, City and Landbank conference call; phone conferences Ms. Allesee, Selena Reeder, Ms. Higgins, Michelle Alfini, Ms. Rice | 2.50 | 750.00 |
| 3/7/23 | review John Klosterman filings; emails Allie Rice | .20 | 60.00 |
| 3/8/23 | emails Lonnie Wise, Allie Rice; draft and edit tenant charts; phone conferences Ms. Rice | 1.10 | 330.00 |
| 3/9/23 | inspection tour of 11 units with Lonnie Wise and Megan Moore; emails Mr. Wise, Ms. Moore; phone conferences Nicholas DiNardo | 0 | 0 |
| 3/10/23 | Zoom conference Nicholas DiNardo, Lonnie Wise, Shannon Price; draft and edit current tenant papers; emails Katrina Frei, Mr. DiNardo, Mr. Wise, Allie Rice; review Gateway portal | 3.50 | 1,050.00 |
| 3/13/23 | edit motion re Joseph Lentine motions; phone conferences Mr. Lentine, Allie Rice, Kelley Allesee, Tara Weber and Zoom with Stephanie Moes, Stacy Purcell, Lonnie Wright and Shannon Price; texts Mr. Lentine and Ms. Rice; emails Ms. Rice, Nicholas DiNardo, Matthew Horwitz, Ms. Allesee, | 4.00 | 1,200.00 |

6

| | | receiver at $300/hour | |
| date | description | time | amount |
|------|-------------|------|--------|
| | Ms. Moes, Ms. Purcell, Mr. Wright, Mr. Wise, Katrina Frei; inspect 649 Steiner exterior; conferences Nate Cash and Angel Strunk; draft and edit current tenant charts; edit Gateway form lease | | |
| 3/14/23 | review Joseph Lentine filing; draft and edit current tenant charts; edit Gateway lease; emails Stacy Purcell, Shannon Price, Stephanie Moes | 2.00 | 600.00 |
| 3/15/23 | edit Gateway lease; emails Kelley Allesee, Shannon Price, Stephanie Moes, Stacy Purcell, Erica Faaborg, Allie Rice, Erin Lovitt; phone conferences Ms. Rice, Hamilton County Treasurer; check Gateway portal; review 7 Magistrates Orders and edit chart | 2.50 | 750.00 |
| 3/16/23 | emails Lonnie Wise, Shannon Price, Kelley Allesee, Allie Rice; inspect properties with Mr. Wise and Megan Moore; edit tenant charts; phone conferences Ms. Allesee and Ms. Rice; check Gateway portal; properties drive by | 3.00 | 900.00 |
| 3/17/23 | draft response to John Klosterman 3/7/23 filing; phone conference Rumpke; emails Lonnie Wise, Megan Moore and Shannon Price; draft opposition to Joseph Lentine/TriState Organization, Inc. motion to intervene; check Gateway portal | 1.20 | 360.00 |
| 3/20/23 | emails Kelley Allesee, Allie Rice, Stacy Purcell, Meghan Moore, Jennifer Donathan; check Gateway portal; phone conference Shannon Price; edit Gateway lease and tenant charts | 1.20 | 360.00 |
| 3/21/23 | emails Allie Rice, Megan Moore, Taylor McComb, Katrina Frei; edit Gateway lease and tenant charts; check Gateway portal | 2.00 | 600.00 |
| 3/22/23 | emails Allie Rice, Megan Moore, Taylor McComb, Joseph Lentine, Katrina Frei; draft responses to Joseph Lentine motion to intervene and John Klosterman 3/20/23 filing; check Gateway portal | 1.00 | 300.00 |
| 3/23/23 | phone conference Kelley Allesee; check Gateway portal; draft response to Joseph Lentine second motion to intervene | .80 | 240.00 |

7

| date | description | receiver at $300/hour | |
|---|---|---|---|
| | | time | amount |
| 3/24/23 | edit opposition to Joseph Lentine second motion to intervene; emails Taylor McComb, Allie Rice; check Gateway portal; phone conference Kelley Allesee and Andrew Garth; draft settlement and release agreement | 1.50 | 450.00 |
| 3/25/23 | properties drive by; emails Kelley Allesee and Andrew Garth; draft notice to commence suit and legal research on same | 1.50 | 450.00 |
| 3/27/23 | phone conferences Allie Rice and Jennifer Donathan; edit filings in response to John Klosterman and Joseph Lentine filings; email and voicemail Kelley Allesee; emails Stacy Purcell and Ms. Rice | 0 | 0 |
| 3/28/23 | emails Kelley Allesee; review Landbank filing; phone conferences Ms. Allesee, Allie Rice and staff; edit tenant charts; conference Denise Hollingsworth; edit notices to commence suit | 1.20 | 360.00 |
| 3/29/23 | edit notices to commence; conference Denise Hollingworth; emails Mark Bissinger, Robert Hines, Dave Boe, Katrina Frei; phone conference Mr. Bissinger | 1.40 | 420.00 |
| 3/30/23 | phone conferences Jennifer Donathan and Kelley Allesee | 1.50 | 450.00 |
| 3/31/23 | phone conferences Kelley Allesee and Jennifer Donathan; pick up Sheriff's returns on notices to commence suit | 1.20 | 360.00 |
| 4/3/23 | phone conferences Allie Rice, Kelley Allesee and Jennifer Donathan; emails Mr. Rice, Ms. Allesee, Ms. Donathan; review Gateway portal; review John Klosterman and Landbank filings in vexatious litigator case | 0 | 0 |
| 4/4/23 | phone conferences Jennifer Donathan; review Gateway portal; emails Allie Rice, Ms. Donathan; edit rent roll | .70 | 210.00 |
| 4/5/23 | phone conferences Jennifer Donathan and Mark Bissinger; emails Katrina Frei | .70 | 210.00 |
| 4/6/23 | phone conferences Kelley Allesee and Jennifer Donathan; PACER search Joseph Lentine; emails Allie Rice | 1.00 | 300.00 |
| 4/7/23 | phone conferences Allie Rice; check docket sheets in federal criminal action and Hamilton County; finalize receiver report to | .80 | 240.00 |

| date | description | receiver at $300/hour | |
| | | time | amount |
|------|-------------|------|--------|
| | 3/31/23; review Gateway portal; emails Allie Rice | | |
| 4/10/23 | draft letter to Katrina Frei; draft affidavits of service of notice to commence; emails Katrina Frei and Allie Rice; phone conference Kelley Allesee | .80 | 240.00 |
| 4/11/23 | emails Allie Rice; Kelley Allesee; review Gateway portal; edit affidavits on service of notice to commence suit and have notarized | 1.50 | 450.00 |
| 4/12/23 | conference Kelley Allesee; emails Allie Rice, Ms. Allesee, Robert Calabrese; record affidavits on service of notices to commence suit | 5.00 | 1,500.00 |
| 4/13/23 | edit receiver expense and fee charts; phone conferences Kelley Allesee and Jennifer Donathan; emails Ms. Allesee and Erica Faaborg | 2.50 | 750.00 |
| 4/14/23 | emails Allie Rice, Kelley Allesee; review recent filings in Landbank case; visit Gateway portal | .80 | 240.00 |
| 4/17/23 | review Gateway portal; emails Karina Feis, Jackie Olson; phone conferences Ms. Olson and with Kelley Allesee, Allie Rice and Meagan Monroe | 1.10 | 330.00 |
| 4/18/23 | email and phone conference Jackie Olson | 0 | 0 |
| 4/19/23 | emails Philip Denning and Kelley Allesee; read John Klosterman 4/18/23 filing; edit chart of Mr. Klosterman filings; phone conference and email Katrina Frei | .70 | 210.00 |
| 4/20/23 | emails Jackie Olson | .10 | 30.00 |
| 4/21/23 | email Meghan Roark; email Kate Burroughs, Shannon Price and Erica Faaborg | .20 | 60.00 |
| 4/24/23 | emails Meghan Roark | 0 | 0 |
| 4/25/23 | emails Kelley Allesee, Allie Rice, Ronald Shouse; edit expense chart | 0 | 0 |
| 4/26/23 | emails Kelley Allesee and Allie Rice; texts Duke Energy; docket review | 0 | 0 |
| 4/27/23 | draft objection to John Klosterman 4/18/23 motion | 0 | 0 |
| 4/28/23 | emails Kelley Allesee and Allie Rice; letter to Duke Energy | .20 | 60.00 |
| 5/1/23 | emails Kelley Allesee, Brian Pyles, Anna Ausman, LaTasha Brewer, Ronald Shouse, Chuck Stephen; conference Ms. Allesee; | 1.50 | 450.00 |

