IN THE UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

TRI-STATE ORGANIZATION INC.    :    Case No.   1:23-cv-00777 DRC
673 Delhi Ave                :
Cincinnati, Ohio 45205        :
                            :
and                         :    AMENDED COMPLAINT
                            :    (With Jury Demand Endorsed Hereon)
JOSEPH LENTINE          :
673 Delhi Ave                :    Judge Douglas R. Cole
Cincinnati, Ohio 45205        :
                            :    Magistrate Karen L. Litkovitz
               Plaintiffs  :
vs.                         :
                            :
KONZA LLC               :
c/o Richard Boydston, Member  :
312 Walnut St, Ste 2450      :
Cincinnati, Ohio 45202        :
                            :
and                         :
                            :
RICHARD BOYDSTON    :
c/o Dentons Bingham Greenbaum LLP  :
312 Walnut St, Ste 2450      :
Cincinnati, Ohio 45202        :
                            :
and                         :
                            :
HAMILTON COUNTY LAND    :
REUTILIZATION CORPORATION  :
3 East Fourth St, Ste 300     :
Cincinnati, Ohio 45202        :
                            :
and                         :
                            :
CITY OF CINCINNATI     :
801 Plum St                :
Cincinnati, Ohio 45202        :
                            :
and                         :

1

JAN MICHELE LEMON KEARNEY :
c/o City of Cincinnati :
810 Plum St :
Cincinnati, Ohio 45202 :
 :
and :
VICTORIA PARKS :
c/o City of Cincinnati :
810 Plum St :
Cincinnati, Ohio 45202 :
 :
and :
SOCIETY of ST. VINCENT DePAUL :
DISTRICT COUNCIL of CINCINNATI :
1425 Bank St :
Cincinnati, Ohio 45214 :
 :
and :
DION CROCKETT :
6310 Hidden Valley Dr :
Liberty Township, Ohio 45011 :
 :
     Defendants :

JURISDICTION and VENUE

1. Plaintiffs assert claims against Defendant Konza LLC, Defendant City of Cincinnati, Defendant Jan Michele Lemon Kearney, Defendant Victoria Parks, and Defendant Hamilton County Land Reutilization Corporation who, under color of statute, ordinance, regulation, custom, or usage of the State of Ohio, have subjected Plaintiffs, being citizens of the United States, to deprivation of rights, privileges or immunities, secured by the Contracts Clause of United State Constitution, in violation of 42 U.S.C. §1983.

2. In addition, Plaintiffs advance claims non-federal claims against Defendant Konza LLC, Defendant Richard Boydston, Defendant City of Cincinnati, Defendant Jan Michele Lemon Kearney, Defendant Victoria Parks, and Defendant Hamilton County Land Reutilization Corporation, Defendant Society of St. Vincent De Paul, and Defendant Dion Crockett, which

2

claims are linked to the claims based on federal law, and which are so related to the claims within the action, and within the original jurisdiction of the Court, that they form a part of the same case or controversy, whereby the Court may exercise Supplemental Jurisdiction over the state-law claims, pursuant to 28 U.S.C. §1367.

3.        As provided in 28 U.S.C. §1391(a)(2), Venue is proper in this district. All defendants reside in this district; and all acts or omissions giving rise to Plaintiffs' claims occurred within this district. STATEMENT OF FACTS.

4.        Plaintiff Tri-State Organization Inc., hereafter referred to as Plaintiff Tri-State, is a Connecticut corporation, duly licensed as foreign corporation in State of Ohio, and doing business in Hamilton County, State of Ohio.

5.        Plaintiff Joseph Lentine, hereafter referred to as Plaintiff Lentine, is a natural person, domiciled in Hamilton County, State of Ohio.

6.        Defendant Konza LLC, hereafter referred to as Defendant Konza, is an Ohio limited liability company, doing business in Hamilton County, State of Ohio.

7.        Defendant Richard Boydston, hereafter referred to as Defendant Boydston, is a natural person, and member of Defendant Konza LLC.

8.        Defendant Hamilton County Land Reutilization Corporation, hereafter referred to as Defendant HCLRC, is an Ohio corporation, organized under Ohio Revised Code §1724, to act on behalf of, and cooperate with Hamilton County in the exercise of powers and performance of the duty of the county with respect to land reutilization under Ohio Revised Code §5721.

9.        Defendant City of Cincinnati is a political subdivision, situate in Hamilton County, State of Ohio, organized and existing under Ohio law.

3

10. Defendant Jan Michele Lemon Kearney, hereafter referred to as Defendant Kearney, is a natural person, employee and member of council of the City of Cincinnati.

11. Defendant Victoria Parks, hereafter referred to as Defendant Parks, is a natural person, employee and member of council of the City of Cincinnati.

12. Defendant Society of St. Vincent De Paul, District Council of Cincinnati, hereafter referred to as Defendant St. Vincent De Paul, is an Ohio corporation not-for-profit, having its principal place of business in Hamilton County, State of Ohio.

13. Defendant Dion Crockett, hereafter referred to as Defendant Crockett, is a natural person, and employee of Society of St. Vincent De Paul, District Council of Cincinnati.