9

| date | description | receiver at $300/hour | |
| | | time | amount |
| --- | --- | --- | --- |
| | prepare for closing and execute dox at Prominent Title | | |
| 5/2/23 | emails Brian Pyles, Anna Asmun, Christian Donovan; meeting Ronald Shouse at 637 Steiner; letter Anna Ausman; phone conference Matthew Flannery; review James Neiberding filings | 2.00 | 600.00 |
| 5/3/23 | edit objection to John Klosterman motion to disqualify Magistrate Anita Berding; draft response to application for payment to TSO and Joseph Lentine; emails Allie Rice, John Klosterman, Robert Hines, Erin Lovitt, Kelley Allesee; review Gateway portal and Clerk of Courts website | .40 | 120.00 |
| 5/4/23 | phone conferences Kelley Allesee; texts Susan Zurface; review John Klosterman 5/3/23 filings; legal research; emails Christian Donovan and Brian Pyles, Alexis Royse | .80 | 240.00 |
| 5/5/23 | review John Klosterman filing; draft response to Joseph Lentine application; review Gateway portal; email Jennifer Donathan | .40 | 120.00 |
| 5/8/23 | review John Klosterman filings; legal research; review Gateway portal; phone conferences Kelley Allesee | .20 | 60.00 |
| 5/9/23 | emails Allie Rice; phone conferences Joseph Lentine; draft reply to TSO and Mr. Lentine application for payment | .50 | 150.00 |
| 5/10/23 | phone conferences Joseph Lentine and James Nieberding; emails Mr. Lentine, Susan Zurface, Kelley Allesee, Katrina Frei; edit response to TSO & Mr. Lentine application | .50 | 150.00 |
| 5/11/23 | emails Allie Rice | .10 | 30.00 |
| 5/15/23 | phone conference Kelly Allesee; review Gateway portal | .30 | 90.00 |
| 5/16/23 | review Gateway report; review Gateway portal; edit GCWW chart; email Kelley Allesee | 0 | 0 |
| 5/17/23 | emails Tony Searls and Kelley Allesee; assemble documents for review | .50 | 150.00 |
| 5/18/23 | emails Allie Rice and Cynthia Fischer | 0 | 0 |
| 5/19/23 | emails Cynthia Fischer; check docket sheets and Gateway portal | .20 | 60.00 |

22699801.v3

| date | description | receiver at $300/hour | |
| | | time | amount |
|------|-------------|------|--------|
| 5/22/23 | prepare for and attend conference with Cynthia Fischer | .50 | 150.00 |
| 5/23/23 | prepare for and attend hearing in State v. Klosterman; prepare for 5/24/23 status report | .60 | 180.00 |
| 5/24/23 | prepare for and attend hearing and report before Magistrate Berding; courthouse conferences Kelley Allesee and Cynthia Fischer; James Nieberding and Joseph Lentine; check clerk's website on criminal actions; edit GCWW charts; phone conferences Mr. Lentine and Ms. Allesee | 1.00 | 300.00 |
| 5/25/23 | emails Kelley Allesee | 0 | 0 |
| 5/26/23 | docket checks | 0 | 0 |
| 5/30/23 | phone conferences Joseph Lentine; emails Kelley Allesee; draft affidavits as to service of notices to commence suit | .20 | 60.00 |
| 5/31/23 | phone conferences Cynthia Fischer; emails Allie Rice and David Donnett office; Kelley Allesee; edit affidavits of TSO/Joseph Lentine mechanic's liens | .50 | 150.00 |
| 6/1/23 | edit affidavits on TSO/Joseph Lentine mechanic's lien; emails David Donnett office | 0 | 0 |
| 6/2/23 | office conference Cynthia Fischer; draft second receiver fee application etc.; organize pleadings files; emails Ms. Fischer and Kelley Allesee | 1.50 | 450.00 |
| 6/5/23 | office conference Cynthia Fischer; draft second receiver fee application etc.; organize pleadings files; emails Ms. Fischer and Kelley Allesee | 1.00 | 300.00 |
| 6/6/23 | draft receiver motion for fees and expenses and discharge and termination; review Landbank 6/5/23 filing | .10 | 30.00 |
| 6/7/23 | emails Allie Rice and Jennifer Donathan; phone conferences Kelley Allesee and Ms. Donathan | .30 | 90.00 |
| 6/8/23 | emails Nick Stone; review dockets sheets | 0 | 0 |
| 6/12/23 | edit second fee application; email Allie Rice | .50 | 150.00 |
| 6/20/23 | emails Amy Higgins | 0 | 0 |
| 6/21/23 | phone conference Allie Rice; review TriState Organization, Inc./Joseph Lentine filings; edit GCWW charts | .20 | 60.00 |
| 6/22/23 | review Gateway billing | 0 | 0 |

11

| date | description | receiver at $300/hour | |
| | | time | amount |
|------|-------------|------|--------|
| 6/23/23 | edit Gateway charts; phone conference Cynthia Fischer | .20 | 60.00 |
| 6/26/23 | attend to GCWW billing; email Melissa Darby; prepare for 7/5/23 hearing; review docket sheets | .70 | 210.00 |
| 6/27/23 | edit Gateway billing charts | .50 | 150.00 |
| 6/28/23 | phone conference Cynthia Fischer; email Allie Rice; edit Gateway charts | .30 | 90.00 |
| 6/29/23 | prepare for attend meeting with Cynthia Fischer; draft affidavit | 0 | 0 |
| 6/30/23 | draft affidavit | 1.00 | 300.00 |
| 7/3/23 | edit affidavit; prepare for 7/5/23 hearings; review John Klosterman filing | 0 | 0 |
| 7/5/23 | edit affidavit; prepare for and attend hearings | 0 | 0 |
| 7/7/23 | phone conferences Amy Higgins and Cynthia Fischer; review John Klosterman 7/5/23 filing and clerk's website | .50 | 150.00 |
| 7/11/23 | review vexatious litigator order; check docket sheets; draft responses to 7/3 and 7/5/23 John Klosterman filings | .20 | 60.00 |
| 7/12/23 | edit second fee application; edit responses to 7/3 and 7/5/23 John Klosterman filings | .40 | 120.00 |
| 7/14/23 | edit second fee application | 0 | 0 |
| 7/17/23 | emails Sara Sheets, Tom Mullikan, Kelley Allesee and Nick Stone; review John Klosterman 7/14/23 filings | .20 | 60.00 |
| 7/21/23 | email Mark Grundy | 0 | 0 |
| 7/24/23 | review federal PPP litigation filings; phone conference Cynthia Fischer | .20 | 60.00 |
| 8/11/23 | prepare for and attend Google Conference with Allie Rice and Sabrina Hazen; edit second fee application | .50 | 150.00 |
| 8/14/23 | Edit second fee application; email Cynthia Fischer | .20 | 70.00 |
| | totals | 124.60 | $37,390.00 |

12

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CITY OF CINCINNATI, | : | Case No. A1905588 |
| | : | (Judge Wende C. Cross) |
| Plaintiff, | : | (Magistrate Anita P. Berding) |
| | : | |
| v. | : | |
| | : | ORDER GRANTING MOTION BY |
| JOHN KLOSTERMAN, et al., | : | RECEIVER FOR APPROVAL OF |
| | : | PAYMENT OF FEES AND EXPENSES |
| Defendants. | : | FROM DECEMBER 1, 2022 THROUGH |
| | : | AUGUST 31, 2023 AND FOR ENTRY OF |
| | : | AN ORDER TERMINATING |
| | : | RECEIVERSHIP AND DISCHARGING |
| | : | AND RELEASING RECEIVER |

This case comes before the Court on the Motion by Receiver for Approval of Payment of Fees and Expenses from December 1, 2022 through August 31, 2023 and for Entry of an Order Terminating Receivership and Discharging and Releasing Receiver (the "Motion") filed by Konza, LLC as the receiver appointed in this judgment lien foreclosure action and the pleadings and papers of record and the docket entries. All capitalized terms in this Order not otherwise defined shall have the same meaning as given in the Motion.