14. Defendant City of Cincinnati commenced action in Hamilton County Common Pleas Court, Case No. A 19 05588, *City of Cincinnati, Plaintiff vs. John Klosterman et al Defendants,* hereafter referred to as *the Klosterman Litigation*, to foreclose judgment liens in favor of City of Cincinnati, for collection of fines and fees for abatement of public nuisance properties titled to Klosterman and related entities.

15. Defendant City of Cincinnati sought enforcement of judgment liens against Fifty-Nine (59) properties situate in Cincinnati, Hamilton County, held in the names John Klosterman, Sedamsville Heritage Properties LLC, Boldface Properties LLC, Virginia Williamsburg LLC, Sedamsville Historical Society, Worldwide Mobile Latrine Inc., hereafter referred to as *the Receivership Properties*.

16. On February 14, 2020, upon application of City of Cincinnati, Plaintiff in *the Klosterman Litigation*, Defendant Konza was appointed as Receiver, by Hamilton County Court of Common Pleas, pursuant to ORC §2735.01. A copy of the February 14, 2020 Order of Appointment of Receiver is attached as Exhibit 1.

4

17.     Defendant Konza, in capacity as Receiver, took possession, custody and control of *the Receivership Properties*, with authority to manage, maintain, preserve, lease and rent the *Receivership Properties*, to employ such attorneys, managers, agents, and persons as its judgment deemed advisable or necessary for performance of the duties of the Receiver; and to retain contractors and other persons and entities to make repairs and maintain the *Receivership Properties*.

18.     Pursuant to exercise of the authority conferred in the February 14, 2020 Order of Appointment, Defendant Konza, by Defendant Boydston, its Manager, contracted with Plaintiff Tri-State to provide services to the Receiver for management of *the Receivership Properties*, including without limitation, to collect rents, to respond and remedy tenant complaints, to maintain, repair, restore and put units in shape to be rented, on time and materials basis.

19.     At the express direction of Defendant Konza / Receiver, Plaintiff Tri-State began providing services for management of the *Receivership Properties* on or about February 14, 2020.

20.     Plaintiff Tri-State continuously provided services at the express direction and for the benefit of Defendant Konza, until January 20, 2023.

21.     During the period February 2020 through January 2023, Plaintiff Tri-State submitted to Defendant Konza and Defendant Boydston, monthly reports of the operation and administration of the *Receivership Properties*, including summaries of rent collections, costs and expenses incurred for maintenance, repair and restoration of rental units, on a time and material basis.

22.     Defendant Konza, in turn, incorporated Plaintiff Tri-State reports into Reports of Receiver, which were submitted to the Common Pleas Court, in *The Klosterman Litigation*.

23.     For the period February 14, 2020 through January 2023, Defendant Konza administered the *Receivership Properties* at cumulative deficit, as rents collected by Plaintiff Tri-State were not

5

sufficient to cover costs and expenses incurred by it for maintenance, repair and restoration of *Receivership Properties*.

24.     On January 1, 2023, the cumulative operating deficit of the *Receivership Properties* was $148,181, representing costs and expenses incurred by Plaintiff Tri-State for operation of the *Receivership Properties*, on a time and material basis, plus additional sum of $21,135 as commission on rentals.

25.     Pursuant to exercise of the authority conferred in the February 14, 2020 Order of Appointment, Defendant Konza, by Defendant Boydston, its Manager, contracted with Plaintiff Lentine to provide services to the Receiver as construction manager, in connection with maintenance, repair and restoration of *the Receivership Properties*.

26.     At the express direction of Defendant Konza / Receiver, Plaintiff Lentine, began providing services for benefit of the *Receivership Properties* on or about February 14, 2020.

27.     Plaintiff Lentine continuously provided services at the direction of, and for the benefit of Defendant Konza, until January 20, 2023.

28.     On September 26, 2022, Defendant Konza, Receiver, submitted Motion to Approve Sale of the  *Receivership Properties* to City of Cincinnati, Plaintiff in *the Klosterman Litigation*. Motion to Approve Sale was granted on October 19, 2022.

29.     On or about October 19, 2022, Defendant HCLRC was substituted as Party-Plaintiff in *the Klosterman Litigation.*  A copy of the Order of Substitution is attached as Exhibit 2.

30.     On December 5, 2022, Defendant Konza, Receiver, submitted Motion For Approval of Fees and Expenses of Tri-State Organization Inc. and Order Directing Payment.  A copy of the Receiver's Application is attached as Exhibit 3.

31.     Defendant Konza thereafter refused to pursue December 5, 2022 Motion For Approval of Fees and Expenses Due to Plaintiff Tri-State.  To the date of this complaint, no decision was entered on the Motion by Hamilton County Common Pleas Court.

32.     On or about January 11, 2023, Defendant City of Cincinnati, Defendant Kearney, Defendant Parks, Defendant HCLRC, Defendant St. Vincent De Paul, Defendant Crockett, in concert, contacted Defendant Konza, with intent and purpose to interfere and undermine Plaintiffs' contracts with Receiver, for operation and administration of the *Receivership Properties,* to induce Defendant Konza to terminate the Plaintiffs' contracts.