The Court is of the opinion that the Motion is well taken and should be granted and therefore it is hereby

ORDERED, that the Motion is granted; and it is further

ORDERED, that the Receiver is entitled to payment of the Further Fees and Expenses and said payment is approved; and it is further

ORDERED, Prominent Title shall pay the sum of $85,960.83 to the Receiver being the Escrow Balance (the "Payment to the Receiver"); and it is further

ORDERED, that upon receipt by the Receiver of the Escrow Balance, the Receiver shall

pay the proceeds in the order and amounts listed in the Motion and file and serve notice of said receipt and payments (the "Receiver Notice of Payments"); and it is further

ORDERED, that upon the filing of the Receiver Notice of Payments, the Receiver is discharged and the receivership is terminated and this action is concluded and closed; and it is further

ORDERED, that the Receiver and its agents and legal counsel are acquitted, discharged and released from any and all claims of whatever kind or nature arising out of or related to this action, the Receivership, and the Properties; and it is further

ORDERED, that (1) all parties to this action and (2) all persons and entities who have filed any motion, notice or other paper in this action and (3) all persons and entities who receive notice of this Order are enjoined from filing or making or continuing any action to enforce or pursue any claim in this action, or in any other action in this Court or in any other Court, in any manner seeking any relief from the Receiver or any of its agents and legal counsel with respect to any matter addressed in this action or concerning the Receivership, the Properties (or any of them) save and except to enforce the provisions of this Order; and it is further

ORDERED, that any violation of the foregoing injunction shall be considered by the Court as in direct contempt of this Court and will be subject to any and all sanctions available to this Court for direct or indirect contempt of court; and it is further

ORDERED, that the Court expressly determines that there is no just reason for delay and this order is final and appealable.

SO ORDERED.

_____
Judge Wende C. Cross

2

submitted by,

Richard Boydston (0022360)
Counsel for Konza, LLC, Receiver
Dentons Bingham Greenebaum LLP
312 Walnut Street #2450
Cincinnati, Ohio 45202-4028
513.455.7663
513.762.7963 (fax)
richard.boydston@dentons.com

3

Exhibit 14

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, STATE OF OHIO

| | | |
|---|---|---|
| CITY OF CINCINNATI | : | Case No. A 19 05588 |
| | : | |
| Plaintiff | : | MOTION FOR LEAVE OF COURT TO |
| v. | : | ASSERT CLAIMS AGAINST RECEIVER |
| | : | |
| JOHN KLOSTERMAN et al | : | |
| | : | Judge Wende C. Cross |
| Defendants | : | Magistrate Anita P. Berding |

MOTION OF TRI-STATE ORGANIZATION INC. and JOSEPH LENTINE
FOR LEAVE OF COURT TO ASSERT CLAIMS AGAINST RECEIVER

Come Tri-State Organization, Inc., and Joseph Lentine, hereafter referred to as Tri-State and Lentine respectively, through counsel, and do respectfully request leave of this Court to assert claims against Receiver Konza LLC, and others, in connection with the Receiver's activities in this action. Discharge and release of the Receiver and termination of the receivership will leave them without a remedy to protect their interests or pursue determination of their claims.

MEMORANDUM

I.    FACTUAL BACKGROUND.

On February 14, 2020, pursuant to O.R.C. §2735.01 and Order of this Court, Konza LLC was appointed Receiver to administer as Receivership Estate, fifty-nine real property parcels of Defendants John Klosterman and Susan Klosterman, Defendant Boldface Properties LLC, Defendant Sedamsville Heritage Properties LLC, Defendant Virginia Williamsburg LLC, Defendant Worldwide Mobile Latrine Inc., Defendant Emily Vets LLC, hereafter referred to as *the Properties*. Receiver Konza LLC was expressly authorized to take any action to manage, maintain, preserve, lease and rent all of *the Properties*; to employ such attorneys, managers, agents, and persons as in its judgment, are advisable or necessary for performance of the duties of the Receiver; and to retain contractors and other persons and entities, to operate, repair and maintain the Properties.

1

Pursuant to exercise of the authority, Konza LLC, by its Manager Richard Boydston, engaged the services of Tri-State and Lentine, to assist the Receiver with administration of the Receivership estate, to operate, repair, manage and maintain *the Properties*, to collect rents, to respond and remedy tenant complaints, and to put units in shape to be rented. At the express direction of Receiver / Konza LLC, Tri-State and Lentine commenced management of *the Properties* on or about March 1, 2020, and continuously performed those services until January 20, 2023, under the Receiver's direct supervision. Tri-State and Lentine submitted monthly reports of the operation of *the Properties* to the Receiver, including summaries of rent collections, expenditures for management, maintenance, repair and restoration expenses.

Tri-State and Lentine prepared thirty-five (35) monthly reports, for the period from March 1, 2020 through January 20, 2023, which reports, and supporting documentation, were submitted to Receiver. The reports included monthly summary of rents collected, and costs and expenses incurred for management, maintenance, repair and restoration of *the Properties*. With the consent and approval of the Receiver, the total rents collected were set-off against the total monthly Tri-State expenses, and cumulative total balance due to Tri-State for costs and expenses of management of *the Properties* was reported to Receiver / Konza. Without objection, Konza appended each of Tri-State's thirty-five (35) monthly reports, to Receiver's Reports filed with the Court. Each of the Receiver's reports was served to parties, and was available for inspection and review. The Receivership Properties operated at deficit for the period ending January 20, 2023.

On September 26, 2022, Receiver submitted Motion to Approve Sale of the Receivership Properties to Plaintiff, for the sum of $1,474,017, including $674,017 credit on judgement in favor of City of Cincinnati, and $800,000 Cash Component. Order Approving Sale was entered on October 19, 2022. That Order is silent as payment or the balance due to Tri-State or Lentine for expenses and services assisting the Receivership.

On December 5, 2022, Receiver submitted Motion For Approval of Fees and Expenses of Tri State Organization, and Request For Order Directing Payment to Tri State Organization. On January 3, 2023, Substitute Plaintiff HCLRC filed Memorandum In Opposition to Receiver Motion to Approve Tri State Organization Fees and Expenses. No decision was entered on the

2

Receiver's Motion For Approval of Fees and Expenses of Tri-State; and, no action was taken action to secure distribution and payment of any part of the balance due to Tri-State and Lentine.

Upon information and belief, Tri-State and Lentine reasonably believe that on or about January 20, 2023, Victoria Park, representative of Cincinnati Vice-Mayor, and representative(s) of Substitute Plaintiff HCLRC, and others, contacted Konza LLC principal Richard Boydston, and demanded termination of Receiver's contracts with Tri-State and Lentine, for services for management, maintenance, repair and restoration of *the Properties.* Receiver thereafter terminated all contracts with Tri-State and Lentine, and designated Berkshire Hathaway HomeServices Professional Realty / Gateway Home Services Team to provide those services for and on behalf of the Receivership.

Tri-State and Lentine reasonably believe those same parties further demanded that Konza LLC and Richard Boydston refuse payment to Tri-State and Lentine, and abandon any efforts to secure payment of any part of balance due to Tri-State and Lentine for costs, expenses and services provided to Receiver for management, maintenance, repair and restoration of Receivership properties. Receiver Konza has made no payment of any part of balance due to Tri-State and Lentine for costs and expenses incurred for the benefit of the Receiver, in the operation of the Receivership Properties for the period ending January 2023.

With the Receiver's Thirty-Fifth Report, filed on February 17, 2023, Tri-State reported a cumulative deficit balance $148,181.40, was due and owing to it for costs and expenses incurred on behalf of the Receiver, for management, maintenance, repair and restoration of the Receivership Properties, for the period ending January 20, 2023. Tri-State claimed additional sum of $21,325 as commission on rentals of Receivership Properties. Tri-State claims the sum of $174,000 is due and owing from Konza LLC, for services provided, costs and expenses incurred by Tri-State in administration of the Receivership Properties. Lentine claims the sum of $210,000 is due and owing from Konza LLC for construction management services provided to the Receiver in administration of the Receivership Properties.

3

II.     CLAIMS AGAINST RECEIVER

By the February 14, 2020 Order For Appointment of Receiver,  this Court conferred upon Konza LLC, power and authority described in ORC §2735, and specifically authorized the employment of attorneys, managers, agents and persons, as Receiver, in its judgment, are advisable and necessary for performance of the duties of the Receiver; and, to retain contractors and other persons and entities to make repairs and maintain the Receivership Properties.

Konza LLC, by its Manager Richard Boydston, engaged the services of Tri-State Organization Inc. and Joseph Lentine, to assist the Receiver with administration of the Receivership estate, to operate, repair, manage and maintain *the Properties*, to collect rents, to respond and remedy tenant complaints, and to put units in shape to be rented.