33.     As direct result of Defendants' intentional and wrongful interference with Plaintiffs' contracts with Receiver, on or about January 20, 2023, Defendant Konza terminated contracts with Plaintiff Tri-State and Plaintiff Lentine, and thereafter denied payment of sums due to Plaintiffs, for services, costs and expenses incurred in management of *the Receivership Properties*.

34.     On March 2, 2023, Plaintiff Lentine filed Motion and Demand For Payment, on behalf of Plaintiff Lentine and Plaintiff Tri-State, demanding payment of sums due and owing from Defendant Konza, as Receiver, for services, costs and expenses incurred in management of *the Receivership Properties*. A copy of the Motion is attached as Exhibit 4.

35.     On March 16, 2023, Hamilton County Common Pleas Magistrate issued Order Denying Plaintiffs Motion and Demand For Payment without conducting hearing. A copy of the Order is attached as Exhibit 5.

36.     On March 2, 2023, Plaintiff Lentine filed Motion For Leave To Bring Collateral Action Against Receiver (Defendant Konza), on behalf of Plaintiff Lentine and Plaintiff Tri State.  A copy of the March 2, 2023 Motion is attached as Exhibit 6.

37.    On March 16, 2023, Hamilton County Common Pleas Magistrate issued Order Denying Plaintiffs Motion For Leave to Bring Collateral Action Against Receiver without conducting hearing.  A copy of the Order is attached as Exhibit 7.

38.    On March 14, 2023, Plaintiff Lentine filed Motion to Intervene in the *Klosterman Litigation*, on behalf of Plaintiff Lentine and Plaintiff Tri-State. A copy of the Motion is attached as Exhibit 8.

39.    On March 23, 2023 Plaintiff Lentine filed second Motion to Intervene in the *Klosterman Litigation*, on behalf of Plaintiff Lentine and Plaintiff Tri-State.  A copy of Motion is attached as Exhibit 9.

40.    On May 1, 2023, Plaintiffs filed Application For Payment of Costs and Expenses of Tri-State Organizations Inc. and Lentine.  A copy of the Application is attached as Exhibit 10. No decision was entered by Hamilton County Court of Common Pleas.

41.    On May 1, 2023, Receiver Konza proceeded to closing final settlement of sale of the *Receivership Properties* to Substitute Plaintiff Hamilton County Land Reutilization Corp, for the sum of $1,474,017.

42.    Defendant Konza, Receiver and Defendant Boydston, as attorney for Receiver, received distribution of $499,717 from the proceeds of sale of the *Receivership Properties*.  No provision was made for payment of any part of balance due to Plaintiff Tri-State or Plaintiff Lentine, for services provided at the direction of the Receiver, in connection with administration and operation of the *Receivership Properties* for the period February 2020 through January 2023.

43.    On June 20, 2023,  Plaintiff Tri-State and Plaintiff Lentine filed Amended Motion To Intervene in the *Klosterman Litigation*.  A copy of the Amended Motion to  Intervene is attached as Exhibit 11.

8

44. On July 27, 2023, Hamilton County Common Pleas Magistrate issued Order Denying Motion to Intervene. A copy of the July 27, 2023 Order is attached as Exhibit 12.

45. On September 8, 2023, Receiver / Defendant Konza filed Motion For Approval of Fees and Order Terminating Receivership. A copy of the September 8, 2023 Motion is attached as Exhibit 13. The September 8, 2023 motion is silent as to distribution of any sums due and owing to Plaintiff Tri-State or Plaintiff Lentine.

46. On September 22, 2023, Plaintiff Lentine and Plaintiff Tri-State filed Motion For Leave of Court to Assert Claims Against Receiver in the *Klosterman Litigation*. A copy of the September 27, 2023 Motion is attached as Exhibit 14. No decision has been entered on the Motion.

FIRST CLAIM:         42 U.S.C. §1983.

DEPRIVATION OF FEDERAL CIVIL RIGHTS OF PLAINTIFF TRI-STATE ORGANIZATION.
(Defendant Konza LLC)

47. Plaintiff Tri-State incorporates the preceding allegations of the Complaint by reference, as if fully rewritten.

48. Pursuant to ORC §2735 and Order of Appointment of Receiver, Defendant Konza is acting under color of statute, ordinance, regulation, custom, or usage of the State of Ohio.

49. Beginning February 2020 and continuing until January 20, 2023, in furtherance of the contract, Plaintiff Tri-State performed the described services in connection with management of the *Receivership Properties*, providing labor, materials, at the express direction of Defendant Konza LLC, for the benefit of the receivership estate.

50. Defendant Konza terminated the contract with Plaintiff Tri-State on or about January 20, 2023.

9

51.     Defendant Konza has refused to make payment to Plaintiff Tri-State for services, labor and materials provided at the direction of, and for the benefit of the Defendant Konza, and work completed in furtherance of the contract, as required by ORC §2735.04.

52.     Defendant Konza has affirmatively and actively opposed Plaintiffs efforts to intervene in the *Klosterman Litigation*, and Plaintiffs efforts seeking leave to pursue claims by independent action.