ORC §2735.04(C) provides: Any funds that are expended by or on behalf of the receiver, including receivership fees, fees for professionals assisting the receivership, and those expended in entering into or performing contracts under division (B)(4) of this section, including those for completion of construction work authorized by the court, shall be taxed as court costs or otherwise treated as an administrative expense.

As provided by ORC §2735.04, the services provided, and costs and expenses expended by Tri-State and Lentine, for and on behalf of the Receiver, are protected, and should be taxed as court costs or administrative expense.  It cannot be reasonably argued that Receiver Konza LLC does not have contractual obligation to pay for services provided at its direction.  There is no reasonable interpretation of  ORC §2735.01 et seq., or February 14, 2020 Order of Appointment of Receiver, which would allow Konza LLC, under color of authority of this appointing court, to engage services of Tri-State and Lentine, and then refuse to payment for the services provided, under claim of immunity from suit.

Konza LLC and Richard Boydston, in the administration of the Receivership, and more specifically, with regard to Tri-State and Lentine, have exceeded the authority conferred by ORC §2735 and Order of Appointment, by their failure to act in good faith, and failure to exercise sound business judgment, to secure payment for services, costs and expenses provided by Tri-State and Lentine, at the express direction and under supervision of the Receiver, without objection, for period of nearly three years.

4

On May 1, 2023, Konza LLC and Boydston, proceeded to closing and final settlement of the judicial sale of *the Receivership Properties* to Substitute Plaintiff HCLRC. From the proceeds of that transaction, Receiver Konza LLC received distribution of $499,717 as receivership fees and legal fees. Closing agent Prominent Title Agency, as Escrow Agent, withheld $85,960.82 from proceeds of sale of *the Receivership Properties*. No provision was made at settlement of the judicial sale, for payment of any part of balance due to Tri-State or Lentine for services, costs and expenses, provided at the express direction of Receiver / Konza LLC and Boydston.

On September 8, 2023, Konza LLC and Boydston requested approval and authorization for payment of an additional $104,438 for Receiver fees and expenses, for discharge and release of Receiver Konza LLC, and for termination of the receivership, yet again without payment of the balance due to Tri-State and Lentine, for costs and expenses incurred, and services provided at the direction and on behalf of Court-appointed Receiver Konza LLC.

ORC §2735.04 and Order Appointing Receiver, confer upon Receiver Konza LLC, the authority to employ such attorneys, managers, agents, and persons as in its judgment, were advisable or necessary for performance of the duties of the receiver; to retain contractors and other persons and entities, to make repairs, and maintain *the Properties*. With the Receiver's exercise of that authority, comes the legal and ethical obligation to compensate persons providing those services to the Receiver, in the administration of the receivership estate. The intentional and malicious acts of Konza LLC, Boydston, and others, being the failure or refusal to pay Tri-State and Lentine for services provided to assist with the management and operation of the Receivership estate, exceeds the authority granted by the Court, and is breach of fiduciary obligations imposed by statute and order of the appointing court.

Given Konza LLC unwillingness, or refusal, to pay, or to pursue determination of their claims, it is apparent that Tri-State and Lentine interests are not being protected by the Receiver. Tri-State and Lentine claims are being intentionally ignored. Without leave of Court to pursue their claims against Konza LLC and others, Tri-State and Lentine may be without a remedy for their claims. There are unusual circumstances weighing in favor of leave to pursue claims against the Receiver. Termination of the receivership and discharge of Konza LLC will impair and impede Tri-State's and Lentine's, ability to protect their claims. A copy of proposed Complaint is attached.

5

For the reasons set forth above, Tri-State Organization Inc. and Joseph Lentine respectfully request leave of this Court to pursue claims against Konza LLC, and others, in connection with the Receiver's activities in this action.

Respectfully submitted,

/s/  James L. Nieberding    (Reg. 0038638)
Nieberding & Nieberding Co LPA
810 Sycamore St Ste 423
Cincinnati, Ohio 45202
Tel:  513-241-2226
Fax: 513-338-1828
Email:   jnieberding1117@gmail.com

## CERTIFICATE OF SERVICE

I certify that I have sent a copy of the foregoing Motion For Leave to parties and counsel, via electronic transmission, as noted below, on September 22, 2023.

/s/  James L. Nieberding

Cynthia M. Fischer, Esq.
Martine R. Dunn, Esq.
Dinsmore & Shohl LLP
255 E. 5th St, Ste 1900
Cincinnati, OH 45202
cynthia.fischer@dinsmore.com

Richard C. Boydston, Esq.
Dentons Bingham Greenbaum LLP
312 Walnut St Ste 250
Cincinnati, OH 45202
richard.boydston@dentons.com

Kate Burroughs, Esq.
Erica Faaborg, Esq.
City of Cincinnati, 801 Plum St
Cincinnati, OH 45202
kate.burroughs@cincinnati-oh.gov
erica.faaborg@cincinnati-oh.gov

James S. Sayre, Esq.
Asst. Pros Atty Hamilton County
230 E. 9th St Ste 4000
Cincinnati, OH 45202
james.sayre@hcpros-org

Teresa Perkins, Esq.
CSEA 222 E. Central Pkwy 6NW711
Cincinnati, OH 45202
perkit02@JFS.Hamilton-co.org

Kelley L. Allesee, Esq.
3 E 4th St, Ste 300
Cincinnati, OH 45202
kallesee@cincinnatiport.org

6

Christian D. Donovan, Esq.
Luper Neidentahl  & Logan
1160 Dublin Rd. Ste 400
Columbus, OH 43215-1052
cdonovan@LNLattorneys.com

Amy K. Kaufman, Esq.
Asst AG State of Ohio
Collection Enforcement
150 E. Gay St
Columbus, OH 43215-3130
amy.kaufman@ohioattorneygeneral.gov

John Klosterman
5615 Sidney Rd
Cincinnati, OH 45238
John.klosterman@gmail.com

E-FILED 09/22/2023 6:24 PM  /  CONFIRMATION 1373414  /  A 1905588  /  JUDGE CROSS  /  COMMON PLEAS DIVISION  /  MOTN

IN THE COURT OF COMMON PLEAS,
HAMILTON COUNTY, STATE OF OHIO

| | | |
|---|---|---|
| TRI-STATE ORGANIZATION INC. | : | Case No. |
| 673 Delhi Ave | : | |
| Cincinnati, Ohio 45205 | : | |
| | : | |
| and | : | COMPLAINT BREACH OF CONTRACT |
| | : | and INTERFERENCE WITH CONTRACT |
| JOSEPH LENTINE | : | |
| 673 Delhi Ave | : | |
| Cincinnati, Ohio 45205 | : | |
| | : | |
| Plaintiffs | : | |
| vs. | : | |
| | : | |
| KONZA LLC | : | |
| c/o Richard Boydston, Member | : | |
| 312 Walnut St, Ste 2450 | : | |
| Cincinnati, Ohio 45202 | : | |
| | : | |
| and | : | |
| | : | |
| RICHARD BOYDSTON | : | |
| c/o Dentons Bingham Greenbaum LLP | : | |
| 312 Walnut St, Ste 2450 | : | |
| Cincinnati, Ohio 45202 | : | |
| | : | |
| and | : | |
| | : | |
| HAMILTON COUNTY LAND | : | |
| REUTILIZATION CORPORATION | : | |
| 3 East Fourth St, Ste 300 | : | |
| Cincinnati, Ohio 45202 | : | |
| | : | |
| and | : | |
| | : | |
| CITY OF CINCINNATI | : | |
| 801 Plum St | : | |
| Cincinnati, Ohio 45202 | : | |
| | : | |

1

and                                    :
VIRGINIA PARKS                         :
c/o City of Cincinnati                 :
810 Plum St                            :
Cincinnati, Ohio 45202                 :
                                       :
                    Defendants         :

## STATEMENT OF FACTS.

1.  Plaintiff Tri-State Organization Inc., hereafter referred to as Plaintiff Tri-State, is a Connecticut corporation, duly licensed as foreign corporation in State of Ohio, and doing business in Hamilton County, State of Ohio.

2.  Plaintiff Joseph Lentine, hereafter referred to as Plaintiff Lentine, is a natural person, domiciled in Hamilton County, State of Ohio.

3.  Defendant Konza LLC is an Ohio limited liability company, doing business in Hamilton County, State of Ohio.

4.  Defendant Richard Boydston, is a natural person, and member of Defendant Konza LLC.

5.  Defendant Hamilton County Land Reutilization Corporation is an Ohio corporation, doing business in Hamilton County, State of Ohio.