53.     Defendant Konza exceeded the authority of the appointing court and O.R.C. §2735.01 et seq, for its failure to faithfully discharge its duties, and for intentional and malicious actions in administration of the receivership estate, including without limitation, refusal to compensate Plaintiff Tri-State for services provided to the Receiver for management of *the Receivership Properties*.

54.     Defendant Konza intentional conduct as Receiver, under color of law, evidences reckless indifference to the constitutional rights of Plaintiff Tri-State.

55.     Defendant Konza conduct has deprived Plaintiff Tri-State of rights, privileges secured by the Constitution or laws of the United States.

56.     As consequence of the actions of Defendant Konza, Plaintiff Tri-State is without state-law remedy, in theory or practice, to seek legal redress against Defendant Konza for deprivation of its rights under the Constitution.

57.     Defendant Konza repudiation of its obligations to Plaintiff Tri-State, has effect of extinguishing Defendant's duty to pay damages.

58.     As direct and proximate consequence of Defendant Konza conduct, Plaintiff Tri-State has sustained damages in excess of $174,000.

10

WHEREFORE, on this First Claim, Plaintiff Tri-State Organization Inc. respectfully prays for judgment against Defendant Konza, for award of compensatory damages in the amount of $174,000, plus such award of damages as established at trial, to compensate Plaintiff for its loss of profit and loss of business opportunities, for award of punitive damages of $500,000, for Defendant's willful and intentional actions, for award of prejudgment interest, for the costs of the action, for its reasonable attorney fees, and for such other relief as the Court may deem appropriate.

SECOND CLAIM:    42 U.S.C. §1983.

DEPRIVATION OF FEDERAL CIVIL RIGHTS OF PLAINTIFF JOSEPH LENTINE.
(Defendant Konza LLC)

59.    Plaintiff Joseph Lentine incorporates the preceding allegations of the Complaint by reference, as if fully rewritten.

60.    Pursuant to ORC §2735 and Order of Appointment of Receiver, Defendant Konza is acting under color of statute, ordinance, regulation, custom, or usage of the State of Ohio.

61.    Plaintiff Lentine and Defendant Konza, by and through its Member, Defendant Boydston entered into a contract agreement, whereby Plaintiff Lentine provided services to the Receiver as construction manager of *the Receivership Properties,* for which services Plaintiff reasonably expected compensation.

62.    Beginning February, 2020 and continuing until January 20, 2023, in furtherance of the contract, Plaintiff Lentine performed the described services in connection with management of the *Receivership Properties*, providing labor, materials, services at the express direction of Defendant Konza, for the benefit of the receivership estate.

63.    Defendant Konza terminated the contract with Plaintiff Lentine on or about January 20, 2023.

11

64.     Defendant Konza has refused to make payment to Plaintiff Lentine for services, labor and materials provided at the direction of, and for the benefit of the Defendant Konza, and work completed in furtherance of the contract, as required by ORC §2735.04.

65.     Defendant Konza has affirmatively and actively opposed Plaintiff Lentine's repeated efforts to intervene in the *Klosterman Litigation*, and repeated efforts requesting leave to pursue claims by independent action.

66.     Defendant Konza exceeded the authority of the appointing court and O.R.C. §2735.01 et seq, for its failure to faithfully discharge its duties, and for intentional and malicious actions in administration of the receivership estate, including without limitation, refusal to compensate Plaintiff Lentine for services provided to the Receiver for construction management of *the Receivership Properties*.

67.     Defendant Konza intentional conduct as Receiver, under color of law, evidences reckless indifference to the constitutional rights of Plaintiff Lentine.

68.     Defendant Konza conduct has deprived Plaintiff Lentine of rights, privileges secured by the Constitution or laws of the United States.

69.     As consequence of the actions of Defendant Konza, Plaintiff Lentine is without state-law remedy, in theory or practice, to seek legal redress against Defendant Konza for deprivation of its rights under the Constitution.

70.     Defendant Konza repudiation of its obligations to Plaintiff Lentine has effect of extinguishing Defendant's duty to pay damages.

71.     As direct and proximate consequence of Defendant Konza conduct, Plaintiff Lentine has sustained damages of $210,000.

WHEREFORE, on this Second Claim, Plaintiff Lentine respectfully prays for judgment against Defendant Konza, for award of compensatory damages in the amount of $210,000, plus such award of damages as established at trial, to compensate Plaintiff for its loss of profit and loss of business opportunities, for award of punitive damages of $750,000, for Defendant's willful and intentional actions, for award of prejudgment interest, for the costs of the action, for its reasonable attorney fees, and for such other relief as the Court may deem appropriate.

THIRD CLAIM:        42 U.S.C. §1983.

DEPRIVATION OF FEDERAL CIVIL RIGHTS OF PLAINTIFF TRI-STATE ORGANIZATION.
(Defendant HCLRC, Defendant City of Cincinnati and Defendant Kearney, Defendant Parks)

72.     Plaintiff Tri State incorporates the preceding allegations of the Complaint by reference, as if fully rewritten.

73.     Defendant HCLRC is an Ohio corporation, organized under Ohio Revised Code §1724, to act on behalf of  and cooperate with Hamilton County acting under color of statute, ordinance, regulation,  custom, or usage of the State of Ohio.