6.  Defendant City of Cincinnati is a political subdivision, situate in Hamilton County, State of Ohio, organized and existing under Ohio law.

7.  Defendant Virginia Parks is a natural person, and employee of the City of Cincinnati.

8.  Defendant City of Cincinnati commenced action in Hamilton County Common Pleas Court, Case No. A 19 05588, *City of Cincinnati, Plaintiff vs. John Klosterman et al Defendants,* hereafter referred to as *The Klosterman Litigation*, to foreclose judgment liens in favor of City of Cincinnati for collection of fines and fees for abatement of public nuisance properties.

9.  Defendant City of Cincinnati sought enforcement of judgment liens against Fifty-Nine (59) properties situate in City of Cincinnati, Hamilton County, held in the names John Klosterman, Sedamsville Heritage Properties LLC, Boldface Properties LLC, Virginia Williamsburg LLC, Sedamsville Historical Society, Worldwide Mobile Latrine Inc., hereafter referred to as *the Receivership Properties*.

2

10.　On February 14, 2020, upon application of City of Cincinnati in *the Klosterman Litigation*, Defendant Konza LLC was appointed as Receiver, pursuant to ORC §2735.01.  A copy of the February 14, 2020 Order of Appointment of Receiver is attached as Exhibit 1.

11.　Defendant Konza, LLC, in capacity as Receiver, took possession, custody and control of the Receivership Properties, with authority to manage, maintain, preserve, lease and rent all of the Properties, to employ such attorneys, managers, agents, and persons as its judgment are advisable or necessary for performance of the duties of the Receiver; and to retain contractors and other persons and entities to make repairs to the Properties and to maintain the Properties.

12.　Pursuant to exercise of the authority conferred in the February 14, 2020 Order of Appointment, Defendant Konza LLC, by Defendant Richard Boydston, its Manager, contracted with Plaintiff Tri State to provide services to the Receiver for management of *the Receivership Properties*, including without limitation, to collect rents, to respond and remedy tenant complaints, to maintain, repair, restore and put units in shape to be rented, on time and materials basis.

13.　At the express direction of Defendant Konza LLC / Receiver, Plaintiff Tri State began providing services for management of the *Receivership Properties* on or about March 1, 2020.

14.　Plaintiff Tri-State continuously provided services for the benefit of Defendant Konza LLC, until January 20, 2023.

15.　Pursuant to exercise of the authority conferred in the Order of Appointment, Defendant Konza LLC, by Defendant Richard Boydston, its Manager, contracted with Plaintiff Lentine to provide services to the Receiver as construction manager, in connection with maintenance, repair and restoration of *the Receivership Properties*.

16.　At the express direction of Defendant Konza LLC / Receiver, Plaintiff Lentine, began providing services for benefit of the *Receivership Properties* on or about March 1, 2020.

17.　Plaintiff Lentine continuously provided services for the benefit of Defendant Konza LLC, until January 20, 2023.

18.　On October 19, 2022, Defendant Hamilton County Land Reutilization Corporation was substituted as Plaintiff in *the Klosterman Litigation*.

3

19. On or about January 20, 2023, Defendant Konza LLC terminated contracts with Plaintiff Tri-State and Plaintiff Lentine.

20. Defendant Konza LLC Receiver designated Berkshire Hathaway HomeServices Professional Realty / Gateway Home Services Team to provide those services for and on behalf of the Receivership.

21. The Court has jurisdiction of the parties and subject matter, and venue is proper in Hamilton County.

FIRST CLAIM:
BREACH OF CONTRACT TRI-STATE ORGANIZATION INC.
DEFENDANT KONZA LLC.

22. Plaintiff Tri-State incorporates the preceding paragraphs by reference, as if fully rewritten.

23. Plaintiff Tri-State and Defendant Konza LLC, by and through its Managing Member, Defendant Boydston entered into a contract agreement, whereby Plaintiff Tri-State provided services to the Receiver for management of *the Receivership Properties*, including without limitation, to collect rents, to respond and remedy tenant complaints, to maintain, repair, restore and put units in shape to be rented, on time and materials basis.

24. Beginning March 1, 2020 and continuing until January 20, 2023, in furtherance of the contract, Plaintiff Tri-State performed the described services in connection with management of the Receivership Properties, providing labor, materials, at the express direction of Defendant Konza LLC, for the benefit of the receivership estate.

25. Defendant Konza LLC terminated the contract with Plaintiff Tri-State on or about January 20, 2023.

26. Defendant Konza LLC has failed or refused to make payment to Plaintiff Tri-State for services, labor and materials provided for the benefit of the Defendant Konza LLC and work completed in furtherance of the contract.

27. Defendant Konza LLC exceeded the authority of the appointing court and O.R.C. §2735.01 et seq, for its failure to faithfully discharge its duties, and for intentional and malicious actions in administration of the Receivership estate, including without limitation, refusal to compensate Plaintiff Tri-State for services provided to the Receiver for management of *the Receivership Properties*.

4

28.     There is due and owing to Plaintiff Tri-State, from Defendant Konza LLC the sum of $174,000 for services, labor and materials provided pursuant to the contract.

WHEREFORE, Plaintiff Tri-State Organization Inc. respectfully prays for award of damages in the amount of $174,000, plus such award of damages as established at trial, to compensate Plaintiff for its loss of profit and loss of business opportunities, for award of the costs of the action, for its reasonable attorney fees, and for such other relief as the Court may deem appropriate.

SECOND CLAIM:
UNJUST ENRICHMENT TRI-STATE ORGAINZATION INC.
DEFENDANT KONZA LLC.

29.     Plaintiff Tri-State incorporates the preceding paragraphs by reference, as if fully rewritten.

30.     Beginning March 1, 2020 and continuing until January 20, 2023, Plaintiff Tri-State performed the described services in connection with management of the Receivership Properties, providing labor, materials, at the express direction of Defendant Konza LLC, for the benefit of the receivership estate.

31.     Defendant Konza LLC has knowingly received and accepted the benefit of Plaintiff Tri-State services labor and materials, provided in furtherance of the management of *the Receivership Properties* and receivership estate, and has unreasonably and unjustifiably failed or refused to pay to Plaintiff Tri-State the reasonable value of labor and materials provided.

32.     As a consequence, Defendant Konza LLC has been unjustly enriched, at the expense of Plaintiff Tri-State, by retention of benefits conferred, in furtherance of administration and management of the Receivership Properties and receivership estate.

33.     Defendant Konza LLC exceeded the authority of the appointing court and O.R.C. §2735.01 et seq, for its failure to faithfully discharge its duties, and for intentional and malicious actions in administration of the Receivership estate, including without limitation, refusal to compensate Plaintiff Tri-State for services provided to the Receiver for management of *the Receivership Properties*.

5

34. There is due and owing to Plaintiff Tri-State, from Defendant Konza LLC, the sum of $174,000 for services, labor and materials provided at the express direction of Defendant Konza LLC in furtherance of administration and management of the Receivership Properties and receivership estate.

WHEREFORE, Plaintiff Tri-State Organization Inc. respectfully prays for award of damages in the amount of $174,000 for loss of income, plus such award of damages as established at trial, to compensate Plaintiff for its loss of profit and loss of business opportunities, for award of the costs of the action, for its reasonable attorney fees, and for such other relief as the Court may deem appropriate.

## THIRD CLAIM:
## TORTIOUS INTERFERENCE WITH CONTRACT TRI-STATE ORGANIZATION INC.
## ALL DEFENDANTS.

35. Plaintiff Tri-State incorporates the preceding paragraphs by reference, as if fully rewritten.

36. Plaintiff Tri-State and Defendant Konza LLC, by its Managing Member Defendant Boydston, entered into a contract, whereby Plaintiff Tri-State provided services to the Receiver for management of *the Receivership Properties*, including without limitation, to collect rents, to respond and remedy tenant complaints, to maintain, repair, restore and put units in shape to be rented.

37. Beginning March 1, 2020 and continuing until January 20, 2023, in furtherance of the contract, Plaintiff Tri-State performed the described services in connection with management of *the Receivership Properties*, providing labor, materials, at the express direction of Defendant Konza LLC, for the benefit of the receivership estate.

38. Defendant Victoria Park, Defendant City of Cincinnati, Defendant Hamilton County Land Reutilization Corporation, Defendant Boydston had actual knowledge of the existence of contract between Defendant Konza LLC and Plaintiff Tri-State, including Defendant Konza LLC obligations under the contract.

39. Defendant Victoria Park, Defendant City of Cincinnati, Defendant Hamilton County Land Reutilization Corporation and Defendant Boydston were not parties to the contract between Plaintiff Tri-State and Defendant Konza LLC.