74.     Defendant City of Cincinnati is a political subdivision, situate in Hamilton County, State of Ohio, organized and existing under Ohio law.

75.     Defendant Kearney is a natural person, employee and member of council of the City of Cincinnati.

76.     Defendant Parks is a natural person, employee and member of council of the City of Cincinnati.

77.     On or about January 11, 2023, Defendant HCLRC, Defendant Kearney, Defendant Parks, Defendant City of Cincinnati, had actual knowledge of the existence of contract between

Defendant Konza and Plaintiff Tri-State, including Defendant Konza obligations under the Receiver's contract.

78.    Defendant HCLRC, Defendant Kearney, Defendant Parks, Defendant City of Cincinnati, were not parties to the contract between Plaintiff Tri-State and Defendant Konza / Receiver.

79.    Defendant HCLRC, Defendant City of Cincinnati, Defendant Kearney, Defendant Parks, in their official capacities, in concert with other defendants, contacted Defendant Boydston, and intentionally and maliciously interfered with performance of the contract, with the express intent to induce Defendant Konza to terminate the contract, and to obstruct and prevent payment of balance due to Plaintiff Tri-State from Defendant Konza / Receiver.

80.    As direct consequence of the actions of Defendant HCLRC, Defendant City of Cincinnati Defendant Kearney, and Defendant Park, Defendant Konza terminated the contract with Plaintiff Tri-State on or about January 20, 2023.

81.    Defendant HCLRC, Defendant Kearney, Defendant Parks, Defendant City of Cincinnati, intentionally and maliciously procured breach of the contract by Defendant Konza for refusal to make payment of balance due to Plaintiff Tri-State from Receivership.

82.    Defendant Konza has refused to make payment of balance due to Plaintiff Tri-State for services, costs and expenses incurred in connection with administration and operation of *the Receivership Properties* for the period ending January 2023.

83.    The intentional conduct of Defendant HCLRC, Defendant City of Cincinnati and Defendant Kearney, and Defendant Parks, acting under color of law, evidences reckless indifference to the constitutional rights of Plaintiff Tri-State.

84.    The intentional conduct of Defendant HCLRC, Defendant City of Cincinnati and Defendant Kearney, and Defendant Parks has deprived Plaintiff Tri-State of rights, privileges secured by the Constitution or laws of the United States.

85.    As consequence of the actions of Defendant HLCRC, Defendant City of Cincinnati and Defendant Kearney, and Defendant Parks, Plaintiff Tri-State is without state-law remedy, in theory or practice, to seek legal redress for deprivation of its rights under the Constitution.

86.    The actions of Defendant HCLRC, Defendant City of Cincinnati, Defendant Kearney, and Defendant Parks, resulting in Defendant Konza repudiation of its obligations to Plaintiff Tri-State, have effect of extinguishing Defendant Konza's duty to pay damages.

87.    As a direct and proximate consequence of Defendant HCLRC, Defendant City of Cincinnati, Defendant Kearney, and Defendant Parks willful and intentional interference with contract, under color of law, Plaintiff Tri-State has sustained damages, including without limitation, loss of income, loss of profit, loss of business opportunity in amount as established at trial of the action, but anticipated to be in excess of $174,000.

    WHEREFORE, on this Third Claim, Plaintiff Tri-State Organization Inc. respectfully prays for judgment against Defendant HCLRC, Defendant City of Cincinnati, Defendant Kearney, and Defendant Parks, for award compensatory damages in the amount of $174,000, plus such award of damages as established at trial, to compensate Plaintiff for its loss of profit and loss of business opportunities, for award of punitive damages in the amount of $1,000,000, for Defendants' willful and intentional actions, for award of prejudgment interest, for the costs of the action, for its reasonable attorney fees, and for such other relief as the Court may deem appropriate.

FOURTH CLAIM:    42 U.S.C. §1983.

DEPRIVATION OF FEDERAL CIVIL RIGHTS OF PLAINTIFF JOSEPH LENTINE.
(Defendant HCLRC, Defendant City of Cincinnati, Defendant Kearney and Defendant Park)

88.    Plaintiff Joseph Lentine incorporates the preceding allegations of the Complaint by reference, as if fully rewritten.

89.    Defendant HCLRC is an Ohio corporation, organized under Ohio Revised Code §1724, to act on behalf of and cooperate with Hamilton County, acting under color of statute, ordinance, regulation, custom, or usage of the State of Ohio.

90.    Defendant City of Cincinnati is a political subdivision, situate in Hamilton County, State of Ohio, organized and existing under Ohio law.

91.    Defendant Kearney is natural person, employee and member of council of the City of Cincinnati.

92.    Defendant Parks is a natural person, employee and member of council of the City of Cincinnati.

93.    On or about January 11, 2023, Defendant HCLRC, Defendant City of Cincinnati, Defendant Kearney, and Defendant Parks had actual knowledge of the existence of contract between Defendant Konza and Plaintiff Lentine, including Defendant Konza obligations under the Receiver's contract.