6

40.     Defendant Victoria Park, Defendant City of Cincinnati, Defendant Hamilton County Land Reutilization Corporation and Defendant Boydston intentionally and improperly interfered with performance of the contract, with the express intent to cause termination of the contract, and to obstruct and prevent payment of balance due to Plaintiff Tri-State from Receivership.

41.     Defendant Konza LLC terminated the contract with Plaintiff Tri-State on or about January 20, 2023.

42.     Defendant Victoria Park, Defendant City of Cincinnati, Defendant Hamilton County Land Reutilization Corporation and Defendant Boydston intentionally and improperly procured breach of the contract for Defendant Konza LLC failure or refusal to make payment of balance due to Plaintiff Tri-State from Receivership.

43.     Defendant Konza LLC has made no payment of balance due for services, costs and expenses incurred by Plaintiff Tri-State, in connection with Receiver's administration and operation of *the Receivership Properties* for the period ending January 2023.

44.     As a direct and proximate consequence of Defendant Victoria Park, Defendant City of Cincinnati, Defendant Hamilton County Land Reutilization Corporation and Defendant Boydston tortious interference with contract, Plaintiff Tri-State has sustained damages, including without limitation loss of income, loss of profit, loss of business opportunity.

        WHEREFORE, Plaintiff Tri-State Organization Inc. respectfully prays for award of damages in the amount of $174,000 for loss of income, plus such award of damages as established at trial, to compensate Plaintiff for its loss of profit and loss of business opportunities, for award of punitive damages for Defendants' willful and intentional actions, in amount as determined at trial, but anticipated to be in excess of $25,000, for award of the costs of the action, for its reasonable attorney fees, and for such other relief as the Court may deem appropriate.

FOURTH CLAIM:
BREACH OF CONTRACT JOSEPH LENTINE
DEFENDANT KONZA LLC.

45.     Plaintiff Joseph Lentine incorporates the preceding ¶. 1 through ¶. 26 by reference, as if fully rewritten.

7

46.     Plaintiff Lentine and Defendant Konza LLC, by and through its Managing Member, Defendant Boydston entered into a contract agreement, whereby Plaintiff Lentine provided services to the Receiver as construction manager, in connection with maintenance, repair and restoration of *the Receivership Properties*.

47.     Beginning March 1, 2020 and continuing until January 20, 2023, in furtherance of the contract, Plaintiff Lentine performed the described services in connection with construction management of the Receivership Properties, at the express direction of Defendant Konza LLC, for the benefit of the receivership estate.

48.     Defendant Konza LLC terminated the contract with Plaintiff Lentine on or about January 20, 2023.

49.     Defendant Konza LLC has failed or refused to make payment to Plaintiff Lentine for services provided for the benefit of the Defendant Konza LLC and work completed in furtherance of the contract.

50.     Defendant Konza LLC exceeded the authority of the appointing court and O.R.C. §2735.01 et seq, for its failure to faithfully discharge its duties, and for intentional and malicious actions in administration of the Receivership estate, including without limitation, refusal to compensate Plaintiff Lentine for services provided to the Receiver for construction management of *the Receivership Properties*.

51.     There is due and owing to Plaintiff Tri-State, from Defendant Konza LLC the sum of $210,000 for construction management services, provided pursuant to the contract.

        WHEREFORE, Plaintiff Joseph Lentine respectfully prays for award of damages in the amount of $210,000 for loss of income, plus such award of damages as established at trial, to compensate Plaintiff for its loss of profit and loss of business opportunities, for award of the costs of the action, for its reasonable attorney fees, and for such other relief as the Court may deem appropriate.

FIFTH CLAIM:
UNJUST ENRICHMENT JOSEPH LENTINE
DEFENDANT KONZA LLC.

52.     Plaintiff Lentine incorporates the allegations of the previous claims, by reference, as if fully rewritten.

8

53.     Beginning March 1, 2020 and continuing until January 20, 2023, Plaintiff Lentine performed the described construction management services in connection with the Receivership Properties, at the express direction of Defendant Konza LLC, for the benefit of the receivership estate.

54.     Defendant Konza LLC has knowingly received and accepted the benefit of Plaintiff Lentine construction management services, provided in furtherance of the administration and operation of *the Receivership Properties* and receivership estate, and has unreasonably and unjustifiably failed or refused to pay to Plaintiff Lentine the reasonable value of services provided.

55.     As a consequence, Defendant Konza LLC has been unjustly enriched, at the expense of Plaintiff Lentine, by retention of benefits conferred, in furtherance of administration and operation of *the Receivership Properties* and receivership estate.

56.     Defendant Konza LLC exceeded the authority of the appointing court and O.R.C. §2735.01 et seq, for its failure to faithfully discharge its duties, and for intentional and malicious actions in administration of the Receivership estate, including without limitation, refusal to compensate Plaintiff Lentine for construction management services provided to the Receiver in connection with *the Receivership Properties*.

57.     There is due and owing to Plaintiff Lentine, from Defendant Konza LLC, the sum of $210,000 for services, labor and materials provided at the express direction of Defendant Konza LLC in furtherance of administration and operation of the Receivership Properties and receivership estate.


        WHEREFORE, Plaintiff Joseph Lentine respectfully prays for award of damages in the amount of $210,000 for loss of income, plus such award of damages as established at trial, to compensate Plaintiff Lentine for its loss of profit and loss of business opportunities, for award of the costs of the action, for its reasonable attorney fees, and for such other relief as the Court may deem appropriate.

SIXTH CLAIM:
TORTIOUS INTERFERENCE WITH CONTRACT JOSEPH LENTINE
ALL DEFENDANTS.

58.     Plaintiff Lentine incorporates the pervious allegations by reference, as if fully rewritten.

9

59.    Plaintiff Lentine and Defendant Konza LLC, by its Managing Member Defendant Boydston, entered into a contract, whereby Plaintiff Lentine provided services to the Receiver in connection with administration and operation of *the Receivership Properties*, including without limitation, maintenance, repair and restoration of *the Receivership Properties*.

60.    Beginning March 1, 2020 and continuing until January 20, 2023, in furtherance of the contract, Plaintiff Lentine provided services to the Receiver as construction manager, in connection with maintenance, repair and restoration of *the Receivership Properties*, at the express direction of Defendant Konza LLC, for the benefit of the receivership estate.

61.    Defendant Victoria Park, Defendant City of Cincinnati, Defendant Hamilton County Land Reutilization Corporation, Defendant Boydston had actual knowledge of the existence of contract between Defendant Konza LLC and Plaintiff Lentine, including Defendant Konza LLC obligations under the contract.

62.    Defendant Victoria Park, Defendant City of Cincinnati, Defendant Hamilton County Land Reutilization Corporation and Defendant Boydston were not parties to the contract between Plaintiff Lentine and Defendant Konza LLC.

63.    Defendant Victoria Park, Defendant City of Cincinnati, Defendant Hamilton County Land Reutilization Corporation and Defendant Boydston intentionally and improperly interfered with performance of the contract, with the express intent to cause termination of the contract, and to obstruct and prevent payment of balance due to Plaintiff Lentine.

64.    Defendant Konza LLC terminated the contract with Plaintiff Lentine on or about January 20, 2023.

65.    Defendant Victoria Park, Defendant City of Cincinnati, Defendant Hamilton County Land Reutilization Corporation and Defendant Boydston intentionally and improperly procured breach of the contract for Defendant Konza LLC failure or refusal to make payment of balance due to Plaintiff Lentine.

66.    Defendant Konza LLC has made no payment of balance due for services, costs and expenses incurred by Plaintiff Lentine, in connection with Receiver's administration and operation of *the Receivership Properties* for the period ending January 2023.

10

67.     As a direct and proximate consequence of Defendant Victoria Park, Defendant City of
Cincinnati, Defendant Hamilton County Land Reutilization Corporation and Defendant
Boydston tortious interference with contract, Plaintiff Lentine has sustained damages,
including without limitation loss of income, loss of profit, loss of business opportunity.

WHEREFORE, Plaintiff Joseph Lentine respectfully prays for award of damages in the
amount of $210,000 for loss of income, plus such award of damages as established at trial, to
compensate Plaintiff for its loss of profit and loss of business opportunities, for award of punitive
damages for Defendants' willful and intentional actions, in amount as determined at trial, but
anticipated to be in excess of $25,000, for award of the costs of the action, for its reasonable
attorney fees, and for such other relief as the Court may deem appropriate.