94.    Defendant HCLRC, Defendant City of Cincinnati, Defendant Kearney, and Defendant Parks were not parties to the contracts between Plaintiff Lentine and Defendant Konza / Receiver.

95.    Defendant HCLRC, Defendant City of Cincinnati, Defendant Kearney and Defendant Parks, in concert with other defendants, contacted Defendant Boydston, and intentionally and maliciously interfered with performance of the contract, with the express intent to induce

16

Defendant Konza to terminate the contract, and to obstruct and prevent payment of balance due to Plaintiff Lentine from Defendant Konza / Receiver.

96.     As direct consequence of the conduct of Defendant HCLRC, Defendant City of Cincinnati Defendant Kearney, and Defendant Parks, Defendant Konza terminated the contract with Plaintiff Lentine on or about January 20, 2023.

97.     Defendant HCLRC, Defendant City of Cincinnati, Defendant Kearney, and Defendant Parks intentionally and maliciously procured breach of the contract by Defendant Konza refusal to make payment of balance due to Plaintiff Lentine from Receivership.

98.     Defendant Konza has refused to make payment to Plaintiff Lentine of balance due for services, costs and expenses incurred in connection with Receiver's administration and operation of *the Receivership Properties* for the period ending January 2023.

99.     The intentional conduct of Defendant HCLRC, Defendant City of Cincinnati, Defendant Kearney and Defendant Parks, under color of law, evidences reckless indifference to the constitutional rights of Plaintiff Lentine.

100.    The intentional conduct of Defendant HCLRC, Defendant City of Cincinnati, Defendant Kearney, and Defendant Parks has deprived Plaintiff Lentine of rights, privileges secured by the Constitution or laws of the United States.

101.    As consequence of the actions of Defendant HLCRC, Defendant City of Cincinnati, Defendant Kearney, and Defendant Parks, Plaintiff Lentine is without state-law remedy, in theory or practice, to seek legal redress for deprivation of its rights under the Constitution.

102.    The actions of Defendant HCLRC City of Cincinnati, Defendant Kearney, and Defendant Parks, resulting in Defendant Konza repudiation of its obligations to Plaintiff Lentine have effect of extinguishing Defendant Konza's duty to pay damages.

103.    As a direct and proximate consequence of Defendant HCLRC, City of Cincinnati, Defendant Kearney, and Defendant Parks, intentional and malicious interference with contract, Plaintiff Lentine has sustained damages, including without limitation loss of income, loss of profit, loss of business opportunity in amount as established at trial of the action, but anticipated to be in excess of $210,000.

WHEREFORE, on this Fourth Claim, Plaintiff Joseph Lentine respectfully prays for judgment against Defendant HCLRC, Defendant City of Cincinnati, Defendant Kearney, and Defendant Parks, for award of compensatory damages in the amount of $210,000, plus such award of damages as established at trial, to compensate Plaintiff for its loss of profit and loss of business opportunities, for award of punitive damages in the amount of $ 1,000,000 for Defendants' willful and intentional actions, for award of prejudgment interest, for the costs of the action, for its reasonable attorney fees, and for such other relief as the Court may deem appropriate.

FIFTH CLAIM:        BREACH OF CONTRACT OF PLAINTIFF TRI-STATE ORG. INC.
                            (As to Defendant Konza)

104.    Plaintiff Tri-State incorporates the preceding allegations of the Complaint by reference, as if fully rewritten.

105.    Defendant Konza terminated the contract with Plaintiff Tri-State on or about January 20, 2023.

106.    Defendant Konza has refused to make payment to Plaintiff Tri-State for services, labor and materials provided at the direction of, and for the benefit of the Defendant Konza and work completed in furtherance of the contract.

107.    Defendant Konza exceeded the authority of the appointing court and O.R.C. §2735.01 et seq, for its failure to faithfully discharge its duties, and for intentional and malicious actions in

administration of the receivership estate, including without limitation, refusal to compensate Plaintiff Tri-State for services provided to the Receiver for management of *the Receivership Properties.*

108. There is due and owing to Plaintiff Tri-State, from Defendant Konza the sum of $174,000 for services, labor and materials provided pursuant to the contract.

WHEREFORE, on the Fifth Claim, Plaintiff Tri-State Organization Inc. respectfully prays for judgment against Defendant Konza, for award of compensatory damages in the amount of $174,000, plus such award of damages as established at trial, to compensate Plaintiff for its loss of profit and loss of business opportunities, for award of prejudgment interest, for the costs of the action, for its reasonable attorney fees, and for such other relief as the Court may deem appropriate.

SIXTH CLAIM:      UNJUST ENRICHMENT PLAINTIFF TRI-STATE ORG. INC.
(As to Defendant Konza)

109. Plaintiff Tri-State incorporates the preceding allegations of the Complaint by reference, as if fully rewritten.

110. Beginning February 2020 and continuing until January 20, 2023, Plaintiff Tri-State performed the described services in connection with management of the *Receivership Properties*, providing labor, materials, at the express direction of Defendant Konza, for the benefit of the receivership estate.