Respectfully submitted,

/s/  James L. Nieberding, Esq.  (Reg. 0038638)
Nieberding & Nieberding Co LPA
810 Sycamore St Ste 423
Cincinnati, Ohio 45202
Tel:    513-241-2226
Fax:    513-338-1828
E-mail:   jlnieberding1117@gmail.com
Attorney for Plaintiff Tri-State Organization Inc.
and Plaintiff Joseph Lentine

11

revised
8/5/19

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

CITY OF CINCINNATI,

        Plaintiff,

v.

JOHN KLOSTERMAN, et al.

        Defendants.

CASE NO. A1905588

**ENTERED**
FEB 1 4 2020

ORDER APPOINTING RECEIVER



D128139462

      This case comes before the Court on the Plaintiff City of Cincinnati's Motion to Appoint

Receiver under R.C. § 2735.01 and Complaint, the Answer of the Defendants, the evidence

presented, and the filings and papers of record and the docket sheets in the case.

      *The Court having reviewed all evidence presented and considered all the circumstances*

*and facts of the case, the presence of conditions and grounds justifying relief, the ends of justice,*

*the rights of all the parties interested in the controversy and subject matter and the adequacy and*

*effectiveness of all other remedies, and the Court further finding all necessary parties have been*

*served with notice of this Motion to Appoint Receiver and are properly before this court, it is the*

*opinion of the Court that the City has presented clear and convincing evidence that there is a*

*need for a receiver to be appointed and that the motion is well taken and should be granted and*

*therefore it is hereby ordered as follows.*

      1. <u>Appointment of Receiver</u>. *Konza, LLC , by its Manager Ricard Boydston, is*

appointed as receiver pursuant to R.C. 2735.01 (A)(1) for the following real estate (collectively,

the "Properties"):

| tract # | address | parcel number | record owner | comp. count # |
|---------|---------|---------------|--------------|---------------|
|         |         |               |              |               |



| tract # | address | parcel number | record owner | comp. count # |
|---|---|---|---|---|
| 1 | 671 Delhi Ave. | 153-0002-0094 | Boldface Properties LLC | 1 |
| 2 | 679 Delhi Ave. | 153-0002-0092 | Boldface Properties LLC | 2 |
| 3 | 794 Delhi Ave. | 152-0039-0150 | John Klosterman | 3 |
| 4 | 742 Delhi Ave. | 153-0003-0027 | John Klosterman | 5 |
| 5 | 793 Delhi Ave. | 153-0003-0048 | John Klosterman | 8 |
| 6 | 753 Delhi Ave. | 153-0003-0063 | John Klosterman and Sue S. Klosterman | 9 |
| 7A | 652 Steiner Ave. | 153-0002-0014 | John Klosterman | 10 |
| 7B | same | 153-0002-0198 | same | same |
| ~~8~~ | ~~4057 Dylan St.~~ | ~~152-0075-0161~~ | ~~John Campbell Klosterman~~ | 11 |
| 9A | 639 Steiner Ave. | 152-0042-0055 | John Klosterman | 12 |
| 9B | same | 152-0042-0057 | same | same |
| 10A | 638 Steiner Ave. | 152-0042-0044 | John Klosterman and Sue Klosterman | 13 |
| 10B | 938 Striker Ave. | 152-0042-0043 | same | same |
| 10C | 940 Stiker Ave. | 152-0042-0045 | same | same |
| 10D | 640 Steiner Ave. | 152-0042-0172 | same | same |
| 11 | 632 Delhi Ave. | 153-0002-0062 | John C. Klosterman and Susan S. Klosterman | 14 |
| 12 | 701 Delhi Ave. | 153-0002-0091 | John C. Klosterman and Susan S. Klosterman | 15 |
| 13 | 659 Sedam St. | 153-0002-0145 | John C. Klosterman and Susan S. Klosterman | 16 |
| 14A | 667 Delhi Ave. | 153-0002-0185 | John C. Klosterman and Susan S. Klosterman | 17 |
| 14B | 646 Sedam St. | 153-0002-0182 | John C. Klosterman and Susan S. Klosterman | same |
| 15 | 703 Delhi Ave. | 153-0002-0090 | Geneva Quatkemeyer | 18 |
| 16 | 649 Steiner Ave. | 153-0002-0057 | Sedamsville Heritage Properties LLC | 20 |
| 17 | 705 Delhi Ave. | 153-0002-0089 | Sedamsville Heritage Properties LLC | 21 |
| 18A | 654 Steiner Ave. | 153-0002-0013 | Sedamsville Heritage Properties LLC | 22 |
| 18B | same | 153-0002-0199 | same | same |
| 19 | 636 Delhi Ave. | 153-0002-0064 | Sedamsville Heritage Properties LLC | 23 |
| 20 | 700 Delhi Ave. | 153-0002-0037 | Virginia Williamsburg LLC | 24 |
| 21 | 685 Halsey Ave. | 155-0048-0001 | Virginia Williamsburg LLC | 26 |
| 22 | 749 Sedam St. | 153-0003-0094 | Worldwide Mobile Latrine, Inc. | 27 |
| 23 | 740 Delhi Ave. | 153-0003-0028 | Boldface Properties LLC | 28 |
| 24 | 739 Sedam St. | 153-0003-0089 | Boldface Properties LLC | 29 |

E-FILED 09/22/2023 6:24 PM / CONFIRMATION 1373414 / A 1905588 / JUDGE CROSS / COMMON PLEAS DIVISION / MOTN

| tract # | address | parcel number | record owner | comp. count # |
|---|---|---|---|---|
| 25 | 702 Sedam St. | 153-0002-0196 | Emily Vets LLC | 30 |
| 26 | 767 Steiner Ave. | 153-0003-0003 | Emily Vets LLC | 31 |
| 27 | 764 Delhi Ave. | 153-0003-0004 | Emily Vets LLC | 32 |
| 28 | 762 Delhi Ave. | 153-0003-0006 | Emily Vets LLC | 33 |
| 29 | 756 Delhi Ave. | 153-0003-0008 | Emily Vets LLC | 34 |
| 30 | 732 Delhi Ave. | 153-0003-0036 | Emily Vets LLC | 35 |
| 31 | 730 Delhi Ave. | 153-0003-0038 | Emily Vets LLC | 36 |
| 32 | 728 Delhi Pk. | 153-0003-0040 | Emily Vets LLC | 37 |
| 33 | 789 Delhi Ave. | 153-0003-0050 | Emily Vets LLC | 38 |
| 34 | 787 Delhi Ave. | 153-0003-0052 | Emily Vets LLC | 39 |
| 35 | 773 Delhi Ave. | 153-0003-0055 | Emily Vets LLC | 41 |
| 36 | 737 Delhi Ave. | 153-0003-0070 | Emily Vets LLC | 42 |
| 37 | 735 Delhi Ave. | 153-0003-0072 | Emily Vets LLC | 43 |
| 38 | 733 Delhi Ave. | 153-0003-0073 | Emily Vets LLC | 44 |
| 39 | 714 Delhi Ave. | 153-0002-0082 | Emily Vets LLC | 45 |
| 40 | 709 Delhi Ave. | 153-0002-0086 | Emily Vets LLC | 47 |
| 41 | 626 Steiner Ave. | 152-0042-0168 | Virginia Williamsburg LLC | 48 |
| 42 | 637 Steiner Ave. | 152-0042-0059 | Klosterman John & Sue | 49 |
| 43 | 759 Delhi Ave. | 153-0003-0060 | Klosterman John & Sue | 50 |
| 44 | 712 Steiner Ave. | 152-0038-0011 | Klosterman John & Susan | 51 |
| 45 | 757 Delhi Ave. | 153-0003-0061 | Klosterman John & Susan S | 52 |
| 46 | 755 Delhi Ave. | 153-0003-0062 | Klosterman John & Susan S | same |
| 47 | 751 Delhi Ave. | 153-0003-0064 | Klosterman John & Sue S | 53 |
| 48 | 624 Stainer Ave. | 152-0042-0032 | Virginia Williamsburg LLC | 54 |
| 49 | 924 Striker Ave. | 152-0042-0031 | Virginia Williamsburg LLC | same |
| 50 | 624 Steiner Ave. | 152-0042-0166 | Virginia Williamsburg LLC | 56 |
| 51 | 621 Steiner Ave. | 152-0042-0067 | Sedamsville Historical Society | 57 |
| 52 | 619 Steiner Ave. | 152-0042-0069 | Sedamsville Historical Society | 58 |
| 53 | 769 Delhi Ave. | 153-0003-0056 | Virginia Williamsburg LLC | 59 |
| 54 | 767 Delhi Ave. | 153-0003-0058 | Virginia Williamsburg LLC | same |
| 55 | 626 Steiner Ave. | 152-0042-0034 | Virginia Williamsburg LLC | 48 |
| 56 | 679 Fernland Ave. | 153-0002-0154 | Virginia Williamsburg LLC | 60 |
| 57 | 677 Halsey Ave. | 153-0002-0155 | Virginia Williamsburg LLC | Same |
| 58 | 628 Delhi Ave. | 152-0041-0058 | Virginia Williamsburg LLC | 61 |
| 59 | 649 Sedam St. | 153-0002-0140 | Virginia Williamsburg LLC | 62 |

2. <u>Bond</u>. The Receiver shall post a bond of $1,000.00 with the Clerk of Court.