111. Defendant Konza has knowingly received and accepted the benefit of Plaintiff Tri-State services labor and materials, provided in furtherance of the management of *the Receivership Properties* and receivership estate, and has unreasonably and unjustifiably refused to pay to Plaintiff Tri-State the reasonable value of labor and materials provided.

19

112.    Defendant Konza has been unjustly enriched, at the expense of Plaintiff Tri-State, by retention of benefits conferred, in furtherance of administration and management of the *Receivership Properties* and receivership estate.

113.    There is due and owing to Plaintiff Tri-State, from Defendant Konza, the sum of $174,000 for services, labor and materials provided at the express direction of, and for the benefit of Defendant Konza in furtherance of administration and management of the *Receivership Properties* and receivership estate.

WHEREFORE, on the Sixth Claim, Plaintiff Tri-State Organization Inc. respectfully prays for judgment against Defendant Konza, for award of compensatory damages in the amount of $174,000, plus such award of damages as established at trial, to compensate Plaintiff for its loss of profit and loss of business opportunities, for award of prejudgment interest, for the costs of the action, for its reasonable attorney fees, and for such other relief as the Court may deem appropriate.

SEVENTH CLAIM:   TORTIOUS INTERFERENCE WITH CONTRACT
OF PLAINTIFF TRI-STATE ORGANIZATION INC.
(As to ALL Defendants.)

114.    Plaintiff Tri-State incorporates the preceding allegations of the Complaint by reference, as if fully rewritten.

115.    On or about January 11, 2023, Defendant City of Cincinnati, Defendant Kearney, Defendant Parks, Defendant HCLRC, Defendant Boydston, Defendant St. Vincent De Paul and Defendant Crockett had actual knowledge of the existence of contract between Defendant Konza and Plaintiffs Tri-State, including Defendant Konza obligations under the contract.

116. Defendant City of Cincinnati, Defendant Kearney, Defendant Parks, Defendant HCLRC, Defendant Boydston, Defendant St. Vincent De Paul, and Defendant Crockett were not parties to the contracts between Plaintiffs Tri-State and Lentine, and Defendant Konza.

117. Defendant City of Cincinnati, Defendant Kearney, Defendant Parks, Defendant HCLRC, and Defendant Boydston, Defendant St. Vincent de Paul, and Defendant Crockett intentionally and maliciously interfered with performance of the contract, with the express intent to cause termination of the contract, and to obstruct and prevent payment of balance due to Plaintiff Tri-State from receivership.

118. Defendant Konza terminated the contract with Plaintiff Tri-State on or about January 20, 2023.

119. Defendant City of Cincinnati, Defendant Kearney, Defendant Parks, Defendant HCLRC, Defendant Boydston, Defendant St. Vincent De Paul, and Defendant Crockett intentionally and maliciously procured breach of contract by Defendant Konza refusal to make payment of balance due to Plaintiff Tri-State from receivership.

120. Defendant Konza has refused to make payment of balance due for services, costs and expenses incurred by Plaintiff Tri-State, in connection with administration and operation of *the Receivership Properties* for the period ending January 2023.

121. As a direct and proximate consequence of Defendant City of Cincinnati, Defendant Kearney, Defendant Parks, Defendant HCLRC, Defendant Boydston, Defendant St. Vincent De Paul and Defendant Crockett interference with contract, Plaintiff Tri-State has sustained damages in excess of $174,000, including without limitation loss of income, loss of profit, loss of business opportunity in amount as established at trial of the action.

WHEREFORE, on the Seventh Claim, Plaintiff Tri-State Organization Inc. respectfully prays for judgment against all Defendants, for award of compensatory damages in the amount of $174,000, plus such award of damages as established at trial, to compensate Plaintiff for its loss of profit and loss of business opportunities, for award of punitive damages in the amount of $1,000,000, for Defendants' willful and intentional actions, for award prejudgment interest, for the costs of the action, for its reasonable attorney fees, and for such other relief as the Court may deem appropriate.

EIGHTH CLAIM:     BREACH OF CONTRACT OF PLAINTIFF JOSEPH LENTINE.
(As to Defendant Konza)

122. Plaintiff Lentine incorporates the preceding allegations of the Complaint by reference, as if fully rewritten.

123. Defendant Konza terminated the contract with Plaintiff Lentine on or about January 20, 2023.

124. Defendant Konza has refused to make payment to Plaintiff Lentine for services provided at the direction of, and for the benefit of Defendant Konza and work completed in furtherance of the contract.

125. Defendant Konza exceeded the authority of the appointing court and O.R.C. §2735.01 et seq, for its failure to faithfully discharge its duties, and for intentional and malicious actions in administration of the Receivership estate, including without limitation, refusal to compensate Plaintiff Lentine for services provided to the Receiver for construction management of *the Receivership Properties*.

126. There is due and owing to Plaintiff Lentine, from Defendant Konza the sum of $210,000 for construction management services, provided pursuant to the contract.