3. <u>Powers of Receiver</u>. The Receiver shall have all powers of a receiver under R.C.

Chapter 2735 as to the Properties and as well as pursuant to all orders issued by the Court in this

3

case. The Receiver shall have the authority to take any action to manage, maintain, preserve, lease and rent all of the Properties. The Receiver shall also have the authority to sell any and all of the Properties subject to further order of the Court. The Receiver is authorized to do the following:

    A.  initiate, prosecute, defend, compromise, adjust, intervene in, or become party to such actions or proceedings in state or federal court as may in the opinion of the Receiver be necessary for the protection, maintenance and preservation of the Properties or carrying out the terms of this Order including, but not limited to, the filing of a tax valuation appeal with respect to any of the Properties;

    B.  employ such attorneys, managers, agents, and persons as its judgment are advisable or necessary for performance of the duties of the Receiver; and

    C.  retain contractors and other persons and entities to make repairs to the Properties and to Maintain the Properties.

4. _Limited Liability_. In carrying out its duties, the Receiver is entitled to act in the exercise of its own business judgment as the Receiver deems appropriate within its sole discretion. The Receiver shall not be liable for any action taken or not taken by it in good faith and shall not be liable for any mistake or fact or error of judgment or for any actions or omissions of any kind unless caused by willful misconduct or gross negligence. All owners of the Properties shall indemnify, hold harmless, and defend the Receiver from and against any and all liabilities, costs, and expenses including, but not limited to and other fees and expenses incurred by it arising from or in any way connected to the performance of its duties as receiver. The Receiver shall have no personal liability for any environmental matter with respect to any of

4

the Properties.

5. <u>Turnover to Receiver</u>. Defendants John Klosterman, Susan Klosterman, Jimmy Smith, Estate of Geneva Quatkemeyer, Sedamsville Heritage Properties LLC, Jeremy Tausch, Boldface Properties LLC, Virginia Williamsburg LLC, Emily Vets LLC, Emily Klosterman, Sedamsville Historical Society and Worldwide Mobile Latrine, Inc. (collectively, the "Owner Defendants") and their respective agents, employees, representatives and creditors are hereby prohibited from taking any act interfering in any way with the acts of the Receiver and from in any way, manner, or means, wasting, disposing of, transferring, selling, assigning, or pledging any of the Properties; and, upon request of the Receiver or its agents, the foregoing persons and entities shall promptly:

    A. make available to the Receiver all of the books, records, computer hardware and software (including computer programs, data bases, disks and all other mediums), relating to the Propertie and

    B. disclose the nature, amount, and location of any and all assets, books, computer hardware and software (including computer programs, data bases, disks and all other mediums), and records that are in any way connected with any of the Properties.

6. <u>Payment of Rent to Receiver</u>. All amounts due by any person by reason of any past or present occupancy or use of any of the Properties shall be immediately and fully paid to the Receiver. All rent due by all tenants of the Properties shall be paid to the Receiver.

7. <u>Cooperation with Receiver</u>. All persons to whom notice of this Order is given shall immediately and at all times cooperate with the Receiver and promptly and fully respond to all reasonable requests made by the Receiver for the benefit of any of the Properties.

8. <u>Injunction</u>. All persons to whom notice of this Order is given are enjoined and stayed from:

    A. commencing or continuing any action at law or suit or proceeding in equity to foreclose any lien or enforce any claim against any of the Properties or the Receiver;

    B. executing or issuing or causing the execution or issuance out of any Court of any writ, process, summons, attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or enforcing any claim or lien upon any of the Properties or the books, records, revenues, profits and related assets associated with the Property, the Receivership Assets, or upon the Receiver; and

    C. doing any act or thing whatsoever which may impair, impede or interfere with the Receiver in the discharge of the performance of its duties and powers.

9. <u>Utilities</u>. Every person and entity providing any service to any of the Properties (including, but not limited to, electricity, gas, sewer, water, trash collection, telephone and cable):

    A. is prohibited from discontinuing service to any of the Properties based upon any unpaid bills incurred prior to the date of the entry of this order;

    B. shall forthwith deliver to the Receiver all deposits held with respect to any of the Properties and shall be prohibited from demanding that Receiver deposit additional funds in advance to maintain or secure such services;

    C. shall promptly open new accounts under the name of the receivership and shall be prohibited from discontinuing services while the new receivership

account is in the process of being established.

10. _Communications with Tenants_. The Owner Defendants and all agents, affiliates other persons connected with any of them are enjoined and prohibited from discussing this receivership with any tenant or other occupant of any of the Properties.

11. _Pre-receivership expenses_. The Receiver shall not be liable for any expense or account payable with regard to any of the Properties incurred prior to the entry of this Order.

12. _Claims Against Receiver_. No person or entity shall file suit against the Receiver, take other action against the Receiver, or execute against the Properties, without an explicit and prior order of this Court permitting the suit or action.

13. _Limitation of Receiver Liability to Creditors_. The Receiver and its employees, agents, and attorneys shall have no personal liability in connection with any claims, liabilities, obligations, liens or amounts owned to any person or entity with regard to the Properties or arising out of or related to the receivership.

14. _Bank Accounts_. All person and entities (including, but not limited, to all banks) shall promptly and fully deliver to the Receiver all funds arising out of any of the Properties and provide to the Receiver all records requested by the Receiver relating to any of the Properties.

15. _Injunction as to John Klosterman and Susan Klosterman_. Defendants John Klosterman and Susan Klosterman are specifically enjoined from (A) communicating with any tenants of the Properties and (B) entering into or on any of the Properties for any reason whatsoever except upon the express prior written request of the Receiver.

16. _Receiver Advances_. The Receiver may advance funds incurred in connection with the performance of the duties of receiver (collectively, "Receiver Advances") and all Receiver Advances shall be a first and best lien on all the Properties.

17.  Sales.  The Receiver may sell any and all of the Properties either through the Sheriff of Hamilton County, Ohio as to any of the Properties and by the Receiver as to any of the Properties as may be approved by order entered by the Court.

18.  Receiver Compensation and Reimbursement of Expenses.  The Receiver shall be entitled to reasonable compensation for services rendered and to reimbursement for expenses incurred, all as approved by the Court.  All compensation and reimbursement of expenses awarded by the Court to the Receiver shall be an administrative expense priority in this case and for those arising from the Properties, a first and best lien on the Properties.

19.  Liability of Receiver.  Neither the Receiver nor Plaintiff shall be liable for any expense or account payable with regard to any of the Properties incurred prior to the Receiver's taking possession of the Properties.  Neither the Receiver nor Plaintiff shall be liable for any expenses or accounts payable with regard to the Properties incurred after the Receiver's taking control and possession of the Properties unless the Plaintiff or Receiver shall specifically and in writing assume and accept liability for any particular expense or account payable with regard to the Properties.  Except for damages, loss and liability resulting from the gross negligence or willful misconduct of the Receiver, the Receiver's liability for any loss or damages shall be limited to the assets of the receivership and the bond posted in accordance with this Order.

20.  Taxes.  The Receiver shall not be responsible for the preparation or filing of any tax return for any of the Properties or for any of the Owner Defendants including, but not limited to, with respect to income, commercial activity, gross receipts, personal property, real estate or sales and use.

21.  Reports.  The Receiver shall file a report within thirty days of the entry of this Order and monthly thereafter.

8

22. <u>Final Order</u>. The Court expressly determines pursuant to Civ. R. 54(B) that there is no just reason for delay. This is a final and appealable order.

SO ORDERED.

_____
Judge                    2-14-20

19709639.1

**MAGISTRATE**

FEB 13 2020

**HAS SEEN**

9