WHEREFORE, on the Eighth Claim, Plaintiff Joseph Lentine respectfully prays for judgment against Defendant Konza, for award of compensatory damages in the amount of $210,000 for loss of income, plus such award of damages as established at trial, to compensate Plaintiff for its loss of profit and loss of business opportunities, for award of prejudgment interest, for the costs of the action, for its reasonable attorney fees, and for such other relief as the Court may deem appropriate.

NINTH CLAIM:        UNJUST ENRICHMENT PLAINTIFF JOSEPH LENTINE.
(As to Defendant Konza)

127. Plaintiff Lentine incorporates the preceding allegations of the Complaint by reference, as if fully rewritten.

128. Beginning February 2020 and continuing until January 20, 2023, Plaintiff Lentine performed the described construction management services in connection with the *Receivership Properties*, at the express direction of Defendant Konza, for the benefit of the receivership estate.

129. Defendant Konza has knowingly received and accepted the benefit of Plaintiff Lentine construction management services, provided in furtherance of the administration and operation of *the Receivership Properties* and receivership estate, and has unreasonably and unjustifiably refused to pay to Plaintiff Lentine the reasonable value of services provided.

130. Defendant Konza has been unjustly enriched, at the expense of Plaintiff Lentine, by retention of benefits conferred, in furtherance of administration and operation of *the Receivership Properties* and receivership estate.

23

131.    There is due and owing to Plaintiff Lentine, from Defendant Konza, the sum of $210,000 for services, labor and materials provided at the express direction of Defendant Konza in furtherance of administration and operation of the *Receivership Properties* and receivership estate.

WHEREFORE, on the Ninth Claim, Plaintiff Joseph Lentine respectfully prays for judgment against Defendant Konza, for award of compensatory damages, in the amount of $210,000, plus such award of damages as established at trial, to compensate Plaintiff Lentine for its loss of profit and loss of business opportunities, for award of prejudgment interest, for the costs of the action, for its reasonable attorney fees, and for such other relief as the Court may deem appropriate.

TENTH CLAIM:    TORTIOUS INTERFERENCE WITH CONTRACT OF PLAINTIFF JOSEPH LENTINE.
(As to ALL Defendants)

132.    Plaintiff Lentine incorporates the preceding allegations of the Complaint by reference, as if fully rewritten.

133.    Defendant City of Cincinnati, Defendant Kearney, Defendant Parks, Defendant HCLRC, Defendant Boydston, Defendant St. Vincent de Paul, and Defendant Crockett had actual knowledge of the existence of contract between Defendant Konza and Plaintiff Lentine, including Defendant Konza obligations under the contract.

134.    Defendant City of Cincinnati, Defendant Kearney, Defendant Parks, Defendant HCLRC and Defendant Boydston, Defendant St. Vincent de Paul, Defendant Crockett were not parties to the contract between Plaintiff Lentine and Defendant Konza.

135. Defendant City of Cincinnati, Defendant Kearney, Defendant Parks, Defendant HCLRC and Defendant Boydston, Defendant St. Vincent de Paul, Defendant Crockett intentionally and maliciously interfered with performance of the contract, with the express intent to cause termination of the contract, and to obstruct and prevent payment of balance due to Plaintiff Lentine.

136. Defendant Konza terminated the contract with Plaintiff Lentine on or about January 20, 2023.

137. Defendant City of Cincinnati, Defendant Kearney, Defendant Parks, Defendant HCLRC and Defendant Boydston, Defendant St. Vincent de Paul and Defendant Crockett intentionally and maliciously procured breach of the contract by Defendant Konza refusal to make payment of balance due to Plaintiff Lentine.

138. Defendant Konza has refused payment of balance due for services, costs and expenses incurred by Plaintiff Lentine, in connection with administration and operation of *the Receivership Properties* for the period ending January 2023.

139. As a direct and proximate consequence of Defendant City of Cincinnati, Defendant Kearney, Defendant Parks, Defendant HCLRC, Defendant Boydston, Defendant St. Vincent de Paul and Defendant Crockett interference with contract, Plaintiff Lentine has sustained damages in excess of $210,000, plus such amounts for loss of income, loss of profit, loss of business opportunity, in amount determined at trial.

WHEREFORE, on the Tenth Claim, Plaintiff Joseph Lentine respectfully prays for judgement against all Defendants, for award of compensatory damages in the amount of $210,000, plus such award of damages as established at trial, to compensate Plaintiff for its loss of profit and loss of business opportunities, for award of punitive damages in the amount of $1,000,000 for

Defendants' willful, malicious and intentional actions, for award of prejudgment interest, for the costs of the action, for its reasonable attorney fees, and for such other relief as the Court may deem appropriate.

JURY DEMAND.

Plaintiffs demand trial by jury on all issues so triable.

Respectfully submitted,

/s/  James L. Nieberding, Esq.  (Reg. 0038638)
Nieberding & Nieberding Co LPA
810 Sycamore St Ste 423
Cincinnati, Ohio 45202
Tel:    513-241-2226
Fax:    513-338-1828
E-mail:  jlnieberding1117@gmail.com
Attorney for Plaintiff Tri-State Organization Inc.
and Plaintiff Joseph Lentine

26